**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------- x

NATHANIEL AGUDELO on behalf of    :    Civil Action No.
himself and others similarly situated    :
   :
         *Plaintiff, and Lead*    :    **CLASS AND COLLECTIVE ACTION**
         *Plaintiff for the Proposed*    :    **COMPLAINT**
         *Class,*    :
   v.    :
   :    **Jury Trial Demanded**
RECOVCO MORTGAGE    :
MANAGEMENT LLC, SPROUT    :
MORTGAGE LLC, and MICHAEL    :
STRAUSS,    :
         *Defendants*    x

---------------------------------------------------

"Plaintiffs" Nathaniel Agudelo and Helen Owens, individually and on behalf of themselves

and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.       This is a class action by Plaintiffs and other similarly situated employees of the

Defendants, Recovco Mortgage Management LLC ("Recovco"), Sprout Mortgage LLC ("Sprout")

(together, "Corporate Defendants"), and Michael Strauss (collectively, "Defendants") for recovery

of damages by reason of all Defendants' violation of the Fair Labor Standards Act 29 U.S.C.A. §

201 *et seq.* ("FLSA") and Article 6 of the New York Labor Law, N.Y. Lab. Law § 190 *et seq.*

("NYLL"), and  Corporate Defendants' violation of the Plaintiffs' rights under the federal Worker

Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"); the

New York Worker Adjustment and Retraining Notification Act (the "NY WARN Act"), N.Y.

Labor Law § 860 *et seq.* (together, the "WARN Acts").

2.      This action is brought to recover unpaid minimum wages and withheld regular wages owed to Plaintiffs and other similarly situated employees of Defendants, in addition to damages for Corporate Defendants' failure to provide required advance notice of mass layoffs under the WARN Acts, as well as injunctive and declaratory relief against Defendants' unlawful actions, and attorney fees' and costs.

3.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provision of the FLSA, 20 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Corporate Defendants that have deprived Plaintiffs and others similarly situated of their lawful wages.

4.      Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, for violations of the WARN Act, 29 U.S.C. § 2101 *et seq.*; the NY WARN Act, N.Y. Labor Law § 860 *et seq.*; and New York Labor Law ("NYLL") § 190 *et seq*.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this action arises in part under 29 U.S.C. § 201 et seq.

6.      This Court also has subject matter jurisdiction pursuant to 29 U.S.C. § 2104(a)(5).

7.      The Court's supplemental jurisdiction over Plaintiffs' state law claims is invoked pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts.

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.§ 1391(b), as all actions comprising the claims for relief occurred within this judicial district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10.     Plaintiff Nathaniel Agudelo is an adult individual who, at all times relevant to this Complaint, has been a resident of South Floral Park, New York.

11.     Plaintiff Helen Owens is an adult individual residing in New Jersey who worked remotely, reporting to Defendants' New York Office located in East Meadow, New York.

12.     At all times relevant to this Complaint, Plaintiffs were employees of Defendants within the meaning of the FLSA, 29 USC § 203(e), NYLL § 190(2).

13.     Written consent forms for Plaintiffs to bring this action as a collective action under the FLSA have been filed at the same time as this Complaint.

14.     Defendant Recovco Mortgage Management LLC ("Recovco") is a foreign Limited Liability Company incorporated in Delaware and registered in the State of New York, with offices located at 90 Merrick Avenue, East Meadow, NY 11554.

15.     Defendant Sprout Mortgage LLC ("Sprout") is a foreign Limited Liability Company incorporated in Delaware and not registered in the State of New York, with offices located at 90 Merrick Avenue, East Meadow, NY 11554

16.     Upon information and belief, at all relevant times, Corporate Defendants operated as a single integrated enterprise and held themselves out as Recovco and Sprout interchangably.

17.     For example, upon information and belief, employees of Corporate Defendants received paychecks and offer letters purporting to be from Sprout, but employees' ADP benefits accounts are affiliated with Recovco.

18.     Further, a filing with the Rhode Island Secretary of State indicates that Recovco Mortgage LLC used the fictitious name of "Sprout Mortgage" in that state from September 2018 to April 2020.

19.     Further, while no entity named "Sprout Mortgage LLC" is registered with the New York Secretary of State, "Recovco Mortgage LLC" is registered in New York as a foreign LLC incorporated in Delaware with the same address as Sprout Mortgage.

20.     Corporate Defendants employed, jointly or as a single integrated enterprise, over 100 employees through their office in East Meadow, NY (the "NY Office").

