UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

NATHANIEL AGUDELO, HELEN OWENS, HOLLY KEITH, and AMANDA COOPER, on behalf of themselves and other similarly situated,

       *Plaintiffs, and Lead Plaintiffs for the Proposed Class*,

       -v-

RECOVCO MORTGAGE MANAGEMENT LLC, SPROUT MORTGAGE LLC, MICHAEL STRAUSS, CHRISTOPHER WRIGHT, and ELLIOT SALZMAN,

       *Defendants*.

-------------------------------------------------------------X

Civil No.:  22-cv-4004

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants RECOVCO MORTGAGE MANAGEMENT LLC, SPROUT MORTGAGE LLC, and MICHAEL STRAUSS (collectively "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiffs' Second Amended Complaint, as follows:

## AS TO "NATURE OF THE ACTION"

1.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 1, but deny all allegations contained in paragraph 1 of Plaintiffs' Second Amended Complaint.

2.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 2, but deny all allegations contained in paragraph 2 of Plaintiffs' Second Amended Complaint.

3.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 3, but deny all allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint.

1

4. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 4, but deny all allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Defendants admit that they did not oppose the filing of Plaintiffs' Second Amended Complaint, but deny all other allegations contained in paragraph 5 of Plaintiffs' Second Amended Complaint.

## AS TO "JURISDICTION AND VENUE"

6. Paragraph 6 calls for a legal conclusion. To the extent an answer is required, Defendants admit that the Court has federal question jurisdiction.

7. Paragraph 7 calls for a legal conclusion. To the extent an answer is required, Defendants admit that the Court has federal question jurisdiction.

8. Paragraph 8 calls for a legal conclusion. To the extent an answer is required, Defendants admit that the Court has federal question jurisdiction.

9. Paragraph 9 calls for a legal conclusion. To the extent an answer is required, Defendants deny that the Court can or should exercise supplemental jurisdiction over the state law claims in this action.

10. Paragraph 10 calls for a legal conclusion. To the extent an answer is required, Defendants admit that venue is proper in this District.

11. Paragraph 11 calls for a legal conclusion. To the extent an answer is required, Defendants deny that the Court is empowered to issue declaratory relief in this case.

## AS TO "PARTIES"

12. Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to Plaintiff Agudelo's citizenship and address.

13.     Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to Plaintiff Owens' citizenship and address.

15.     Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to Plaintiff Keith's citizenship and address.

17.     Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to Plaintiff Cooper's citizenship and address.

19.     Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Second Amended Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to paragraph 21 of Plaintiffs' Second Amended Complaint.

22.     Paragraph 22 calls for a legal conclusion. To the extent an answer is required, Defendants deny the allegations except to admit Recovco was incorporated in the State

of Delaware, was authorized to conduct work in the State of New York, and that Recovco maintained an office in Nassau County.

23. Paragraph 22 calls for a legal conclusion. To the extent an answer is required, Defendants deny the allegations except to admit Sprout was incorporated in the State of Delaware, was authorized to conduct work in the State of New York, and that Sprout maintained an office in Nassau County.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Second Amended Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint, except admit that Defendant Strauss is a New York resident.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Second Amended Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Second Amended Complaint.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Second Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

52. Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 52, but deny the allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint.

53.     Paragraph 53 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint.

54.     Defendants lack knowledge or information sufficient to form a belief as to paragraph 54 of Plaintiffs' Second Amended Complaint

55.     Defendants lack knowledge or information sufficient to form a belief as to paragraph 55 of Plaintiffs' Second Amended Complaint

56.     Defendants lack knowledge or information sufficient to form a belief as to paragraph 56 of Plaintiffs' Second Amended Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Second Amended Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

58.     Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 58, but deny the allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint.

59.     Paragraph 59 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Second Amended Complaint.

60.     Paragraph 60 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint.

61.     Paragraph 61 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint.

62.     Paragraph 62 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint.

63.     Paragraph 63 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint.

64.     Paragraph 64 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Second Amended Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Second Amended Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Second Amended Complaint.

## AS TO "CLASSWIDE FACTUAL ALLEGATIONS"

68.     Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 68, but deny the allegations contained in paragraph 68 of Plaintiffs' Second Amended Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Second Amended Complaint.

70.     Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 70, but deny the allegations contained in paragraph 70 of Plaintiffs' Second Amended Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Second Amended Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Second Amended Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Second Amended Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Second Amended Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Second Amended Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Second Amended Complaint.

78.     Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 78, but deny the allegations contained in paragraph 78 of Plaintiffs' Second Amended Complaint.

