**JacksonLewis**

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
jacksonlewis.com

**VIA ECF**

NOVEMBER 23, 2022

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  *Agudelo v. Recovco Mortgage Management LLC et al., No. 22-04004*

Dear Judge Azrack:

      We represent all Defendants in the above-referenced matter.  Pursuant to Rule IV(B) of your Individual Rules, we are writing to request a pre-motion conference to discuss our anticipated motion to dismiss Plaintiff's Second Amended Complaint against two of the individually-named Defendants, Christopher Wright and Elliot Salzman.  First, Defendant Salzman should be dismissed pursuant to Fed R. Civ. P. Rule 12(b)(2) because the Court lacks personal jurisdiction over him. Plaintiffs bear the burden of establishing personal jurisdiction.  DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001); see also In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013).  Plaintiffs base personal jurisdiction on Defendant Salzman being a resident of the State of New York. (Compl. at ¶ 43) However, Defendant Salzman is a Florida resident (and pays taxes in Florida), and therefore his residency is not a basis for the Court to exert jurisdiction. Second, as discussed below, Plaintiff's Complaint also fails to allege facts sufficient to state a claim against individually-named Defendants Wright and Salzman.

      In their Second Amended Complaint, Plaintiffs allege various causes of action against Defendants under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), among other claims.  To be liable under the FLSA and the NYLL, each individually-named Defendant must be an "employer" within the meaning of those statutes.  See Gill v. Acacia Network, 2015 U.S. Dist. LEXIS 34009, at *15-17 (S.D.N.Y. Mar. 18, 2015).   In determining whether an individual qualifies as an "employer" under the FLSA and the NYLL, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case."  Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999).  The economic reality test generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determine the rate and method of payment, and (4) maintained employment records."  Id. (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)).

      In reviewing a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which "must be

supported by *factual* allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (emphasis added). Instead, Plaintiff must plead "enough *facts* to state a claim to relief that is plausible on its face." Walz v. 44 & X Inc., 2012 US. Dist. LEXIS 161382, at *8 (S.D.N.Y. Nov. 7, 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (dismissing putative class action allegations for failure to plead facts in support thereof) (emphasis added). Here, Plaintiffs have failed to plead sufficient, particularized facts which might support a claim that the individually-named Defendants Wright and Salzman were their employers. Throughout the entirety of Plaintiff's 155-paragraph Second Amended Complaint, Plaintiffs make only the following 7 conclusory and unsupported allegations involving individually-named Defendants Wright and Salzman:

- "Individual Defendant Christopher Wright is an adult individual who at all relevant times was Sprout's Chief Financial Officer ("CFO")." (Compl. at ¶ 39);
- "Upon information and belief, as CFO, Wright exercised authority and control over employees' rates of pay and conditions of employment because his approval was required for raises and promotions." (Compl. at ¶ 40);
- "Further, upon information and belief, Wright was responsible for hiring employees who worked under him in the company's financial department." (Compl. at ¶ 41)
- "Individual Defendant Elliot Salzman is an adult individual who at all relevant times was Sprout's Executive Vice President and Chief Credit Officer." (Compl. at ¶ 42)
- "Upon information and belief, Salzman resides in Long Beach, New York, and at all relevant times worked from Defendants' New York office." (Compl. at ¶ 43)
- "Salzman had the authority to hire and fire employees and to set their rate of pay and other conditions of employment." (Compl. at ¶ 44)
- For example, Plaintiff Amanda Cooper was promoted twice, with attendant pay raises, while working for Defendants. Each time she received an offer letter confirming her new position and pay, it was signed by Defendant Salzman." (Compl. at ¶ 45)

Courts frequently grant motions to dismiss FLSA and NYLL claims against individually-named defendants when Complaints are similarly devoid of factual allegations sufficient to support a finding of "employer" status. See Gill, 2015 U.S. Dist. LEXIS 34009, at *17 (dismissing complaint against the individually-named defendants who were members of the corporate employer's executive staff where plaintiffs "merely restate the legal test to qualify as an 'employer' under the statute, by noting that the executive staff was 'responsible for hiring and firing and in control of all conditions affecting our employment and compensation.'"); Bravo v. Established Burger One LLC, 2013 U.S. Dist. LEXIS 146237, at *17-18 (S.D.N.Y. Oct. 8, 2013) (dismissing FLSA and NYLL claims against four individual defendants where plaintiffs alleged that each individual defendant was a "principal" of a corporate defendant and that all of the individual defendants "exercised control over the terms and conditions of Plaintiffs' employment by exercising power to fire and hire, determining rate and method of pay, determining employee work schedules, maintaining employee records, and otherwise affecting the quality of employment" because "these conclusory allegations alone are insufficient to satisfy the 'economic reality test'"); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details -- essentially 'a formulaic recitation of the elements of a cause of action' -- are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA").

In their Second Amended Complaint, Plaintiffs have failed to assert specific *factual* allegations against Messrs. Wright and Salzman, and instead make boilerplate allegations which merely reiterate the applicable legal test for "employer" status under the FLSA and NYLL. These boilerplate allegations are made even more egregious by Plaintiffs' assertion that they support class and collective action claims against these two individuals. This inadequate pleading is a poor substitute for properly pled allegations concerning what facts Plaintiffs may claim support the legal conclusion that Christopher Wright and Elliot Salzman are "employers" within the meaning of the FLSA or the NYLL, a prerequisite for proceeding against them on such a theory under either statute. See Gill, 2015 U.S. Dist. LEXIS 34009, at *15-17.

Accordingly, all claims against the individual Defendants, Christopher Wright and Elliot Salzman, should be dismissed with prejudice.

Very truly yours,

JACKSON LEWIS P.C.

/s/ *Marc S. Wenger*

MARC S. WENGER

4887-6631-9680, v. 1