MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

December 2, 2022

**Via ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Agudelo v. Recovco Mortgage Management LLC et al.,* No. 22 Civ. 4004

Dear Judge Azrack:

We write on behalf of Plaintiffs in the above-captioned matter in opposition to Defendants' request for a pre-motion conference to discuss their proposed motion to dismiss claims asserted in Plaintiffs' Second Amended Complaint against two of the individually-named Defendants, Christopher Wright and Elliot Salzman.

*Personal Jurisdiction over Defendant Salzman*

First, Defendants assert that claims against Defendant Salzman should be dismissed for lack of personal jurisdiction pursuant to Fed R. Civ. P. Rule 12(b)(2) because he claims to be a resident of Florida. However, Plaintiffs have alleged more than just Defendant Salzman's residence as a basis for asserting personal jurisdiction over him: Plaintiffs allege that at all times relevant to their claims, Salzman was working from Defendants' New York Office. *See* Compl., ECF No. 92 at ¶ 43.

This Court has personal jurisdiction over any defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," here, New York. *See* Fed. R. Civ. P. 4 (k)(1)(A). Under New York law, a court has personal jurisdiction over a foreign party if that party "transacts any business within the state" or "commits a tortious act within the state." *See* N.Y. C.P.L.R. § 302(a). A defendant has "transacted business" within the meaning of CPLR 302(a) if two requirements are met: first, the defendant must have "purposefully availed"

itself of "the privilege of conducting activities within the forum state" by either transacting business in New York or contracting to supply goods or services in New York; and second, the claim must arise from that business transaction or from the contract to supply goods or services. *N. Shore Window & Door, Inc. v. Andersen Corp.*, No. 19-cv-6194 (ENV)(ST), 2021 WL 4205196, at *5 (E.D.N.Y. Aug. 3, 2021) (citing *D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 297, 78 N.E.3d 1172, 56 N.Y.S.3d 488 (2017)).[1] Working from Defendants' New York office while undertaking the actions complained of in this matter, as Plaintiffs have alleged Defendant Salzman did, is more than enough to warrant this Court's exercise of personal jurisdiction over Defendant Salzman. *See N. Food I/E, Inc. v. OCM Globe Inc.*, No. 21-CV-1813 (MKB), 2022 WL 2812204, at *5 (E.D.N.Y. Mar. 28, 2022)(collecting cases supporting the proposition that individual defendants' occasional visits to New York supported personal jurisdiction).

*Sufficiency of Allegations Against Defendants Wright and Salzman*

Defendants, relying on inapposite cases, also claim that Plaintiffs fail to plead sufficient facts to assert individual liability against Defendants Salzman and Wright. In each of the cases cited by Defendants, the plaintiffs relied on conclusory allegations that simply restated the legal test for determining employer status under the FLSA and NYLL. *See Gill v. ACACIA Network*, No. 13-cv-9088 (TPG), 2015 WL 1254774, at *7 (S.D.N.Y. Mar. 18, 2015) (noting plaintiffs specifically admitted the named individual defendants were not "employers"); *Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, at *17-18 (S.D.N.Y. Oct. 8, 2013) (dismissing claims against individual defendants where plaintiffs alleged "no specific facts, aside from the elements of the 'economic reality test,'" while denying motion to dismiss claims against two individual defendants where plaintiffs alleged minimal supporting facts); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009)(finding former employee's allegations that employer's vice president of human resources had general authority to hire and/or fire employees, and that he maintained employee records, failed to sufficiently allege that vice president was an "employer" for purposes of FLSA).

Unlike the cases cited by Defendants, Plaintiffs here not only allege that individual Defendants Salzman and Wright meet the requirements of the "economic reality" test, but also allege specific facts as to how the test is met with regard to these two Defendants. Plaintiffs allege Defendant Salzman personally signed letters approving two separate promotions and pay raises for named Plaintiff Amanda Cooper during her time working for Defendants. *See* Compl. at ¶¶ 43-44. Plaintiffs also allege that Defendant Wright was personally responsible for approving raises and promotions, and that he was responsible for hiring those employees who worked under him in the company's financial department. *Id.* at ¶¶ 40-41.

Plaintiffs' allegations pass muster at the motion to dismiss stage, where meeting the "economic reality" test is "sufficient but not necessary." *Perez v. Westchester Foreign Autos, Inc.*, No. 11 CIV. 6091 ER, 2013 WL 749497, at *6 (S.D.N.Y. Feb. 28, 2013). Further, "whether a

---

[1] "[S]ection 302 is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, [], so long as the defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (quotations and citation omitted).

particular defendant can be considered a plaintiff's 'employer' is a fact-specific inquiry." *Id.* at *7. Thus, "on a motion to dismiss, the relevant inquiry is whether a defendant has been put 'on notice of the theory of employer liability.'" *Id.*; *see also Bravo*, 2013 WL 5549495, at *6. Here, Defendants Wright and Salzman are on notice of Plaintiffs' theory of liability as applied to them. While Plaintiffs certainly expect discovery to yield additional factual support for their allegations, dismissal is not appropriate where, as here, Plaintiffs have alleged a specifical factual basis for individual employer liability.

Accordingly, the Court should deny Defendants' request for a pre-motion conference concerning their proposed Motion to Dismiss Plaintiffs' claims against Defendants Wright and Salzman.

Respectfully submitted,

 *Brenna Rabinowitz*
Brenna Rabinowitz
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, NY 10005
(212) 509-1616
brabinowitz@nyemployeelaw.com

cc: All counsel (by ECF)