# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------- x

NATHANIEL AGUDELO, HELEN :
OWENS, HOLLY KEITH, AMANDA :
COOPER, BLAKE BOYER, LORI :
STEWARD, MIKE SHIRDEL, JARED :
SAWYER, SCOTT HARVEY, and :   Civil Action No. 22-cv-4004
KAREN KELLEY, on behalf of :
themselves and others similarly situated :
:
      *Plaintiffs, and Lead* :
      *Plaintiffs for the* :
      *Proposed Class,* :
:
 v. :
                       x

RECOVCO MORTGAGE
MANAGEMENT LLC, SPROUT
MORTGAGE LLC, MICHAEL
STRAUSS, CHRISTOPHER WRIGHT,
SHEA PALLANTE, and ELLIOT
SALZMAN

          *Defendants*

--------------------------------------------------

# COURT-AUTHORIZED NOTICE OF SETTLEMENT

If you worked for Recovco Mortgage Management LLC, Sprout Mortgage LLC, Michael Strauss, Christopher Wright, Elliot Salzman, or any related entity (collectively, "Defendants") and

(1) You were employed by Sprout Mortgage between June 6, 2022 and July 31, 2022, **OR**
(2) you were employed by Sprout Mortgage in the state of California at any time between February 22, 2017, and July 6, 2022,

*YOU COULD GET A PAYMENT FROM A CLASS AND COLLECTIVE ACTION SETTLEMENT.*

> *Important: You are NOT being sued. This Notice is NOT a solicitation from a lawyer. The Court authorized this Notice.*

- The $3.5 million settlement will provide payment to former employees of Defendants. Plaintiffs brought multiple lawsuits against Defendants on behalf of themselves and all other current and former employees who worked for Defendants. *See Karen Kelley v. Sprout Mortgage, LLC and Does 1 through 50*, Case No. 30-2022-01246916-CU-OE-CXC, California Superior Court, Orange County; *Jared Sawyer and Scott Harvey, individually and on behalf of all others similarly situated and all aggrieved employees v. Sprout Mortgage, LLC, Recovco Mortgage Management LLC, Michael Strauss, Shea Pallante, Christopher Wright, Elliot Salzman, and Does 1 through 25,* Case No. 30-2022-01271017-CU-OE-CXC, California Superior Court, Orange County; and *Boyer v. Sprout, Recovco, & Strauss*, Case No. 37-2022-00029036-CU-OE-CTL,

California Superior Court, San Diego County. All four lawsuits have been consolidated into the instant action for purposes of settlement.

- With regard to all of the above claims, Defendants deny any wrongdoing and maintain they paid all employees in accordance with applicable wage and hour laws.

- The settlement resolves all claims made in the above-referenced lawsuits.

- Employees who were employed by Defendants from June 6, 2022 through July 31, 2022 and did not receive wages for work performed during that period will receive a payment based on their share of Defendants' missed payroll distributions of July 7 and 22, 2022. California employees who are not exempt from overtime requirements under California law and were employed by Defendants between February 22, 2018, and July 6, 2022 will receive a payment based on the weeks they worked and their regular rate of pay during the time period they allege Defendants failed to pay them overtime and other wages under the California labor code. All California employees, regardless of whether or not they are exempt from California's overtime requirements, will receive a $30 payment for Defendants' alleged violations of California's Fair Credit Reporting Act ("FCRA") and Investigative Consumer Reporting Agency Act ("ICRAA").

- The lawyers for the class and collective members will ask the Court for up to $1,166,550 in legal fees and expenses, plus approximately $50,000 in settlement administration costs, to be paid out of the $3.5 million award.

- Your legal rights are affected whether you act or choose not to act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| 1. DO NOTHING | Receive a payment (see Paragraph 6). |
| 2. OBJECT | Tell the Court about why you don't like the settlement. |
| 3. GO TO A HEARING | Speak in Court about the fairness of the settlement. |
| 4. OPT OUT | Exclude yourself from the lawsuit. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement. Please be patient.

# BASIC INFORMATION

### 1.  Why did I get this notice?

On [*insert date of preliminary approval*], the Court certified a class and collective action lawsuit consisting of:

2

- All employees of Sprout Mortgage who were employed between June 6, 2022 and July 7, 2022 (the "Shutdown Class"), who claim that all Defendants failed to pay them earned wages for work performed during that period in violation of the Fair Labor Standards Act ("FLSA"), that certain Defendants carried out a "shutdown" or "mass layoff" without notice in violation of the Worker Adjustment and Retraining Notification ("WARN") Act, and that certain Defendants violated their fiduciary duties under the Employee Retirement Income Security Act ("ERISA") by causing employees' health insurance benefits to be retroactively terminated and by failing to issue proper notices regarding COBRA insurance coverage.

