# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| NATHANIEL AGUDELO, HELEN OWENS, HOLLY KEITH, AMANDA COOPER, BLAKE BOYER, LORI STEWARD, MIKE SHIRDEL, JARED SAWYER, SCOTT HARVEY, and KAREN KELLEY, on behalf of themselves and others similarly situated | : | |
| *Plaintiffs, and Lead Plaintiffs for the Proposed Class,* | : | Civil Action No. 22-cv-4004 |
| v. | : | |
| RECOVCO MORTGAGE MANAGEMENT LLC, SPROUT MORTGAGE LLC, MICHAEL STRAUSS, CHRISTOPHER WRIGHT, SHEA PALLANTE, and ELLIOT SALZMAN | : | |
| *Defendants* | | |

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS AND COLLECTIVE, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF THE NOTICE PLAN**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, Proposed Notice of Settlement, and Class Action Settlement Procedure ("Motion for Preliminary Approval").

I. **Preliminary Approval of Settlement**

1. Based on the Court's review of the Motion for Preliminary Approval and all other papers submitted in connection therewith, the Court grants preliminary approval of the settlement

memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached as Exhibit A to the Declaration of _____ in Support of the Motion for Preliminary Approval, and "so orders" all of its terms.

2. The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Willix v. Healthfirst, Inc.*, 2010 U.S. Dist. LEXIS 139137, at *6 (E.D.N.Y. Nov. 12, 2010) (internal quotation marks and citation omitted) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988)). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Id.* (quoting *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009)).

3. Preliminary approval "requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties." *Lizondro-Garcia v. Kefi L.L.C.*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014) (internal quotation marks omitted). It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

4. To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks and citation omitted); Newberg § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of

possible approval," the court should permit notice of settlement to the class members) (quoting Manual for Complex Litigation (3d ed.) § 30.41)).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634.

6. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

7. An experienced class action employment mediator, Martin Scheinman, assisted the Parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *See Kujat v. Roundy's Supermarkets*, 2021 U.S. Dist. LEXIS 161249, at *2 (N.D. Ill. Aug. 11, 2021).

## II. Conditional Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes

8. For settlement purposes only, the Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification for purposes of effectuating settlement. The Court hereby provisionally certifies for settlement purposes a "Settlement Class" meaning all members of the Shutdown Class, California Labor Class, and FCRA Class, as defined in the Settlement Agreement, who do not file a timely and compliant request to exclude themselves from the settlement. The definitions of the relevant classes are repeated here:

   a. "California Labor Class" means all non-exempt employees of Sprout Mortgage who worked for Sprout Mortgage while residing in California between February 22, 2018, and July 6, 2022;

3

    b. "Shutdown Class" means all employees of Sprout Mortgage who were employed at any time between June 6, 2022 and July 7, 2022 and did not receive wages for work performed during that period;

    c. "FCRA Class" means all employees of Sprout Mortgage who worked for Sprout Mortgage while residing in California between February 22, 2017, and July 6, 2022.

### III.   Conditional Certification of the "FLSA Collective" Pursuant to 29 U.S.C. § 216(b)

9. The Court also provisionally certifies the following FLSA Collective under 29 U.S.C. § 216(b) for settlement purposes only:

> "Settlement Collective Member" means the members of the Settlement Collective who have filed a consent to join pursuant to 29 U.S.C. § 216(b), as well as any Settlement Collective member who endorses a settlement check in conformity with Paragraph 82 of the Settlement Agreement.

10. Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. 29 U.S.C. § 216(b). The parties have now agreed on the definition of the FLSA Collective in the Settlement Agreement and thus there are no impediments to notifying potential Collective Members of the settlement and their right to opt into the settlement.

