# MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

July 27, 2023

**<u>Via ECF</u>**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Agudelo v. Recovco Mortgage Management LLC et al.,* No. 22 Civ. 4004

Dear Judge Azrack:

      I submit this pre-motion letter pursuant to Your Honor's Individual Rule IV(B) on behalf of Plaintiffs and Defendants Recovco Mortgage Management LLC ("Recovco") and Michael Strauss ("Strauss"). All parties other than Defendant Sprout Mortgage, LLC ("Sprout") intend to request that the Court continue its review of the parties' Motion for Preliminary Approval of Settlement, ECF No. 201, submitted June 1, 2023 (the "Preliminary Approval Motion"). This pre-motion letter is a joint submission by Plaintiffs, Recovco and Strauss with the exception of the footnote on the second page of this letter, which Recovco and Strauss do not join or endorse.

      On July 12, 2023, counsel for Sprout Mortgage LLC filed a Notice of Suggestion of Bankruptcy for Sprout Mortgage, LLC and Automatic Stay of Proceedings ("Notice"), informing the Court that an involuntary petition against Sprout Mortgage, LLC ("Debtor") was filed under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *See* ECF No. 211. Because the automatic stay might not apply to proceedings against co-defendants in some cases, Plaintiffs, Recovco, and Strauss will request that the Court continue to evaluate the parties' Motion for Preliminary Approval of Settlement based on the circumstances of this case, as it pertains to Defendants Recovco and Strauss. Additionally, I have been advised by Sprout's bankruptcy counsel that the company intends to continue to comply with all of its obligations under the settlement agreement described in the Preliminary Approval Motion until such time that an order for relief substantiating the involuntary bankruptcy is entered. I have been further advised that Sprout is permitted to do so pursuant to Section 303(f) of the Bankruptcy Code.

1

The Notice requests that "the above-captioned matter be taken off the Court's active calendar pending resolution of the Debtor's Bankruptcy Court case." However, the bankruptcy proceeding was commenced only against Sprout, so consistent with the approach adopted by some cases under similar circumstances as those presented here, the parties request that the automatic stay only apply to the action against Sprout, not Recovco or Strauss. *See Tenas-Reynard v. Palermo Taxi Inc.*, No. 14 CIV. 6974 (PGG), 2016 WL 1276451, at *3 (S.D.N.Y. Mar. 30, 2016) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.") (quoting *Teachers Insurance and Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986)); 3 Collier on Bankruptcy § 362.03(3)(d) (15th ed. 2002) ("[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing.").

In some cases similar to the instant matter, where a plaintiff asserts claims for wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and alleges co-defendants are individually liable to those plaintiffs (and names them as defendants), an automatic bankruptcy stay has not operated to halt proceedings against the co-defendants. *See, e.g.*, *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (holding that the automatic stay did not apply to the proposed defendants where the plaintiffs alleged that the proposed defendants "are joint employers and, therefore, are jointly and severally liable to the plaintiffs for violations of the FLSA and NYLL"). In *Guerra v. Trece Corp.*, No. 18 CIV. 625 (ER), 2020 WL 7028955, at *6 (S.D.N.Y. Nov. 30, 2020), the Court held that the plaintiff's ability to seek recovery from a manager who was a co-employer under the FLSA and NYLL was unaffected by the bankruptcy discharge of the debts of the corporate employer. Similarly, based on the circumstances presented here, Plaintiffs, Recovco and Strauss ask that the automatic stay imposed by the involuntary bankruptcy petition filed against Sprout not apply to Defendants Recovco and Strauss, because Plaintiffs have alleged that each Defendant is individually liable to Plaintiffs as a co-employer under the FLSA and NYLL.[1]

Thus, Plaintiffs and Defendants Recovco and Strauss request that the court continue evaluating the Preliminary Approval motion filed by the parties on June 1, 2023.

