MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER ᐞ
BRENNA RABINOWITZ
RAYA F. SAKSOUK

ᐞ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

November 3, 2023

**Via ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Agudelo v. Recovco Mortgage Management LLC et al.,* No. 22 Civ. 4004

Dear Judge Azrack:

Please see the parties' separate positions on the pending motion for preliminary approval and the status of this case. The parties do not agree on a path to move forward and thus file this letter jointly containing their separate positions.

### Plaintiffs' Position

As stated in Plaintiffs' October 16, 2023 letter (Dkt. No. 218), a motion to revoke the parties' class action settlement agreement was made and will be summarily approved by Judge Robert E. Grossman on or about November 15, 2023, the date the motion is scheduled to be heard. See, *In re: Sprout Mortgage LLC*, Case No. 23-72433 (REG). Therefore, because the parties' settlement agreement is a nullity, the parties' motion for preliminary approval is moot and no action on it is required. Plaintiffs wish to expeditiously litigate this case against each and every one of the other Defendants in the caption, exclusive of Sprout Mortgage LLC, the aforementioned debtor in the above bankruptcy proceeding. Upon the entry of an order dismissing Plaintiffs' claims against Sprout Mortgage LLC without prejudice (subject to the resolution of the involuntary bankruptcy petition), Plaintiffs seek this court's permission to file a version[1] of the Third Amended Complaint it filed with their Motion for Preliminary Approval. (Dkt. No. 201.2, Menken Decl. at Ex. A).

---

[1] Some minor revisions will likely be necessary including, but not necessarily limited to, the removal of Sprout Mortgage LLC as a Defendant and the possible removal of Holly Keith as a named Plaintiff.

  The non-Sprout Defendants (Recovco and Messrs. Strauss, Wright, Salzman and Pallante) oppose moving this case forward and argue below, without any evidence, that they will be *prejudiced* by having to continue to defend the claims brought by Plaintiffs in this action. This is wrong as it is the Plaintiffs who have been repeatedly handicapped and prevented from obtaining their unpaid salary, wages and WARN damages due to the actions of Sprout and these individual Defendants, notably Defendant Strauss, who despite his claims of poverty continues to live in a multi-million dollar home in the Hamptons, own a multi-million dollar Park Avenue townhouse and is running a new business at this moment.  Defendant Strauss and his colleagues were quite interested in pushing this litigation forward when it suited them (i.e., See, Dkt. No. 215 – settlement on the horizon), but now when the settlement is off they seek to delay it based on specious claims of prejudice.[2] Sprout is hardly an indispensable party to this litigation as cases jointly cited in the parties' earlier submission (Dkt. No. 215 at 2) reflect FLSA and NYLL cases litigated and settled without the bankrupt or soon to be deemed bankrupt corporate employer.   Approximately 600 mortgage industry executive and non-executive employees suffered approximately $20 million in damages and any minimal payment they receive in the pending bankruptcy proceeding can be asserted by the non-Sprout Defendants here as an affirmative defense and offset. The non-Sprout Defendants, particularly Defendant Strauss, were intimately involved in the class members' work (and pay) and will easily be shown to be liable as joint employers. That is likely the sole issue that has to be litigated before the parties determine the amount of damages the class is owed.

  In a follow-up email sent at 4:44 pm today, I advised Defendant's counsel we would wait until 11 pm to file this letter so he could respond to what he describes below as Plaintiffs' "overblown and baseless" assertions and he advised me to file the letter.

Defendants' Position

  The non-Sprout Defendants (Recovco and Messrs. Strauss, Wright, Salzman and Pallante) oppose the reopening of the litigation.  Any claims prosecuted by Sprout Mortgage's former employees against the non-Sprout Defendants would be directly related to their claims against Sprout Mortgage in the pending bankruptcy case.  Sprout Mortgage was Plaintiffs' employer and, while Plaintiffs have asserted claims by which each of the non-Sprout Defendants might be held liable for the conduct of Sprout Mortgage, forcing them to defend such claims without the participation of Plaintiffs' actual employer would be unduly prejudicial.

  To the extent that the Court is nonetheless inclined to reopen the litigation, the non-Sprout Defendants request that they be granted an opportunity to brief the question of whether the case should proceed in the absence of Sprout.  However, counsel for Defendants intends to make an application to withdraw from the action if the Court lifts the stay.  On that basis, the non-Sprout Defendants request that the Court either continue the stay or allow defense counsel to move to withdraw but otherwise continue the stay for 60 days to permit them to retain new counsel.  Plaintiffs may be permitted to move to lift the stay and resume the litigation at that time and a briefing schedule for that motion can be arranged with Defendants' new counsel.

---

[2] What the non-Sprout Defendants really seek to do is to gain the benefit of Sprout's bankruptcy and hide behind it for the many months if not years it takes for that case to conclude. This would *prejudice* Plaintiffs and the class they seek to represent because, in addition to the delay, the non-Sprout Defendants have not filed for bankruptcy because they are not, in fact, financially distressed.

   We note that Plaintiffs provided Defendants with their proposed status report at 3:51 p.m ET today (though even at that point it was still under review by some of their group), which does not permit adequate time to respond to the many overblown and baseless assertions therein. As the Court merely requested a status report, and not briefing on the motion to reopen the litigation, Defendants reserve the right to contradict any or all of their assertions and submit evidence at the appropriate time.

                Respectfully submitted,

                */s/ Bruce E. Menken*
                Bruce E. Menken

cc: All counsel (by ECF)