**JacksonLewis**

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4660
MY EMAIL ADDRESS IS: MARC.WENGER@JACKSONLEWIS.COM

January 5, 2024

**VIA ECF**
Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       Re: *Agudelo v. Recovco Mortgage Mgmt. LLC, et al.,*
          Case No. 22-cv-4004

Dear Judge Azrack:

  We represent Defendants[1] in the above-referenced matter.  We write pursuant to the Court's Order dated December 18, 2023 ("Order"), to advise the Court that our firm seeks leave to withdraw as counsel for Defendants in this action and any related actions or proceedings and to advise the Court of the status of the non-Sprout Defendants' efforts to retain new counsel.  As the Order directs, this letter is intended to serve as our motion to withdraw.  If the Court requires additional information, we would certainly be willing to submit a declaration and any supporting documents that might be required to address this issue.  We trust, however, that further submissions will not be necessary, as none of the Defendants have expressed any opposition to this motion.[2]

  Local Civil Rule 1.4 permits a court to relieve an attorney as counsel "upon a showing of satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."  Generally, Courts analyze two factors when considering whether to grant a motion to be relieved as counsel: (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the

---

[1] On July 12, 2023, Defendant Sprout Mortgage LLC filed a suggestion of bankruptcy.  Dkt No. 211.  Plaintiffs' counsel subsequently indicated, in a letter filed on October 16, 2023, that they intend to file a Stipulation of Voluntary Dismissal as to Sprout Mortgage LLC and resume discovery against the remaining Defendants Recovco Mortgage Management, LLC, Michael Strauss, Christopher Wright, and Elliot Salzman.  Dkt No. 218.  We note that Defendants Wright and Salzman submitted a request for a pre-motion conference in lieu of an Answer to the Complaint seeking leave to move to dismiss the action against them pursuant to FRCP 12(b)(6).  Dkt. No. 112.

[2] Defense counsel contacted the individual defendants Shea Pallante, Elliot Salzman, and Christopher Wright via email and telephone beginning on October 18, 2023 and continuing through today to advise of this forthcoming motion and provide options, including retaining other counsel.  We have also notified Michael Strauss on behalf of himself and Recovco.

timing of the proceeding. *Battino v. Cornelia Fifth Ave., LLC*, 2013 U.S. Dist. LEXIS 130026, at *14 (S.D.N.Y. June 26, 2013) (so stating).

All factors weigh in favor of granting defense counsel's request to withdraw. First, our firm has received no payment for our services since well before the bankruptcy proceeding was initiated in July 2023. We have no basis to expect payment of the considerable outstanding balance, let alone any amounts incurred going forward. Our ability to effectively represent our clients has been further compromised by the deterioration in communications with our clients since the commencement of the bankruptcy. We have had great difficulty getting timely responses to necessary information for even routine submissions such as status reports.[3]

The failure to pay legal fees and failure to cooperate each constitute sufficient grounds to grant a motion to withdraw as counsel. *See, e.g.*, *Team Obsolete Ltd. v. A.H.R.MA. Ltd.,* 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (granting defense counsel's motion to withdraw because "a client's inability or refusal to pay can constitute a valid ground for withdrawal") (collecting cases); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc*., No. 01 Civ. 2950, 2005 U.S. Dist. LEXIS 17008 (S.D.N.Y. Aug. 15, 2005) (granting counsel's motion to withdraw because "[a] client's lack of cooperation—including lack of communication with counsel' constitutes a satisfactory reason" to permit withdrawal); *Fed. Home Loan Mortg. Corp. v. 41-50 78th St. Corp*., 92-CV-5692 (ILG), 1997 U.S. Dist. LEXIS 23948, *11 (E.D.N.Y. Apr. 4, 1997) (same); *Hallmark Cap. Corp. v. Red Rose Collection, Inc.,* No. 96-cv-2839, 1997 U.S. Dist. LEXIS 16328, at *5 (S.D.N.Y. Oct. 21, 1997) (same); *Kolacek v. Gemexco Trading, Inc*., 1992 U.S. Dist. LEXIS 571, at *2-3 (S.D.N.Y. Jan. 22, 1992) (granting defense counsel's motion to withdraw as counsel based on the client's failure to cooperate; the client made many unkept promises to furnish counsel with documents, information, and to attend meetings, and in addition failed to pay counsel, despite promises to pay by a certain date).

Procedurally, this action is poised appropriately to permit defense counsel to withdraw. Discovery was stayed, pending settlement, but may resume soon.[4] The window will permit new counsel time to onboard and handle all stages of the case, from discovery through trial. Considering the substantial prejudice our firm will suffer if we must continue to represent Defendants without payment or effective cooperation, the procedural posture of this case is

---

[3] We have refrained from providing further details in this letter regarding the nature of our communications with our clients to avoid any concerns about the attorney-client privilege. We can provide such information, if necessary, but would request leave to do so under seal or in camera to preserve the privilege. The decision to seal a document is a matter left to the district court's discretion. *See, e.g.*, *Team Obsolete, Ltd. v. A.H.R.M.A. Ltd*., 464 F. Supp. 2d 164, 164 (E.D.N.Y. 2006) (stating same). Courts' "favored method" where "necessary to preserve the confidentiality of the attorney-client relationship," as is the case here, is to seal documents submitted in support of motions to withdraw. *Id*. (collecting cases).

[4] We make no admissions regarding any options or procedures that successor counsel might choose to pursue. For example, while the Court has lifted the "settlement stay' in its most recent Order, successor counsel might chose to argue that the bankruptcy stay should remain in effect because, among other things, Sprout is a necessary party and has access to most of the relevant evidence that would be essential to the defense of these claims, without access to which the remaining Defendants would be substantially prejudiced. Moreover, Defendants Salzman and Wright have sought leave to move to dismiss and, depending on the outcome of that application, might decide to request bifurcation of discovery to address whether they are properly named as "employers" under the applicable statutes, or other unique defenses. See Dkt. No. 112.

appropriate for withdrawal. *Bijan Karimian v. Time Equities, Inc.*, 2011 U.S. Dist. LEXIS 51916, at *8 (S.D.N.Y. May 11, 2011) (motion to withdraw granted even though trial was "several months" away).

Third, and finally, to minimize any impact on the prosecution of this matter, we will not seek a retaining lien. Although we fully intend to collect our outstanding fees from Defendants, as noted, we will make our file fully available to subsequent counsel.

As to the non-Sprout Defendants' efforts to secure new counsel, they are actively pursuing that objective, but none have formally retained new counsel as of this date. I have been told that Michael Strauss is exploring his options for new employment law counsel, but do not have any insight into the status of that search. I have also reminded him of the Court's directive that Recovco must appear by counsel, but again, I have no information to provide the Court about the status of that process. I have had direct contact with Mr. Salzman and Mr. Pallante and with representatives of Mr. Wright. I have offered them a referral and they have each taken significant steps toward securing new counsel. To date, however, no final decisions have been made. Accordingly, I have been asked by Messrs. Wright, Salzman and Pallante to request an additional 60 day stay to permit them to retain new counsel and transition our files to them.

In accordance with the foregoing, we ask the Court to enter an Order relieving our firm as counsel for all Defendants and staying this matter for 60 days to allow the non-Sprout Defendants to find new counsel.

Respectfully submitted,

*s/Marc Wenger*

Marc Wenger, Esq.

Cc: All Counsel (via ECF)