21.     According to its website, "Recovco is an industry leader in both quality and operational excellence and has proven results of serving clients with due diligence, valuations, quality control, underwriting, and auditing services for banks, mortgage companies, and other market participants.  Recovco ensures that the loans of today and the past are pristine and free of possible unforeseen risks and in compliance with all laws and regulations." *See* https://www.recovcomortgage.com/about. Recovco's website also indicates it has over 160 full time employees. *Id.*

22.     At all relevant times, Corporate Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

23.     Individual Defendant Michael Strauss is an adult individual who at all relevant times was and is the CEO of Sprout. Upon information and belief, Strauss directed various other individuals not to pay the outstanding wages owed to the terminated employees.

24.     Upon information and belief, Strauss resides in New York and has a residence in the Hamptons.

25.     Upon information and belief, Strauss directed the closure of Defendants' business and the non-payment of all employees' paychecks from New York.

26.     Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at, reported to, or were assigned work from Defendants' East Meadow, NY office (the "NY Office") and who were terminated as part of or as a reasonably foreseeable result of the plant closing ordered and carried out by the Defendants on or about July 6, 2022.

27.     On or about July 6, 2022, Defendants ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the NY Office as part of plant closings as defined by the WARN Act and NY WARN Act for which the terminated employees were entitled to receive 60 days' notice under the WARN Act and 90 days' notice under the NY WARN Act.

28.     Upon information and belief, at or about the time that the Plaintiffs were discharged on or about July 6, 2022, Defendants discharged over 100 other employees at the NY Office (the "Similarly Situated Employees") without cause on the part of the employees.

29.     Upon information and belief, Defendant Strauss instructed other individuals not to issue the paychecks that were due to be sent out to all Similarly Situated Employees on July 7, 2022.

30.     Consequently, the Plaintiffs, along with the Similarly Situated Employees, did not receive their paychecks on July 7, 2022, which would have paid them for their work for Corporate Defendants from June 16, 2022, through June 30, 2022.

31.     Plaintiffs and the Similarly Situated Employees also have not received payment for their work from July 1, 2022, through their termination on July 6, 2022. A paycheck covering work

for this time period will be due on July 22, 2022, under the Corporate Defendants' normal payroll schedule.

**COLLECTIVE ACTION ALLEGATIONS**

32.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who were employed by Corporate Defendants at any point from June 16, 2022, through July 6, 2022, and who did not receive minimum wages for all hours worked (the "Collective Class Members").

33.     Corporate Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs, and as such, notice should be sent to all others similarly situated. There are numerous similarly situated former employees of Corporate Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

34.     Plaintiffs have spoken to at least seven other employees who reported to and were terminated from the NY Office, and who have confirmed they have not been paid.

35.     Multiple news articles have also reported that Corporate Defendants withheld the paychecks that were supposed to be sent out to all employees on July 7, 2022. *See* https://nationalmortgageprofessional.com/news/sprout-mortgage-shuts-down; https://www.housingwire.com/articles/sprout-mortgage-to-shutter/.

36.     The vast majority of the FLSA Collective Class members are unknown, and information regarding the precise number of Collective Class members is in the sole control of Defendants.  Upon information and belief, there are at least 100 FLSA Collective Class members, and could be significantly more.

6

**CLASS ACTION ALLEGATIONS – WARN ACT, 29 U.S.C. § 2104(a)(5); NY WARN ACT, NYLL § 860 *et seq.*; NY MINIMUM WAGE, NYLL § 190 *et seq.***

37.      Plaintiffs sue on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(3) ("Rule 23 Class"). As noted above, the persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants, upon information and belief there are at least 100 Class Members, and there could be significantly more.

38.      There are questions of law and fact common to the Rule 23 Class Members that predominate over any questions affecting only individual members, including:

    a.   Whether Defendants employed and/or jointly employed Plaintiffs and putative Rule 23 Class Members under New York law;

    b.   Whether Defendants paid Rule 23 Class Members lawful wages under the NYLL;

    c.   Whether Corporate Defendants discharged Class Members without cause on their part or as the reasonably foreseeable consequence of the plant closing ordered by Defendants at the NY Office on or about July 6, 2022, and whether the Class Members are therefore "affected employees" within the meaning of 29 U.S.C. § 2101 (a)(5) and N.Y.L.L. § 860-a(1); and

    d.   Whether all Class members enjoyed the protection of the WARN Acts.

39.      The Plaintiffs' claims are typical of the claims of the Class.

40.      The Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

41.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where an

individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Corporate Defendants.

42.     Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

43.     Concentrating all the potential litigation concerning the rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the claims of all the Class members under the WARN Acts, FLSA, and NYLL.

44.     On information and belief, the identity of the Class members is contained in the books and records of Defendants.

45.     On information and belief, a recent residential address of each of the Class members is contained in the books and records of Defendants.

46.     On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

## CLASSWIDE FACTUAL ALLEGATIONS

47.     Plaintiffs bring claims under the WARN Acts, FLSA, and NYLL on behalf of themselves and all similarly situated persons ("Class Members") formerly employed by Defendants.