79.     Paragraph 79 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Second Amended Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint.

81.    Paragraph 81 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Second Amended Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Second Amended Complaint.

83.    Paragraph 83 calls for a legal conclusion.  To the extent an answer is required, Defendants deny the allegations contained in paragraph 83 in Plaintiffs' Second Amended Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of Plaintiffs' Second Amended Complaint.

85.    Defendants deny the allegations contained in paragraph 85 of Plaintiffs' Second Amended Complaint.

86.    Defendants deny the allegations contained in paragraph 86 of Plaintiffs' Second Amended Complaint.

## AS TO "INDIVIDUAL FACTUAL ALLEGATIONS"

87.    Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Second Amended Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of Plaintiffs' Second Amended Complaint.

89.    Defendants deny the allegations contained in paragraph 89 of Plaintiffs' Second Amended Complaint.

90.    Defendants deny the allegations contained in paragraph 90 of Plaintiffs' Second Amended Complaint.

91. Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Second Amended Complaint.

92. Defendants deny the allegations contained in paragraph 92 of Plaintiffs' Second Amended Complaint.

93. Defendants deny the allegations contained in paragraph 93 of Plaintiffs' Second Amended Complaint.

94. Defendants deny the allegations contained in paragraph 94 of Plaintiffs' Second Amended Complaint.

95. Defendants deny the allegations contained in paragraph 95 of Plaintiffs' Second Amended Complaint, except admit that Sprout employees did not receive paychecks on July 7, 2022 and have not received them to date.

96. Defendants admit the allegations contained in paragraph 96 of Plaintiffs' Second Amended Complaint.

97. Defendants deny the allegations contained in paragraph 97 of Plaintiffs' Second Amended Complaint, except admit that Sprout employees who worked during the period July 1 to July 6, 2022 did not receive wages for work during that period.

98. Defendants lack knowledge or information sufficient to form a belief as to paragraph 98 of Plaintiffs' Second Amended Complaint.

99. Defendants lack knowledge or information sufficient to form a belief as to paragraph 99 of Plaintiffs' Second Amended Complaint.

100. Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Second Amended Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of Plaintiffs' Second Amended Complaint.

102.    Defendants lack knowledge or information sufficient to form a belief as to paragraph 102 of Plaintiffs' Second Amended Complaint.

103.    Defendants lack knowledge or information sufficient to form a belief as to paragraph 103 of Plaintiffs' Second Amended Complaint.

104.    Defendants lack knowledge or information sufficient to form a belief as to paragraph 104 of Plaintiffs' Second Amended Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of Plaintiffs' Second Amended Complaint.

### AS TO "FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE"

106.    Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 105 of Plaintiffs' Second Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

107.    Paragraph 107 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 107 of Plaintiffs' Second Amended Complaint.

108.    Defendants lack knowledge or information sufficient to form a belief as to paragraph 108 of Plaintiffs' Second Amended Complaint.

109.    Paragraph 109 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 109 of Plaintiffs' Second Amended Complaint.

110. Paragraph 110 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 110 of Plaintiffs' Second Amended Complaint.

111. Paragraph 111 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Second Amended Complaint.

112. Paragraph 112 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 112 of Plaintiffs' Second Amended Complaint.

113. Paragraph 113 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 113 of Plaintiffs' Second Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION: NYLL MINIMUM WAGE"

114. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 113 of Plaintiffs' Second Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

115. Paragraph 115 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 115 of Plaintiffs' Second Amended Complaint.

116. Paragraph 116 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 116 of Plaintiffs' Second Amended Complaint.

117.     Paragraph 117 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 117 of Plaintiffs' Second Amended Complaint.

## AS TO "THIRD CAUSE OF ACTION: UNLAWFUL WITHHOLDING OF WAGES UNDER NYLL § 193"

118.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 118 of Plaintiffs' Second Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

119.     Paragraph 119 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 119 of Plaintiffs' Second Amended Complaint.

120.     Paragraph 120 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 120 of Plaintiffs' Second Amended Complaint.

121.     Paragraph 121 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 121 of Plaintiffs' Second Amended Complaint.

## AS TO "FOURTH CAUSE OF ACTION: WARN ACT"

122.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 121 of Plaintiffs' Second Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

123.     Defendants deny the allegations contained in paragraph 123 of Plaintiffs' Second Amended Complaint.

124.     Paragraph 124 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 124 of Plaintiffs' Second Amended Complaint.

125.     Paragraph 125 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 125 of Plaintiffs' Second Amended Complaint.