- All employees of Sprout Mortgage employed in California at any time between February 22, 2018, and July 6, 2022, and who are not exempt from the overtime requirements of the California Labor Code ("California Labor Class"), who claim Defendants violated the California Labor Code in multiple ways, including by failing to pay them required overtime wages, as well as statutory meal and rest breaks, reimburse them for business expenses, pay their wages when due, and properly attribute their wages to a correct pay period.

- All Plaintiffs who were employed by Defendants in California at any time between February 22, 2017, and July 6, 2022, ("FCRA Class"), who claim that Defendants violated California's Fair Credit Reporting Act ("FCRA") and Investigative Consumer Reporting Agency Act ("ICRAA") by conducting background checks on employees without proper notice.

This means that all such people are a part of this lawsuit, and notice of this is being mailed to each person in this class. Additionally, those who worked for Sprout Mortgage in California during the relevant time period receive compensation as a member of one, two or all three of the above categories.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections are heard, an administrator appointed by the Court will make the payments that the settlement allows.

The Court assigned to this case is the United States District Court for the Eastern District of New York, and the case is known as *Agudelo, et al. v. Recovco Mortgage Management LLC et al.*, Case No. 22-cv-4004. The people who brought the case are called Plaintiffs, and the companies and individuals they sued are called the Defendants.

### 2. **What is this collective action lawsuit about?**

Plaintiffs allege that Defendants' failure to pay employees wages in connection with the Sprout Mortgage shutdown of July 6, 2022, violated federal and state law. Additionally, the California lawsuits that are now consolidated with this action allege violations of the various California state labor laws. All Plaintiffs claim that they and others who worked for Defendants are entitled to unpaid minimum wages, unpaid overtime wages, statutory damages, liquidated damages, attorneys' fees, and costs.

### 3. **Why is this a class and collective action?**

The Court has found that the named Plaintiffs are representatives who may sue on behalf of Class and Collective Members who have similar claims. One court resolves the issues for all Class

and Collective Members, except for those who have excluded themselves from the Class. U.S. District Judge Joan M. Azrack is the judge assigned to review the settlement in this case.

### 4. Why is there a settlement?

On March 16, 2023, both sides agreed, with the assistance of a mediator, to a settlement without any admission of liability by Defendant. That way, the risk and cost of a trial is avoided, payment can be made without additional months or years of litigation, and the workers affected will get compensation. The Class Representatives and their attorneys think the settlement is best for all Class and Collective Members.

# WHO IS IN THE SETTLEMENT

### 5. How do I know if I am a class member?

Judge Azrack decided that everyone who fits one or more of the below descriptions is a Class and/or Collective Member:

- Employees who were employed by Defendants between June 6, 2022, and July 7, 2022, and who allege they did not receive wages for work performed during that period (the "Shutdown Class");

- Employees who were employed by Defendants in California at any time between February 22, 2018, and July 6, 2022, and who are not exempt from the overtime requirements of the California Labor Code (the "California Labor Class"); and

- All employees who were employed by Defendants in California at any time between February 22, 2017, and July 6, 2022 (the "FCRA Class").

You have been identified as a Class and/or Collective member. If you are still not sure whether you are included, you can call the Class Action Administrator, SSI, for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. How much will my payment be?

Your share of the $3.5 million settlement fund, after the payment of attorneys' fees, case expenses and service awards, will be based on calculations performed by Plaintiffs' counsel of each class member's damages. The calculation will give each Shutdown Class member a share of the settlement fund according to their percentage of the unpaid wages from Defendants' payrolls of July 7 and 22, 2022. The calculation will give each California Labor Class member one hour of overtime pay based on each employee's regular rate of pay, up to a maximum of $1,000 per employee. Finally, the calculation will give each FCRA Class member a $30 flat award.

Because the settlement amount is less than the total amount of damages calculated in this case, each Class Member will get a percentage of the damages estimate.

### 7. How can I get a payment?

If you do nothing, you will receive a payment if the Court approves the settlement.

### 8. When will I get a payment?

The Court will hold a hearing on _____, 2023, at _____ to decide whether to approve the settlement. If Judge Azrack approves the settlement after that, there may be appeals

4

by objectors, if there are any objectors. It is always uncertain whether these appeals can be resolved, but they typically are, and thirty (30) days after they are resolved, the process of making the payments will begin..

# THE LAWYERS REPRESENTING YOU

### 9. <u>Do I have a lawyer in this case?</u>

The Court authorized the law firms of Menken Simpson & Rozger LLP in New York, NY and the California law firms of JCL Law Firm, APC; Zakay Law Group, ALPC; Soderstrom Law, PC; Forootan Law; and NosratiLaw PLC to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. <u>How will the lawyers be paid?</u>

Class Counsel will ask the Court to approve payment of up to about one-third of the total settlement amount, $1,166,550, for payment of legal fees and expenses, plus approximately $50,000 in settlement administration costs, to be paid out of the $3.5 million award. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts.