11. The Court also preliminarily finds that the proposed FLSA settlement is fair and reasonable. Under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), an FLSA settlement "should be approved if the proposed agreement 'reflects a reasonable compromise over contested issues.'" *Santiago v. Church Ave. Express Inc.*, No. 18 CV 1594 (RJD) (LB), 2020 U.S. Dist. LEXIS 11508, at *4-5 (E.D.N.Y. Jan. 22, 2020) (Bloom, M.J.) (quoting *Kochilas v. Nat'l Merch. Servs.*, Civil Action No. 1:14-cv-00311, 2015 U.S. Dist. LEXIS 135553, at *17 (E.D.N.Y. Oct. 2, 2015)). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Santiago*, at *5 (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).

12. "In determining whether a proposed FLSA settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Santiago*, at *6-7 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal alterations omitted).

13. Critically, "[t]he standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." *Kochilas*, at *16 (internal citations omitted); *see also Rasulev v. Good Care Agency, Inc.*, No. 16 CV 1993 (CLP), 2017 U.S. Dist. LEXIS 228063, at *20 (E.D.N.Y. Apr. 19, 2017) (same); *Surdu v. Madison Glob., LLC*, No. 15 CV 6567, 2018 U.S. Dist. LEXIS 48356, at *16-17 (S.D.N.Y. Mar. 23, 2018) ("[A]n FLSA settlement is examined with less scrutiny than a class action settlement" and "settlement of a collective action does not implicate the same due process concerns as the settlement of a class action"). This is because FLSA settlements typically do not bind the individuals who fail to obtain a settlement payment. The settlement here is one such settlement.

14. Even after *Cheeks* several courts in the Eastern District have held that "[b]ecause the standard for approval of an FLSA settlement is lower than for a Rule 23 settlement, satisfaction of the *Grinnell* factor analysis satisfies the standards of approval of an FLSA settlement." *Sierra v. Spring Scaffolding LLC*, No. 12-cv-05160 (JMA), 2015 U.S. Dist. LEXIS 178006, at *14 (E.D.N.Y. Sep. 30, 2015) ("[S]atisfaction of the *Grinnell* factor analysis will, necessarily, satisfy

5

the standards of approval of the FLSA settlement."); *Ramos v. Nikodemo Operating Corp.*, No. 16-CV-1052, 2017 U.S. Dist. LEXIS 216246, at *15 (E.D.N.Y. Aug. 7, 2017) (same); *Surdu*, 2018 U.S. Dist. LEXIS 48356, at *17 (same); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 U.S. Dist. LEXIS 53791, at *29-30 (E.D.N.Y. Apr. 11, 2016) (same).

15. Nevertheless, whether satisfying *Grinnell* also satisfies *Cheeks* is not settled law in this Circuit, as other courts in this District have determined that at the preliminary approval stage a full *Cheeks* and *Wolinsky* review are "integral components of the Rule 23(e) preliminary class approval" process. *Douglas v. Allied Universal Sec. Servs. LLC*, 371 F. Supp. 3d 78, 82 (E.D.N.Y. 2019) (collecting cases for the proposition that a preliminary approval ruling should include a *Cheeks* and *Wolinsky* analysis).

16. Regardless, here, this settlement also satisfies *Cheeks* and *Wolinsky*. For example, Plaintiffs have made a sufficient showing that Class Members' range of possible recovery demonstrates that the parties have reached a reasonable compromise of contested FLSA claims.

17. Turning to the other *Wolinsky* factors, the Court finds as follows: (i) the settlement will enable the parties to avoid further protracted litigation and appeals; (ii) the seriousness of the litigation risks faced by both sides justify the parties' decision to compromise; (iii) the settlement is the product of arm's length bargaining between experienced counsel is detailed; and (iv) the settlement is untainted with fraud or collusion. Accordingly, the Court finds sufficient basis to certify the FLSA Collective for settlement purposes.

**IV.    Notices and Settlement Procedure**

18. The Court approves as Class Counsel for the classes: (i) Menken Simpson & Rozger LLP; (ii) JCL Law Firm, APC; (iii) Zakay Law Group, APLC; (iv) Soderstrom Law PC; (v) Forootan Law; and (vi) Nosrati Law. "Collective Counsel" means the law firm of Menken Simpson & Rozger LLP.