Plaintiffs also wish to advise the Court that Sprout has nearly fully complied with the terms of the class settlement agreement, but for the last $300,000 payment. Plaintiffs have also been advised by Sprout's counsel that until such time that an order for relief is entered with respect to the involuntary bankruptcy case against Sprout, the bankruptcy stay does not prevent Sprout from

---

[1] Defendants Recovco and Strauss do not join in this footnote. Plaintiffs add: An automatic bankruptcy stay does not apply against a co-defendant where the claims asserted against him arise from his own alleged breach of a duty. *See Thomson Kernaghan & Co. v. Glob. Intellicom, Inc*., No. 99 CIV. 3005 (DLC), 2000 WL 640653, at *15 (S.D.N.Y. May 17, 2000) ("[I]n situations where a codefendant is independently liable as, for example, where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of a duty, then the protection afforded a debtor under the automatic stay would clearly not extend to such nondebtor.") (quoting *In re Metal Center, Inc*., 31 B.R. 458, 462 (Bankr. D. Conn. 1983)) (declining to stay claims against non-debtor defendant where such claims were not "derivative of his status as Chairman and Chief Executive Officer of [debtor]," but rather were premised upon his "own conduct, including an alleged breach of his fiduciary duty"). Here, Plaintiffs allege that Defendant Strauss violated his fiduciary duty under ERISA by failing to pay employees' health insurance premiums and failing to provide notice of employees' COBRA rights. *See* Second Amended Complaint, ECF No. 92, pp. 20-22. Therefore, the automatic stay would not apply to claims that Plaintiffs have asserted against Strauss.

continuing to perform its obligations pursuant to the parties' agreement and that it does not enjoin the court from approving the settlement proposed by the parties and allowing for distribution of the currently escrowed funds. Under New York law—which governs the subject of escrowed funds—a deposit will operate as an escrow if (1) an agreement exists as to the subject matter and delivery of the deposit; (2) the deposit is delivered to a third-party depository conditioned upon the performance of an act or occurrence of an event; and (3) the grantor relinquishes control over the deposit. *See* 55 N.Y. Jur. 2d, Escrows § 3, at pp. 589–90. As all of these conditions apply to the payments already submitted to the settlement administrator, the escrowed funds are not property of Sprout's estate for bankruptcy. *See In re Royal Bus. Sch., Inc.*, 157 B.R. 932, 941 (Bankr. E.D.N.Y. 1993) (holding Chapter 7 trustee had no immediate possessory interest in escrow account, and, thus, escrow account was not estate property and trustee was not entitled to order directing turnover of any portion of funds). Similarly, in *In re TTS, Inc.*, 125 B.R. 411, 413 (Bankr. D. Del. 1991), *aff'd sub nom. Matter of TTS, Inc.*, 158 B.R. 583 (D. Del. 1993), a Delaware bankruptcy court considered whether an escrow account was property of the estate under New York law. Under the terms of an employment contract with one of its executives, the debtor, a New York corporation, was to deposit funds into an escrow account which would be released to the executive upon his retirement. Prior to the employee's retirement, the corporation filed a petition in bankruptcy. Although the condition of the escrow (retirement by the employee) had not yet been met, the court granted summary judgment for the executive and held that since the debtor-corporation, as grantor, possessed only a legal interest in the account pursuant to New York law, the escrow account could not be considered property of the estate. *In re TTS*, 125 B.R. at 413.

Defendants Recovco and Strauss specifically note that, although they are joining this application, nothing in it should be construed as an admission of any kind of liability, or that the actions should proceed against Defendants. Defendants Recovco and Strauss are merely asking that under the circumstances present, it is in the interest of all parties for the settlement process to continue.

Plaintiffs and Defendants Recovco and Strauss therefore intend to ask the Court to (1) continue its review of the Motion for Preliminary Approval submitted by the parties; (2) allow for distribution of all funds currently escrowed pursuant to the Settlement Agreement reached by the parties prior to the filing of the involuntary bankruptcy petition against Sprout; and (3) all other and further relief the Court deems just and proper.

                                                Respectfully submitted,

                                                */s/ Scott Simpson*
                                                Scott Simpson

cc: All counsel (by ECF)