48.     The Plaintiffs and each person they seek to represent herein were discharged without cause on their part or as the reasonably foreseeable consequence of the plant closing ordered by Defendants at the NY Office on or about July 6, 2022, and are "affected employees" within the meaning of 29 U.S.C. § 2101 (a)(5) and N.Y.L.L. § 860-a(1).

49.     The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Acts, the NYLL, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about July 6, 2022.

50.     On or about July 6, 2022, Defendants terminated the Plaintiffs' employment as part of a Plant Closing as defined by 29 U.S.C. § 2101(a)(2), (3) and N.Y.L.L. § 860-a(6), for which they were entitled to receive sixty (60) days' advance written notice under the WARN Act and ninety (90) days' advance written notice under the NY WARN Act.

51.     Defendants failed to give Plaintiffs the statutorily required advance written notice of the Plant Closing in violation of the WARN Acts.

52.     Upon information and belief, the need for notice to Plaintiffs under the NY WARN Act was foreseeable on April 7, 2022, 90 days before Plaintiffs' employment was terminated, due to industry conditions known to Defendants' executives.

53.     Upon information and belief, the need for notice to Plaintiffs was foreseeable under the WARN Act on May 7, 2022, 60 days before Plaintiffs' employment was terminated, due to industry conditions known to Defendants' executives.

54.     Upon information and belief, at or about the time the Plaintiffs were discharged on or about July 6, 2022, Defendants discharged approximately 100 Similarly Situated Employees who worked at, reported to, or were assigned work from the NY Office, without cause on their part.

55.     Pursuant to Fed. R. Civ. P. 23 and the WARN Act, 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of themselves and each of the other Similarly Situated Employees.

56.     Each of the other Similarly Situated Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Acts and the NYLL.

57.     The Plaintiffs and other Similarly Situated Employees were discharged by Defendants without cause on their part.

58.     The Plaintiffs and other Similarly Situated Employees are "affected employees" within the meaning of 29 U.S.C. § 2101 (a)(5) and N.Y.L.L. § 860-a(1).

59.     The Defendants failed to pay the Plaintiffs and other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to provide employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

60.     At all relevant times, Defendants had the right to control, and did in fact control, the hours, hourly pay, assignments and schedules of the named Plaintiffs and all Similarly Situated Employees.

61.     As described above, Defendants failed to pay the named Plaintiff and Class Members minimum wages, as required by law, when they failed to pay Plaintiffs any wages for work performed during the period of June 16, 2022 through June 30, 2022.

## INDIVIDUAL FACTUAL ALLEGATIONS

62.     Plaintiff Nathaniel Agudelo worked for Defendants as a Closing Disclosure Specialist from approximately November 1, 2020, until he was terminated without cause on July 6, 2022.

63.     Plaintiff Helen Owens worked for Defendants as a Closing Disclosure Specialist from approximately December 1, 2020, until she was terminated without cause on July 6, 2022.

64.     On the afternoon of July 6, 2022, all employees of Corporate Defendants received an invitation to a videoconference.

65.     Upon information and belief, over 300 employees, at least one-third of which were employed through the NY Office, joined the videoconference. *See* https://nationalmortgageprofessional.com/news/sprout-mortgage-faucet-just-got-turned.

66.     When the employees joined the videoconference, they were told by Shea Pallante who, upon information and belief, is President of Sprout Mortgage, that the company would be shut down, everyone's employment was terminated immediately, and they should not return to work tomorrow.

67.     Pallante indicated that employees' health benefits would continue through the end of the month, but upon information and belief refused to confirm whether employees would receive their paychecks the next day.

68.     Employees did not receive their paychecks as scheduled on July 7, 2022, and have not received them to date.

69.     The paychecks due to be distributed on July 7, 2022, would have covered the pay period of June 16, 2022, through June 30, 2022.

70.     Many employees also worked during the period from July 1, 2022, through July 6, 2022, and are owed all of their wages for their work during that time period.

### FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE
### As against All Defendants

71.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

72.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

73.     Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C § 216(b).

74.     At all times relevant to this action, Plaintiffs and Class Members were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d).

75.     At all times relevant to this action, Plaintiff sand Class Members were engaged in commerce and the Corporate Defendants were enterprises engaged in commerce within the meaning of 29 U.S.C. § § 206(A) and 207(a).

76.     Defendants violated the rights of Plaintiff and Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C § 206(a)(1).

77.     Defendants' failure to pay Plaintiff and Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

78.     Defendants are liable to Plaintiff and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: NYLL MINIMUM WAGE
### As Against all Defendants

79.     Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

80.     Defendants violated the rights of Plaintiffs and Class Members by failing to pay them the minimum wage for each hour worked in violation of the NYLL.