126.     Paragraph 126 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 126 of Plaintiffs' Second Amended Complaint.

127.     Paragraph 127 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 127 of Plaintiffs' Second Amended Complaint.

128.     Paragraph 128 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 128 of Plaintiffs' Second Amended Complaint.

129.     Paragraph 129 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 129 of Plaintiffs' Second Amended Complaint.

130.     Paragraph 130 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 130 of Plaintiffs' Second Amended Complaint.

131. Paragraph 131 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 131 of Plaintiffs' Second Amended Complaint.

132. Paragraph 132 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 132 of Plaintiffs' Second Amended Complaint.

133. Paragraph 133 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 133 of Plaintiffs' Second Amended Complaint.

## AS TO "FIFTH CAUSE OF ACTION: NY WARN ACT"

134. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 133 of Plaintiffs' Second Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

135. Defendants deny the allegations contained in paragraph 135 of Plaintiffs' Second Amended Complaint.

136. Paragraph 136 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 136 of Plaintiffs' Second Amended Complaint.

137. Paragraph 137 calls for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in paragraph 137 of Plaintiffs' Second Amended Complaint.

138.     Paragraph 138 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 138 of Plaintiffs' Second Amended Complaint.

139.     Paragraph 139 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 139 of Plaintiffs' Second Amended Complaint.

140.     Paragraph 140 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 140 of Plaintiffs' Second Amended Complaint.

141.     Paragraph 141 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 141 of Plaintiffs' Second Amended Complaint.

142.     Paragraph 142 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 142 of Plaintiffs' Second Amended Complaint.

143.     Paragraph 143 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 143 of Plaintiffs' Second Amended Complaint.

## AS TO "SIXTH CAUSE OF ACTION: VIOLATION OF ERISA FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3)"

144.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 143 of Plaintiffs' Second

Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

145.    Paragraph 145 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 145 of Plaintiffs' Second Amended Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of Plaintiffs' Second Amended Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of Plaintiffs' Second Amended Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of Plaintiffs' Second Amended Complaint.

149.    Paragraph 149 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 149 of Plaintiffs' Second Amended Complaint.

150.    Paragraph 150 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 150 of Plaintiffs' Second Amended Complaint.

## AS TO "SEVENTH CAUSE OF ACTION: VIOLATION OF ERISA FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(c)(1)"

151.    Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 150 of Plaintiffs' Second Amended Complaint, as though set forth fully herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

152.     Paragraph 152 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 152 of Plaintiffs' Second Amended Complaint.

153.     Paragraph 153 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 153 of Plaintiffs' Second Amended Complaint.

154.     Paragraph 154 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 154 of Plaintiffs' Second Amended Complaint.

155.     Paragraph 155 calls for a legal conclusion.  To the extent a response is required, Defendants deny the allegations contained in paragraph 155 of Plaintiffs' Second Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny the allegations contained in Plaintiffs' "WHEREFORE" clause, including specifically sub-paragraphs (a) through (k) thereof.

## AS TO "DEMAND FOR TRIAL BY JURY"

Defendants admit that Plaintiffs purport to demand a trial by jury, but deny that Plaintiffs are entitled to a jury trial as to all elements and relief possibly available as to all claims.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses to Plaintiffs' claims:[1]

## AS AND FOR A FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons they purport to represent.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

## AS AND FOR A THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly situated within the meaning of the Fair Labor Standards Act ("FLSA") to the other individuals they purport to represent.

## AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, and/or other equitable defenses.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action.

## AS AND FOR A SIXTH DEFENSE

To the extent that any act or omission giving rise to this action was done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation

---

[1] These defenses also may apply to the claims of some or all of the allegedly similarly situated persons referred to in Plaintiffs' Second Amended Complaint.

of the FLSA or the New York Labor Law ("NYLL"), Plaintiffs' claims are barred, in whole or in part, by, *inter alia*, Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260; NYLL § 198.

## AS AND FOR A SEVENTH DEFENSE

This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A NINTH DEFENSE

To the extent Plaintiffs seek equitable relief, they are not entitled to any insofar as they have an adequate remedy at law.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' damages are speculative and uncertain, or both, and therefore non-compensable. The Second Amended Complaint fails to allege any dates or periods of alleged overtime work and fails to allege any amount of wages allegedly owed.