Ultimately, Judge Azrack will decide how much the attorneys will receive in fees after the final approval hearing.

### 11. <u>How do I tell the Court if I don't like the settlement?</u>

If you are a Class and/or Collective Member, you can object to the settlement if you don't like any part of it. Any Class and/or Collective Member who wants to object to the proposed Settlement must file with or submit to the Settlement Administrator a timely statement of objection. To be timely, the objection must be postmarked and mailed to the Settlement Administrator, no later than _____, 2023 (the "Exclusion/Objection Deadline"). The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether objection has been timely submitted.

The objection must contain at least the following: (i) the objector's full name, address, telephone, and signature; (ii) a clear reference to the Action; (iii) a statement describing the basis for your objection; and (iv) a statement whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number. All objections shall be signed by the objecting Settlement Class or Collective Member (or his or her Legally Authorized Representative), even if the Settlement Class or Collective Member is represented by counsel.

Any Settlement Class Member (and/or his or her attorney), or any attorney working for a governmental entity, who wishes to appear in the Action to object to the Settlement or who is representing or assisting a Settlement Class Member in connection with any objection to the Settlement (including, but not limited to, by drafting or preparing papers for an objection on behalf of a Settlement Class Member) must submit to or file with the Clerk of the Court a notice of appearance no later than the Exclusion/Objection Deadline.

You cannot assert objections as a group, class, or subclass. You may only submit objections on an individual basis, by yourself or by your attorney.

Any Settlement Class Member who does not file a timely notice of intent to object in accordance with this Section shall waive the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement, the Plan of Allocation, the Fee and Expense Award, and the Service Payments. Settlement Class and Collective Members who object to the proposed Settlement shall remain Settlement Class and Collective Members and shall be deemed to have voluntarily waived their right to pursue an independent remedy against Defendants and the Released Parties. To the extent any Settlement Class or Collective Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class or Collective Member will be forever bound by the Final Approval Order and Final Judgment.

# TO EXCLUDE YOURSELF FROM THIS CLASS ACTION

**12. <u>Can I exclude myself from the lawsuit?</u>**

You have the right to exclude yourself from the class action, and receive no money from the settlement, by writing a letter stating that you wish to be excluded from the case and the settlement. The request must contain the case name and number, and be signed with your name and address printed below your signature. All requests for exclusions must be mailed to the address below and postmarked no later than _____, 2023.

Settlement Services, Inc., P.O. Box 469, Tallahassee, FL 32302-0469.

You may also email the letter to XXX@SSI, but it must be received by _____, 2023.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may speak, but you don't have to do so.

**13. <u>When and where will the Court decide whether to approve the settlement?</u>**

The Court will hold a Final Approval Hearing at _____ on _____, 2023, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip NY, 11722, at _____.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. Judge Azrack will listen to people who wish to speak at the hearing. The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**14. <u>Do I have to come to the hearing?</u>**

No.  Class Counsel will answer questions Judge Azrack may have.  But you are welcome to come at your own expense.  If you send a written objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time to the three addresses listed above in item 11, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

**15. <u>May I speak at the hearing?</u>**

Yes, you may speak at the hearing, by dialing in to the Court's telephone system by dialing XXX-XXX-XXXX and entering passcode XXXXXXX by __ AM on ___, 2023, or you may attend in person.

# IF YOU DO NOTHING

**16. <u>What happens if I do nothing at all?</u>**

If you do nothing, you will receive a settlement payment, as described above, if the Court approves the settlement.

# GETTING MORE INFORMATION

**17. <u>Are there more details about the settlement?</u>**

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  A website has been set up at <mark>XXXXXX</mark> to provide updates and to answer frequently asked questions. You can get a copy of the Settlement Agreement by writing to Class Counsel or by calling _____.

# INFORMATION CORRECTION FORM

Included with this Notice is an Information Correction Form. If the information on the form is incorrect, please correct it and mail it to the settlement administrator: <mark>XXXXXXXXX</mark>.

# INFORMATION CORRECTION FORM

To:  Class Members in *Agudelo et al. v. Recovco Mortgage Management Inc., et al.*, Case No. 22-cv-4004 (Eastern District of New York)

If the following information on file for you is not correct, please correct this form and mail it *promptly* to Settlement Administrator, P.O. Box 469, Tallahassee, FL 32302-0469.

**CORRECTION**

Name:  [Name]                                    _____

Address:  [Address                               _____

       City, State, Zip]                         _____

Social Security # (last four digits): [XXXX]          _____

Latest W-4 information at Sprout Mortgage:

       Number of exemptions:  [Exemptions]           _____

       Status:  [MarriedStatus]                      _____

[NAME]          [MAILID]
[ADDRESS]
[CITY, STATE, ZIP]

4893-7489-7766, v. 1

9