19. The Court approves the proposed Class and Collective Settlement Notice, attached as Exhibit __ to the Motion for Preliminary Approval, which fully and accurately inform the class members of all material elements of the action and the proposed settlement.

20. The Court approves Settlement Services, Inc., as the Settlement Administrator.

21. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

22. The Court approves the filing of Plaintiffs' Proposed Third Amended Complaint, attached to the Motion for Preliminary Approval as Exhibit ____.

23. Funding of the Settlement Fund shall proceed in the manner agreed upon by the Parties, as set forth in paragraphs ____ through ____ of the Settlement Agreement.

24. The Court approves the following schedule:

   a. Within 2 calendar days of the Preliminary Approval Order, Class Counsel shall file the Third Amended Complaint.

   b. Within 14 days of the Preliminary Approval Order, but subject to the Settlement Administrator providing adequate and contractual assurances with respect to confidentiality and data security, Defendants will provide the Settlement Administrator the names and last-known street and electronic mail addresses of potential Settlement Class and Collective Members that they are able to identify following a good-faith inquiry. The data provided to the Settlement Administrator shall remain confidential and shall not be disclosed to anyone, except as required by applicable tax authorities, pursuant to the express written consent of Defendants, or by order of the Court. The data provided under this Section shall be used only for the purpose of administering this Settlement.

c. Within 21 days of the Preliminary Approval Order, and subject to the terms set forth in section 24(b) of this Preliminary Approval Order, the Settlement Administrator shall disseminate the approved Notice of Settlement of Class and Collective Action to Class and Collective Members in a manner that complies with the Notice dissemination described in the parties' settlement agreement at paragraphs _____ through _____.

d. The Exclusion or Objection deadline, as defined in paragraph \_\_\_\_ of the Settlement Agreement (the "Exclusion or Objection deadline") shall occur on the 60th day that immediately follows the date on which the Settlement Administrator disseminates Notice in accordance with the terms of section 24(b) of this Preliminary Approval Order.

e. At least 35 days before the Exclusion or Objection deadline, Class Counsel shall file a Petition for awards of attorneys' fees, costs, and service payments.

f. At least 35 days before the date on which the Fairness Hearing is scheduled, Class Counsel shall file the motion for Final Approval.

g. Any opposition(s) to Class Counsel's Petition for awards of attorneys' fees, costs, and service payments, and any opposition(s) to Class Counsel's motion for Final Approval, must be filed at least 21 days before the date on which the Fairness Hearing is scheduled.

h. The Settlement Administrator shall prepare a Declaration of Due Diligence and Proof of Notice Dissemination ("Due Diligence Declaration") with regard to the mailing of the Notice of Settlement, and any attempts by the Settlement Administrator to locate Settlement Class and Collective Members, the Settlement Administrator's receipt of valid requests for exclusion, the filing of valid opt-ins, and the Settlement Administrator's inability to deliver the Notice of Settlement to Settlement Class or Collective Members due to invalid addresses ("Due Diligence Declaration"). At least 21 days before the date on which the Fairness Hearing is scheduled, the Settlement Administrator shall transmit the Due Diligence Declaration to Class Counsel, Collective Counsel, and Defense Counsel via email.

i. Class Counsel shall file the Due Diligence Declaration with the Court at least 15 days before the date on which the Fairness Hearing is scheduled.

j. The Court will conduct a fairness hearing on , 2023, at _____, [a.m./p.m.], **which is no sooner than 21 days after the Exclusion or Objection deadline**, to address: (a) whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Plaintiffs Counsel's application for attorneys' fees and costs; and (c) Plaintiffs' application for service payments. The date and time of the fairness hearing shall be set forth in the Notices, but the fairness hearing shall be subject to adjournment by the Court pursuant to its

8

scheduling authority without further notice to the members of the class other than that which may be posted by the Court on the docket for this civil action.

It is so ORDERED this __ day of          , 2023

9