81.     At all times relevant to this action, Plaintiffs and Class Members were employed by Defendants within the meaning of the NYLL.

82.     As a result of Defendants' violation of the NYLL, Plaintiff and Class Members are entitled to the minimum rate of pay that they were legally due under the NYLL's minimum wage provisions as well as liquidated damages, interest, attorney's fees.

## THIRD CAUSE OF ACTION: UNLAWFUL WITHHOLDING OF WAGES UNDER NYLL § 193
### As Against all Defendants

83.     Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

84.     Defendants violated the rights of Plaintiffs and Class Members by unlawfully withholding their regular wages in violation of the NYLL.

85.     At all times relevant to this action, Plaintiffs and Class Members were employed by Defendants within the meaning of the NYLL.

86.     As a result of Defendants' violation of the NYLL, Plaintiff and Class Members are entitled to recover their withheld wages as well as liquidated damages, interest, attorney's fees.

## FOURTH CAUSE OF ACTION: WARN ACT
### As against Corporate Defendants

87.     Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

88.     At all relevant times, Corporate Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

89.     At all relevant times, each Corporate Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a) and continued to operate as a business until it ordered a plant closing and terminations at the NY Office.

90.     The Corporate Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

91.     On or about July 6, 2022, the Corporate Defendants as a single employer ordered a Plant Closing of the NY Office.

92.     The Plant Closing resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty (50) of Defendants' employees at the NY Office as well as at least 33% of Defendants' workforce at the NY Office, excluding "part-time employees," as that term is defined by the WARN Act, 29 U.S.C. § 2101(a)(8).

93.     The Plaintiffs and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the Plant Closing ordered by Defendants at the NY Office.

94.     The Plaintiffs and each of the other members of the Class are "affected employees" of Defendants within the meaning of 29 U.S.C. § 2101(a)(5).

95.     The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days' advance written notice of their termination.

96.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

97.     Each Plaintiff, and each of the other members of the Class, are an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

98.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to provide employee benefits under ERISA, for 60 days from and after the dates of their respective terminations.

**FIFTH CAUSE OF ACTION: NY WARN ACT**
**As against Corporate Defendants**

99.     Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

100.    At all relevant times, Corporate Defendants employed more than 50 full-time employees.

101.    At all relevant times, each Corporate Defendant was an "employer" as that term is defined in NYLL § 860-a(3) and continued to operate as a business until it ordered a plant closing and terminations at the NY Office.

102.    On or about July 6, 2022, the Corporate Defendants as a single employer ordered a "Plant Closing" of the NY Office as defined under NYLL § 860-a(6).

103.    The Plant Closing resulted in "employment losses," as that term is defined by NYLL § 860-a(2) for at least twenty five (25) of Defendants' employees at the NY Office as well as at least 33% of Defendants' workforce at the NY Office, excluding "part-time employees," as that term is defined by the NY WARN Act, NYLL § 860-a(5).

104.    The Plaintiffs and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the Plant Closing ordered by Defendants at the NY Office.

105.    The Defendants were required by the NY WARN Act to give the Plaintiffs and each of the other members of the Class at least 90 days' advance written notice of their termination.

106.    The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the NY WARN Act.

107.    Each Plaintiff, and each of the other members of the Class, are an "affected employee" of the Defendants as that term is defined in NYLL § 860-a(1)

15

108.    The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to provide employee benefits under ERISA, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a.   That, at the earliest possible time, Plaintiff through their counsel be permitted to give notice of this collective action, or that the Court issue such notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of the Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b.   Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c.   Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

d.   Designation of the named Plaintiffs Nathaniel Agudelo and Helen Owens as class representatives and designation of the undersigned counsel of record as class counsel;

e.   Unpaid wages, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.* and the NYLL § 190*;*

f.   An additional and equal amount in unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.;*

16

g.  Statutory damages pursuant to NYLL §§ 193, 198;

h.  Statutory damages pursuant to 29 U.S.C. § 2101 *et seq.* and N.Y. Labor Law § 860(g).

i.  Issuance of a declaratory judgement that the practices complained of herein are unlawful

   under the FLSA, NYLL, WARN Act and NY WARN Act, and a permanent injunction

   against Defendants' continued engagement in such practices.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all question of fact raised by

the Complaint.

Dated: New York, New York
      July 8, 2022

                                        **MENKEN SIMPSON & ROZGER LLP**

                                        By:  */s/Brenna Rabinowitz*
                                              Brenna Rabinowitz
                                              Jason Rozger
                                              80 Pine St., 33rd Fl.
                                              New York, NY 1005
                                              (212) 509-1616
                                              brabinowitz@nyemployeelaw.com
                                              jrozger@nyemployeelaw.com


                                        *Attorneys for Plaintiffs and the Rule 23 Proposed Class
                                        and FLSA Proposed Collective*