## AS AND FOR AN ELEVENTH DEFENSE

Defendants are not subject to liability for any alleged failure to pay certain amounts of compensation alleged to be owed under the FLSA and NYLL, and Plaintiffs' claims are barred in whole or in part by, *inter alia*, the Portal-to-Portal Act, because any such act or omission was made in good faith in conformity with and in reliance on U.S. Department of Labor and/or New York Department of Labor written administrative regulations, orders, rulings, approvals,

interpretations, and written and unwritten administrative practices or enforcement policies. *See Darr v. Mutual Life Ins. Co.*, 169 F.2d 262 (2d Cir. 1948); 29 U.S.C. § 259.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims should be barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and NYLL.

## AS AND FOR A THIRTEENTH DEFENSE

To the extent that any members of the putative collective and/or class have signed a release and/or waiver encompassing claims alleged in the Second Amended Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver, or agreement.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a class action under Rule 23 because there is a lack of:

a) numerosity;

b) commonality or community of interest;

c) typicality;

d) an ascertainable class;

e) adequate representation;

f) appropriateness of relief to the putative class as a whole;

g) predominance of common questions over questions affecting individual class members;

h) substantial benefit to the litigants and the court; and

i) superiority of a class action over other available methods for fair and efficient adjudication.

## AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## AS AND FOR A SIXTEENTH DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported alleged hours of work and there is no evidence that Defendants required the false reporting of such hours; or there is no evidence that Defendants encouraged Plaintiffs to falsely report their hours of work; or that there is no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours or work, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

## AS AND FOR A SEVENTEENTH DEFENSE

The Second Amended Complaint's state law claims are preempted, in whole or in part, by section 514(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a), to the extent those claims "relate to" an ERISA benefit plan.

## AS AND FOR AN EIGHTEENTH DEFENSE

The Second Amended Complaint's ERISA claims are barred, in whole or in part, for failure to exhaust the administrative remedies prescribed by the subject ERISA plan or plans (collectively "Plans").

## AS AND FOR A NINETEENTH DEFENSE

The Second Amended Complaint's jury demand must be stricken because ERISA does not permit jury trials in this context.

## AS AND FOR A TWENTIETH DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

## AS AND FOR A TWENTY-SECOND DEFENSE

Some or all of Plaintiffs' claims are barred to the extent that Plaintiffs are seeking compensation for time which is non-compensable and/or non-working time.

## AS AND FOR A TWENTY-THIRD DEFENSE

Plaintiffs cannot state a claim for overtime pay under the FLSA or NYLL during any workweek in which Plaintiffs worked fewer than forty (40) compensable hours.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Any violations of the FLSA were not willful, ratified by Defendants, or in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

## AS AND FOR A TWENTY-FIFTH DEFENSE

To the extent the Second Amended Complaint seeks an award of ERISA benefits, the named Defendants are not proper parties.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Defendants at all times complied with all applicable notice provisions of ERISA and the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

## AS AND FOR A TWENTY-SEVENTH DEFENSE

The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations and statute of repose, including but not limited to 29 U.S.C. § 1113.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

To the extent one or more named Defendants was acting as a fiduciary as defined by 29 U.S.C. § 1102(21), Defendants acted at all times in good faith, with due care, and in observance of their fiduciary duties as defined by 29 U.S.C. § 1104.

## AS AND FOR A TWENTY-NINTH DEFENSE

The Second Amended Complaint is barred to the extent one or more named Defendants was not acting as a "fiduciary" as defined by 29 U.S.C. § 1102(21).

## AS AND FOR A THIRTIETH DEFENSE

Any loss, damage, or injury sustained by Plaintiffs was not directly or proximately caused by the alleged breach of fiduciary duty set forth in the Second Amended Complaint.

## AS AND FOR A THIRTY-FIRST DEFENSE

The Second Amended Complaint is barred, in whole or in part, to the extent that Plaintiffs have not been injured as a result of the conduct of any Defendant.

## AS AND FOR A THIRTY-SECOND DEFENSE

Defendants affirmatively plead accord and satisfaction.

## AS AND FOR A THIRTY-THIRD DEFENSE

The Second Amended Complaint's ERISA claims are barred to the extent Plaintiffs seek relief that cannot be obtained under 29 U.S.C. § 1132(a)(3).

## AS AND FOR A THIRTY-FOURTH DEFENSE

To the extent the Second Amended Complaint seeks consequential, exemplary, or punitive damages, such damages are not legally cognizable under ERISA.

## AS AND FOR A THIRTY-FIFTH DEFENSE

The recovery Plaintiffs seek cannot be traced to particular funds or property in Defendants' possession.

## AS AND FOR A THIRTY-SIXTH DEFENSE

The Second Amended Complaint's ERISA claims are barred because Plaintiffs and/or putative class members have been provided with all benefits to which they are entitled under the terms of the Plans.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

Defendants are entitled to recover attorney's fees and costs of suit pursuant to 29 U.S.C. § 1132(g).

## AS AND FOR A THIRTY-EIGHTH DEFENSE

Plaintiffs' causes of action under the federal and/or NY WARN Acts fail because Corporate Defendants do not fit within either Act's definition of "employer" either individually or jointly.

## AS AND FOR A THIRTY-NINTH DEFENSE

Plaintiffs' claims against Defendant Recovco fail because Recovco did not employ Plaintiffs either directly, jointly, or as part of a single integrated enterprise with Defendant Sprout.

## AS AND FOR A FORTIETH DEFENSE

Plaintiffs' causes of action under the federal and/or NY WARN Acts fail because there was not a single site of employment where a sufficient number of employment losses occurred so as to constitute a plant closing or a mass layoff under the federal or NY WARN Acts.

## AS AND FOR A FORTY-FIRST DEFENSE

Some or all of Plaintiffs are not entitled to relief under the federal and/or NY WARN Acts because they were not employed at a single site of employment where a sufficient number of employment losses occurred so as to constitute a plant closing or a mass layoff under the federal or NY WARN Acts and they do not fit within the exceptions listed in 20 C.F.R. § 639.3(i)(6) and 12 NYCRR § 921-1.1(p)(1)(vi). This defense also may apply to the federal and/or NY WARN Act claims of some or all of the other allegedly similarly-situated persons.

### AS AND FOR A FORTY-SECOND DEFENSE

Some or all of Plaintiffs are not entitled to relief under the federal and/or NY WARN Acts because they did not experience an "employment loss" as defined by either Act. This defense also may apply to the federal and/or NY WARN Act claims of some or all of the other allegedly similarly-situated persons.

### AS AND FOR A FORTY-THIRD DEFENSE

Plaintiffs' causes of action under the federal and/or NY WARN Acts fail because: (1) Defendant Sprout terminated Plaintiffs' employment as a result of business circumstances that were not reasonably foreseeable at the time that notice would otherwise be required to be provided under the federal and/or NY WARN Act; and (2) Defendant Sprout provided notice of Plaintiffs' layoffs as soon as it was reasonably practicable.

### AS AND FOR A FORTY-FOURTH DEFENSE

Plaintiffs' causes of action under the federal and/or NY WARN Acts fail because: (1) Defendant Sprout was actively seeking capital at the time that notice would otherwise be required to be provided under the federal and/or NY WARN Act which would have been sufficient to avoid or postpone any WARN-triggering event; (2) there was a realistic chance that Defendant Sprout would obtain this capital; (3) Defendant Sprout provided notice of Plaintiffs' layoffs as

soon as it was reasonably practicable; and (4) Defendant Sprout reasonably believed that providing notice of Plaintiffs' layoffs any sooner would preclude it from obtaining the capital.

<h3 align="center">AS AND FOR A FORTY-FIFTH DEFENSE</h3>

Plaintiffs' causes of action under the federal and/or NY WARN Acts fail because any technical defects in the notice that they received of their termination did not result in any harm or prejudice to them.

<h3 align="center">AS AND FOR A FORTY-SIXTH DEFENSE</h3>

Plaintiffs' claims against Michael Strauss, Christopher Wright and Elliot Salzman are barred to the extent that these individual Defendants were not Plaintiffs' employers and they are not liable to Plaintiffs for actions taken by Sprout Mortgage.

* * * * * * * * * *

In addition to the foregoing defenses, Defendants retain the right to amend this Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants requests that the Court:

a.      Dismiss with prejudice Plaintiffs' Second Amended Complaint;

b.      Deny each and every demand, claim, and prayer for relief contained in Plaintiffs' Second Amended Complaint;

c.      Award to Defendants reimbursement for their costs, including attorneys' fees; and grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
November 23, 2022

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By: _____*/s/*_____*Marc S. Wenger*_____
MARC S. WENGER, ESQ.
PIETRO A. DESERIO, ESQ.

## CERTIFICATE OF SERVICE

        I hereby certify that on this 23rd day of November, 2022, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Bruce E. Menken

Menken Simpson & Rozger LLP

80 Pine St., 33rd Floor

New York, NY 10005

bmenken@nyemployeelaw.com

*/s/ Pietro A. Deserio*
Pietro A. Deserio, Esq.

4863-8217-0687, v. 1