FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.

JAN 18 2024

LONG ISLAND OFFICE

RECEIVED

JAN 22 2024

PRO SE OFFICE

UNITED STATES DISTRICT COURT            :
EASTERN DISTRICT OF NEW YORK            :        Civ. Action 2:22-cv-04004-JMA-LGD

NATHANIEL AGUDELO, Et Al.               :        NOTICE OF MOTION AND
    Plaintiffs                         :
v.                                      :        MOTION FOR JUDGMENT
                                    :
RECOVCO MORTGAGE MGT., LLC              :        OR DISMISSAL WITH PREJUDICE
SPROUT MORTGAGE, LLC                    :
MICHAEL STRAUSS,                        :        Per Rules 4, 5, 8, 9, 12(b)
CHRISTOPHER WRIGHT AND                  :
ELLIOT SALZMAN                          :        BY ELLIOT SALZMAN, PRO SE
    Defendants                         :        WITH MEMORANDUM OF LAW

TAKE NOTICE: upon the attached *Affidavit* re Service and Memorandum of Law, Elliot Salzman,

*pro se*, will move this Court before U.S. District Judge Joan M. Azrack at the Courthouse, 225

Cadman Plaza East, Brooklyn, NY 11201, on the first available motion date after conference, or

the Motion to be taken on the papers when fully briefed at the Court's discretion, to enter Judgment

in his favor for the reasons set forth herein. Salzman requests waiver of conference and Plaintiffs

be barred from discovery. Salzman will move the Court to dismiss the above-captioned action as

to him with prejudice pursuant to F.R.Civ.P. 4, 5, 8, 9, and 12(b)(1),(2),(4), (5) and (6); or to enter

judgment upon the pleadings. [1]

*Elliot Salzman*

Elliot Salzman, pro se, 12156 Cedar Trace Dr. N., Jacksonville, FL (201) 394-3500

---

[1] **This pleading shall not be construed as a consent to service, personal jurisdiction, or subject matter jurisdiction.** No objections to such are waived. Salzman reserves all answers, affirmative defenses, motions, counterclaims, cross-claims and third party claims, if needed. On October 26, 2023, attorney Wenger sent Salzman the October, 24, 2022, SAC (EDF 92), Recovco's Answer (EDF 109) and Letter Motion to Dismiss (EDF 112). Salzman substitutes this pleading for that timely filed Letter insofar as this supersedes that pleading.

## Contents

TABLE OF AUTHORITIES ................................................................................................ 2

'FACTS' ............................................................................................................................ 5

STANDARDS OF REVIEW: MOTION TO DISMISS .................................................... 6

   A.   Rule 12(b)(6) ........................................................................................................ 6

   B.   Rules 8 and 9 ....................................................................................................... 7

   C.   Rules  4 and 12(b)(2), (4) and/or (5) .................................................................. 8

ARGUMENT ................................................................................................................... 10

   I.   SALZMAN IS ENTITLED TO IMMEDIATE JUDGMENT BASED ON THE LAW. ............... 10

   II.   DISMISSAL WITH PREJUDICE UNDER RULES 8, AND/OR 9 IS APPROPRIATE. AMENDMENT WOULD BE FUTILE.  ............................................................................. 14

   III.   THIS MATTER SHOULD BE DISMISSED AS TO SALZMAN FOR LACK OF SERVICE AND/OR INSUFFICIENCY OF SERVICE AND JURISDICTION IF NOT DISMISSED UNDER RULES 8, 9 OR 12(B)(6).  ........................................................................................... 17

CONCLUSION ................................................................................................................ 20

TABLE OF AUTHORITIES

### Cases

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) ............... 7

*Aguilar v. New Dairy Del., Inc.*, 22 civ 3700(NSR)(S.D.N.Y. 9/8/2023) ................................... 13

*Albra v. Advan, Inc.*, 490 F.3d 826,829(11th Cir. 2007) ...................................................... 19

*Alijaj v. Wells Fargo*, 17-cv-1887(VSB)(S.D.N.Y. 2/9/2022) ................................................. 7

*Allstate Ins.Co. v. Rosenberg*, 771 F.Supp.2d 254,260(E.D.N.Y. 2011) ..................................... 18

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1950 (2009) ............................................... 7

*Bartol v. Barrowclough*, 251 F.Supp.3d 855(E.D. Pa. 2017) .................................................. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,555(2007) ............................................... 7, 8, 15

*Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, at *17-18 (S.D.N.Y. Oct. 8, 2013) ...................................................................................................................... 12

*Bryant v. Dupree*, 252 F.3d 1161,1163(11th Cir. 2001) ...................................................... 15

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, n.15 (1985) ............................................ 8

*Burger King Corp. v. Weaver*, 169 F.3d 1310,1320(11th Cir. 1999) ......................................... 16

*Byrne v. Nezhat*, 261 F.3d 1075,1112(11th Cir. 2001) ...................................................... 13

*Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213,1217(11th Cir. 2004) ...................................... 16

*Carter v. Dutchess Community College*, 735 F.2d, 8,12(2nd Cir. 1984) ..................................... 13

*Citigroup Global Markets, Inc. v. Fiorilla*, 2018 N.Y.Slip Op.31919(N.Y.C'nty.Comm.Div. 8/1/18) ..... 13

*Cohen v. Postal Holdings*, 873 F.3d 394(2nd Cir. 2017) ...........................................................20

*Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F. Supp. 2d 261, 272 (E.D.N.Y. 2013) ..................11

*Destfino v. Kennedy*, 2009 U.S.Dist.LEXIS 18138, at *1(E.D.Cal. 1/7/09) .................................. 8

*Dickerson v. Napolitano*, 604 F.3d 732,752(2nd Cir. 2010) ........................................................18

*Dupree v. Younger*, 143 S.Ct. 645(2023) .................................................................................... 6

*Eastman Kodak Co. v. Henry Bath, LLC*, 936 F.3d 86(2nd Cir. 2019) .......................................... 6

*Erickson v. Pardus*, 127 S.Ct. 2197(2007) ................................................................................. 6

*Ferrer v. Citigroup Global Markets, Inc.*, 09-CV-5095 (NGG), 2011 WL 1322296, at *5 n. 5 (E.D.N.Y. Mar. 31, 2011) ..........................................................................................................................11

*Fitzpatrick v. Bank of New York Mellon*, 580 F.App'x 690,694(11th Cir. 2014) ..........................18

*Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455(2nd Cir. 2019) ...................................................15

*Garnett-Bishop v. Ny.Y. Cmty. Bancorp, Inc.*, 12-cv-2285(ADS)(ARL)(E.D.N.Y. 11/6/204) .....................10

*Gill v. Acacia Network*, 2015 U.S. Dist. LEXIS 34009, at *15-17(S.D.N.Y. 3/18/15) .................10

*Hall v. Robinson*, 618 F.App'x 759,762(5th Cir. 2015) ...............................................................19

*Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47,49(E.D.N.Y. 2003) ...................................19

*Hertzner v. U.S.Postal Service*, 2007 WL 869585 at *3(E.D.N.Y. 3/20/2007) .............................. 9

*Ho v. Nationstar Mortgage*, 2:19-cv-10532-ODW(C.D.Cal. 12/29/20) ........................................ 8

*Horenkamp v. van Winkle & Co.*, 402 F.3d 1129,1130(11th Cir. 2005) ......................................19

*IBEW Loc. Union No. 58 Pens.Fund v. Royal Bank of Scotland Grp, PLC*, 783 F.3d 383, 389(2nd Cir. 2015) ..........................................................................................................................................16

*In re Lifetrade Litig.*, 1:17-cv-2987(JPO)(S.D.N.Y. 5/9/22) .......................................................16

*Keane v. Kamin*, 94 N.Y.2d 263,265(1999)................................................................................. 9

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419,430(2nd Cir. 2011)......................................... 7

*Levy v. Carol Mgt. Corp.*, 260 A.2d 27,34(1st Dept 1999) .........................................................13

*McCall v. Pataki*, 232 F.3d 321,322(2nd Cir. 2000) .................................................................... 6

*Nationstar Mortgage, LLC v. Gayle*, 191 A.D.3d 1002(2nd Dept. 2021) ...................................... 9

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97,104(1987) ...............................................18

*Ortiz v. Jordan*, 562 U.S. 180,188-190(2011) ............................................................................ 6

*Pac. Marine Ctr., Inc. v. Silva*, 2009 U.S.Dist.LEXIS 93731 at *20(E.D.Cal. 10/7/09) ...........15

*Panther Partners Inc. v. Ikanos Comm'ns, Inc.*, 681 F.3d 114,119(2nd Cir. 2012) ....................16

*Papasan v. Allain*, 478 U.S. 265,286(1886) ............................................................................... 7

*Pines Props., Inc. v. Amer. Marine Bank*, 156 F.App'x 237,240 (11th Cir. 2005)........................16

*Redd v. FNMA, et al.*, 2:19-cv-01045-PKC-RML(E.D.N.Y. 3/31/2020) .....................................19

*Sartor v. Toussaint*, 70 F. App'x 11,13(2nd Cir. 2003) ...............................................................18

*Smith v. Loc. 819 I.B.T.*, 291 F.3d 236,240(2nd Cir. 2002) ........................................................ 7

*Sollberger v. Wachovia Secs., LLC*, 2010 WL 2674456 at *4(C.D.Cal. 6/20/2010).................... 8

*Steamfitters Indus.Pension Fund v. Endo Int'l PLC*, 771 F.App'x 494 (2nd Cir. 2019) ...............16

*Steinberg, Receiver v. Barclays Nominees*, 0:04-cv-60897-KAM(doc. 173) (S.D.Fla. 9/30/08) ..............20

*Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ..................................................12

*Walz v. 44 & X, Inc.*, 2012 U.S.Dist.LEXIS 161382 at *8 (S.D.N.Y. 11/7/12)............................ 6

*Werst v. Sarar USA, Inc.*, 2018 WL 1399343 at *2(S.D.N.Y. 3/16/2018) ................................... 9

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315,320(2nd Cir. 2021) ..............................................15

*Wilson v. Prudential Financial*, 332 F.Supp. 2d 83, 87(D.D.C. 2004)..........................................19

*X-Men Security, Inc. v. Pataki*, 196 F.3d 56,71(2nd Cir. 1999) ................................................... 8

*Zapata v. City of New York*, 502 F.3d 192,195(2ⁿᵈ Cir. 2007) cert.den. 552 U.S. 1243(2008) .................. 19

## Statutes

28 U.S.C. §1927 ...................................................................................................................... 13
29 U.S.C. §213(a)(1)—(a)17 ................................................................................................... 14
29 U.S.C. §255 ........................................................................................................................ 10
Del.Code §18-402 ..................................................................................................................... 5
Fl.Gen.Stat. 48.021, 48.031 ................................................................................................... 18
N.Y.Code Unif. R.130-1.1 ..................................................................................................... 13
NYLL§860 .............................................................................................................................. 11

## Other Authorities

5B Charles Alan Wright and Arthur R. Miller, *Fed. Practice & Procedure*, §1353 (3ʳᵈ. ed. 2004)........... 18

## Rules

F.R.Civ.P 12(b)(2), (4) and/or 12(b)(5) .................................................................................. 19
F.R.Civ.P. 11 .......................................................................................................................... 13
F.R.Civ.P. 12(b)(2) ............................................................................................................. 8, 19
F.R.Civ.P. 12(b)(4) ................................................................................................................... 9
F.R.Civ.P. 12(b)(5) ................................................................................................................... 9
F.R.Civ.P. 12(b)(6) ............................................................................................................. 6, 12
F.R.Civ.P. 12(g)(2) ................................................................................................................. 17
F.R.Civ.P. 15 .......................................................................................................................... 16
F.R.Civ.P. Rule 4 ................................................................................................................ 9, 19
F.R.Civ.P. Rule 4(c) ............................................................................................................... 18
F.R.Civ.P. Rule 4(e)(2) ...................................................................................................... 9, 18
F.R.Civ.P. Rule 4(m) ........................................................................................................ 18, 19
F.R.Civ.P. Rules 8 and 9 .............................................................................................. 7, 14, 15

Note: All authorities found on the internet. Good faith effort has been made to cite relevant material and display such in proper form and requests the Court's indulgence for any errors. Liberal treatment of this *pro se* pleading is requested.

'FACTS' [2]

These are alleged by Plaintiffs: Elliot Salzman was employed as "Executive Vice-President and Chief Credit Officer" of Sprout Mortgage, LLC ("Sprout")(Second Amended Complaint, "SAC", ¶42). [3] (However, such title is illusory; a Limited Liability Company does not have officers.)  Sprout's top executives were: 'Chief Executive Officer' Michael Strauss (SAC ¶¶ 34-37); 'Chief Financial Officer' Christopher Wright (*Id.*, ¶ 39).  Plaintiffs allege it was President Shea Pallante who 'fired' them (*Id.* ¶ 93), yet he isn't named as a defendant!

Plaintiffs vaguely allege Salzman had authority to "hire and fire employees and set their rate of pay and other conditions of employment" (SAC, ¶ 44).   The sole example given:  Plaintiff Vice-President, Credit Officer Amanda Cooper (exempt professional employee) allegedly, "was promoted twice, with attendant pay raises, while working for Defendants. Each time she received an offer letter confirming her new position and pay, it was signed by Salzman." (SAC, ¶ 45)

Such allegation clearly does not support the conclusion Salzman could "hire and fire" Cooper, since it speaks solely to her promotion, or that such 'ability' extended to anyone other than Cooper, his immediate subordinate. Salzman is not named again in the entire Second Amended Complaint.

**Plaintiffs do not allege any facts that it was Salzman who 'did' <u>any</u> of the 'acts' complained of, or owned either 'corporate defendant'.**

---

[2] Recitation of 'plaintiffs' facts' are confined to those 'well-pleaded facts' alleged in Plaintiffs' Second Amended Complaint ("SAC"). Such is not an admission of allegations or of any liability by Salzman.

[3] Recovco Mortgage Management, LLC is a Delaware entity formed on January 14, 2009 and registered to do business in New York on May 20, 2009. (N.Y. Sec. of State Doc. 3812984). Delaware entity Sprout Mortgage LLC's  managing member is Sprout Holdings, LLC, 90 Merrick Avenue, Suite 505, East Meadow, New York.  (SAC, ¶¶ 22- 27) Delaware LLCs don't have officers, only managers. Del.Code §18-402. Judicial notice of these public records and Delaware law is requested. F.R.E. 201.

STANDARDS OF REVIEW: MOTION TO DISMISS

A. Rule 12(b)(6)

A moving party may be granted judgment if the facts alleged show the party is entitled to judgment as a matter of law apparent from the pleadings presented by the parties. F.R.Civ.P. 12(b)(6).cf. *Ortiz v. Jordan,* 562 U.S. 180,188(2011); *Dupree v. Younger,* 143 S.Ct. 645(2023).

"The sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki,* 232 F.3d 321,322(2nd Cir. 2000); *Alijaj v. Wells Fargo,* 17-cv-1887(VSB)(S.D.N.Y. 2/9/2022)(labor law complaint dismissed with prejudice under 12(b)).

In deciding a Motion to Dismiss under Rule 12, a court must accept only those allegations that contain well-pleaded facts as true. *Erickson v. Pardus,* 127 S.Ct. 2197(2007); *Eastman Kodak Co. v. Henry Bath, LLC,* 936 F.3d 86(2nd Cir. 2019). Pursuant to Rule 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,555 (2007). Plaintiffs must plead "enough *facts* to state a claim to relief that is plausible on its face." *Ibid,* 550 U.S. at 570. See, e.g., *Walz v. 44 & X, Inc.,* 2012 U.S.Dist.LEXIS 161382 at *8 (S.D.N.Y. 11/7/12)(dismissing putative class action for failure to plead facts in support of allegations).

"The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.,* 988 F.2d 1157,

1160 (Fed. Cir. 1993), reh'g en banc denied. Also, *L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419,430(2nd Cir. 2011).

"A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937,1950 (2009). Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id.* Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Iqbal,* 129 S.Ct. at 1952.

In reviewing a Motion to Dismiss under 12(b)(6), the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265,286 (1886)(cited with approval in *Twombly,* 550 U.S. at 555). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Loc. 819 I.B.T.,* 291 F.3d 236,240(2nd Cir. 2002).

And, the court may include Salzman's *Affidavit* without converting this to a Rule 56 motion, since it only speaks to the service of process issue.


B. Rules 8 and 9

To satisfy the requirements of F.R.Civ.P. Rules 8 and 9 the statement of allegations must give each defendant "fair notice of what the plaintiff's claim is" as to the specific defendant and "the grounds upon which it rests." *Twombly, supra,* 550 U.S. at 555. This requires more than generalized, group (shotgun type) allegations and "a formulaic recitation of the elements of a cause of action will not do...Factual allegations must be enough to raise a right to relief above the speculative level..." *Ibid.;* and *Bartol v. Barrowclough,* 251 F.Supp.3d 855(E.D. Pa.

7

2017)(affirming dismissal of shotgun pleading, plaintiff failed to state clearly "how each and every defendant is alleged to have violated plaintiff's rights"); .

Conclusory allegations sweeping all defendants into the ambit of an allegation without naming each and describing what each allegedly did are insufficient. *Iqbal*, *supra*, 556 U.S. 662; *Destfino v. Kennedy*, 2009 U.S.Dist.LEXIS 18138, at *1 (E.D.Cal. 1/7/09)(dismissal when complaint grouped all defendants together without specifying which defendants engaged in which conduct). Allegations a defendant participated in a group without specific details relating to that person have long been held to be insufficient to state a plausible claim. See, e.g., *X-Men Security, Inc. v. Pataki*, 196 F.3d 56,71(2nd Cir. 1999)(reversing denial of motion to dismiss complaint that had conclusory allegations of 'participation' without concrete factual allegations of acts).

Precisely on point is *Ho v. Nationstar Mortgage*, 2:19-cv-10532-ODW(C.D.Cal. 12/29/20) citing *Sollberger v. Wachovia Secs., LLC*, 2010 WL 2674456 at *4(C.D.Cal. 6/20/2010) :

> One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent.

## C. Rules 4 and 12(b)(2), (4) and/or (5)

A Motion to Dismiss for lack of personal jurisdiction under F.R.Civ.P. 12(b)(2) will be granted if it appears from the facts in the record and from those over which the court may take judicial notice that Plaintiffs have failed to sustain their burden of showing the Court can obtain jurisdiction over a particular defendant. This is a threshold issue which must be resolved based on the facts to ensure due process requirements are met. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, n.15 (1985). Essential to jurisdiction is good service.

Hence, dismissal will be granted if the requirements of F.R.Civ.P. Rule 4 are not met per F.R.Civ.P. 12(b)(4) and/or F.R.Civ.P. 12(b)(5). It is the plaintiff's burden of proof to establish the adequacy of service. *Hertzner v. U.S.Postal Service,* 2007 WL 869585 at *3(E.D.N.Y. 3/20/2007). The court may look to its Docket and to Salzman's *Affidavit* when considering this issue. *Werst v. Sarar USA, Inc.,* 2018 WL 1399343 at *2(S.D.N.Y. 3/16/2018).

The failure to serve process in strict compliance with the requirements of the State wherein the defendant resides will deprive the Court of personal jurisdiction. F.R.Civ.P. 4(e).   *Keane v. Kamin,* 94 N.Y.2d 263,265(1999). All subsequent proceedings against that defendant are rendered "null and void". *Nationstar Mortgage, LLC v. Gayle,* 191 A.D.3d 1002(2nd Dept. 2021). Failure of a plaintiff to provide proof of service of a Summons and Complaint requires dismissal. *Wells Fargo Bank, N.A. v. Enitan,* 200 A.D. 3d 736 (2nd Dept. 2021).  Salzman files this pleading while preserving his objections to service and/or the sufficiency thereof.

ARGUMENT

I.    SALZMAN IS ENTITLED TO IMMEDIATE JUDGMENT BASED ON THE LAW.

The First Cause of Action is pursuant to the FLSA. (SAC ¶¶106—113). The Second and Third Causes of Action are under the New York Labor Laws (SAC ¶¶114-121).  These are the only three Causes which are "As Against All Defendants".  The remainder pertain only to the 'Corporate Defendants'.  Salzman is defined as an 'individual defendant'. (SAC ¶42). Each Cause incorporates all prior allegations in shotgun fashion, but none of the allegations specifically refer to Salzman except SAC ¶¶42-45. No allegation supported by cogent facts demonstrates Salzman is the 'employer' or an owner thereof. None factually state Salzman had any actual part in the layoffs.  None of the First Three Causes can survive Rule 12(b)(6) dismissal.

Courts frequently grant motions to dismiss FLSA and NYLL claims against individually-named defendants when Complaints are devoid of factual allegations sufficient to support a finding of "employer" status for an individual employee such as Salzman. See *Gill v. Acacia Network*, 2015 U.S. Dist. LEXIS 34009, at *15-17(S.D.N.Y. 3/18/15) (dismissing with prejudice complaint against the individually-named defendants who were members of the corporate employer's executive staff where plaintiffs "merely restate the legal test to qualify as an 'employer' under the statute, by noting that the executive staff was 'responsible for hiring and firing and in control of all conditions affecting our employment and compensation.'").

Instructive is this District's decision with nearly identical facts and procedure as herein. *Garnett-Bishop v. Ny.Y. Cmty. Bancorp, Inc.*, 12-cv-2285(ADS)(ARL)(E.D.N.Y. 11/6/2014). Thirty-One Plaintiffs from five consolidated cases filed claims alleging the Defendant Bank and individual Defendant employees thereof fired 400 people without warning and failed to pay back

wages and other benefits. The court held that the Amended Complaint could be dismissed for lack of jurisdiction for improper service and amendment would be denied as futile. *Ibid.* (slip op. 12-14, 18-20, 26-27). The court also said the Amended Complaint should be dismissed under *Iqbal* because it lacked factual allegations of plausibility (see Sec. II, *infra*).

Similar to the First to Third Causes of Action in the Second Amended Complaint in this case, the *Garnett* Plaintiffs tried to hold the individual employee defendants liable under NYSHRL which does permit an individual to be held liable similar to FLSA. The Court was not persuaded and the same logic should be applied to this case:

> An individual qualifies as an "employer" when that individual has "an ownership interest in the relevant organization or the power to do more than carry out personnel decisions made by others." Id. (citing *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 57 (2d Cir. 2012)). Courts have found that allegations of a defendant's corporate title, without more, are not enough to show that the defendant has the power "to do more than carry out personnel decisions"; rather, courts have required that plaintiff make specific allegations that a defendant had independent authority over personnel decisions, such as hiring, pay, schedule or termination. ..See *Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F. Supp. 2d 261, 272 (E.D.N.Y. 2013) (finding that individual defendants were not "employers" ...where "[t]he allegations in the amended complaint, even if true, demonstrate only that [two of the defendants] had the power to supervise [the] plaintiff in his daily duties and to evaluate his performance, ...*Maher v. Alliance Mortgage Banking Corp.*, 650 F. Supp. 2d 249, 260 (E.D.N.Y. 2009) ("The fact that [the defendant-sales manager/vice president] may have had supervisory control over [the] [p]laintiff's father and other employees at Alliance or that [the plaintiff's father] may have sought his permission to hire Plaintiff, without more, does not subject Defendant to liability...

Salzman was not an 'owner'/employer and the Second Amended Complaint is devoid of any factual allegation to the contrary. The sole allegation is that Salzman twice gave a letter of congratulations to his subordinate advising her of a promotion.[4]  No factual allegations state Salzman had the ability to fire all employees, or did so personally, or was directly involved.

**Plaintiffs admit it was President Pallante who fired them.  SAC ¶93.**

And, see, *Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, at *17-18 (S.D.N.Y. Oct. 8, 2013) (dismissing FLSA and NYLL claims against four individual defendants where plaintiffs alleged that each individual defendant was a "principal" of a corporate defendant and that all of the individual defendants "exercised control over the terms and conditions of Plaintiffs' employment by exercising power to fire and hire, determining rate and method of pay, determining employee work schedules, maintaining employee records, and otherwise affecting the quality of employment" because "these conclusory allegations alone are insufficient to satisfy the 'economic reality test'"); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details -- essentially 'a formulaic recitation of the elements of a cause of action' -- are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA"). Relief cannot be granted to Plaintiffs against Salzman and this Second Amended Complaint should be dismissed with prejudice. F.R.Civ.P. 12(b)(6). *Aguilar v. New Dairy Del.,*

---

[4] As in almost all companies, promotions are approved by Human Resources, which issue such letters for department head signatures. (SAC ¶45).  Plaintiffs cannot be permitted to leap from a single instance to a public policy argument widening the scope of 'employer' to every person who congratulates an employee on a promotion. See, e.g., *Robles v. Goddard Riverside Cmty,* 2009 WL 1704627 at *3(S.D.N.Y. 6/17/2009) holding individual Board of Director members not liable because the plaintiff "proffered neither facts demonstrating any participation by such defendants in the discharge decision..." Nothing in case law supports such leap.

*Inc.,* 22 civ 3700(NSR)(S.D.N.Y. 9/8/2023)(dismissal with prejudice granted: "threadbare recitals of the elements to establish employer liability do not suffice to state a plausible claim for relief. See *Huer Huang v. Shanghai City Corp.*, 459 F.Supp.3d 580,585(S.D.N.Y.2020)"). The Second Amended Complaint does not factually allege any of the four factors of the economic realities test set forth in *Carter v. Dutchess Community College,* 735 F.2d, 8,12(2nd Cir. 1984).

Salzman, a Florida citizen, is enmeshed in this New York case based on an absence of factual allegations of liability under the law. Plaintiffs know they can't make any FLSA claim against Salzman as an employer so try to drag him in to a minimum wage claim, when they are really claiming non-payment by their employer Sprout, after being fired by President Pallante, who isn't even a defendant in this action!

This is one of those instances where justice and equity argue for terminating Salzman's involvement immediately unless Plaintiffs and their attorneys can advance good faith arguments why this matter should not be disposed of as to Salzman given the requirements of F.R.Civ.P. Rules 11 and 12, 28 U.S.C. §1927, and/or N.Y.Code Unif. R.130-1.1 (see *Citigroup Global Markets, Inc. v. Fiorilla,* 2018 N.Y.Slip Op.31919(N.Y.C'nty.Comm.Div. 8/1/18) and *Levy v. Carol Mgt. Corp.,* 260 A.2d 27,34(1st Dept 1999)(continuing frivolous litigation when conduct brought to attention of parties or counsel and awarding sanctions of $213,832.50); *Byrne v. Nezhat,* 261 F.3d 1075,1112(11th Cir. 2001)(affirming sanctions because counsel submitted complaint with no reasonable factual basis as to particular defendant)).

II.     DISMISSAL WITH PREJUDICE UNDER RULES 8, AND/OR 9 IS
        APPROPRIATE. AMENDMENT WOULD BE FUTILE. [5]

SAC ¶ 107 states "Defendants have engaged in a widespread pattern and practice of violating the FSLA, as detailed in this Complaint."  Despite such averment, no 'widespread pattern' or 'practice' is 'detailed' anywhere in the Complaint. On the contrary, it appears only a single instance is alleged, i.e. the period immediately preceding the company's unforeseen shutdown on July 6, 2022 (SAC ¶ 82).

SAC ¶111 states "Defendants violated the rights of Plaintiff and Class Members by failing to pay them the minimum wage for each hour worked…"  This conclusory allegation fails to meet the standards required by Rules 8 and 9 of the F.R.Civ.P.  Nothing in such allegation informs any of the defendants, individual or corporate, which defendant is alleged to have performed what action, when, how, or to whom. It certainly does not state Salzman had any role in the payment of wages.   Next, it fails to inform which putative Class Members are included or excluded from this Cause of Action.  29 U.S.C. §213 contains definitions of persons excluded from coverage under the FSLA.  These include executives, administrative or professional capacity persons, computer systems analysts, or others similarly situated, together with a whole host of other exempt employees.  See 29 U.S.C. §213(a)(1)—(a)17.  Plaintiffs may have swept all of these exempt employees into the putative Class, including one or more of the named plaintiffs.

Using the generic, shotgun term 'defendants' without any specifics among the 5 defendants is insufficient to put any party on notice of what he is alleged to have done wrong.

---

[5] The following is presented in the event dismissal is not granted under Rule 12(b)(6) based on the arguments set forth in Section I.

The entire SAC suffers from the same defects. ¶47 states "On or about July 6, 2022, Defendants ordered the termination of the Plaintiffs' employment...." SAC ¶112 states "Defendants failure to pay Plaintiff and Class Members the minimum wage was willful..." Such allegations are conclusory and lack the required specificity to place Salzman and/or the other defendants on notice of who is alleged to have done what, how, when and to whom.

A claim has facial plausibility when the pleaded factual content allows the court to draw the inference that a specific defendant is liable for the misconduct alleged. Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, are insufficient to overcome a motion to dismiss for failure to state a claim. *Twombly, supra*, 550 U.S. at 555; *Iqbal, supra,* 556 U.S. at 679. The FLSA requires willful behavior. Defendants are each entitled to know which of his/their specific acts were willful. Minimal pleading is unacceptable. See, e.g., *Pac. Marine Ctr., Inc. v. Silva*, 2009 U.S.Dist.LEXIS 93731 at *20(E.D.Cal. 10/7/09). Cf. *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455(2nd Cir. 2019)(dismissal upheld under PSLRA).

Although detailed, extensive factual allegations may not be required under Rule 8, more than "an unadorned, the defendant-unlawfully-harmed-me accusation" is required. *Iqbal, supra,* 556 U.S. at 678. The Second Circuit has adopted a heightened pleading standard for plaintiffs asserting claims under the FLSA. See, *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315,320(2nd Cir. 2021)(holding a plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a specific defendant willfully violated the FLSA).

Even when viewed in a light most favorable to the plaintiffs, this Second Amended Complaint fails and cannot be repaired as to Salzman within the requirements of F.R.Civ.P. Rules 9 and 11. A "district court need not...allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously

15

allowed; ...or 3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161,1163(11th Cir. 2001). As such, the Second Amended Complaint should be dismissed with prejudice as to Salzman. Plaintiffs have had three bites of the proverbial apple already. They failed to properly state a claim in the First Amended Complaint and failed to serve Salzman with that pleading (see Sec. III). Then, when given another opportunity to plead, they failed to cure the obvious deficiency of conclusory pleading allegations, and again failed to serve Salzman with a Summons and copies of all prior Complaints. None of the three Complaints comes even remotely close to tying Salzman to the Causes of Action despite having 17 months in which to do so. This undue delay argues in favor of a dismissal with prejudice and denial of leave to amend yet again. See, *Pines Props., Inc. v. Amer. Marine Bank,* 156 F.App'x 237,240 (11th Cir. 2005).

Permitting plaintiffs an opportunity to amend a third time 18 months after this case was filed would be futile and highly prejudicial to Salzman. F.R.Civ.P. 15; *Steamfitters Indus.Pension Fund v. Endo Int'l PLC,* 771 F.App'x 494 (2nd Cir. 2019)(denial of amendment after 12(b)(6) affirmed). There is no valid excuse for Plaintiffs' failure to assert all of the claims with sufficient specificity as to Salzman in any of the earlier pleadings. See, e.g., *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213,1217(11th Cir. 2004)(affirming denial of leave to amend where the plaintiff had no viable explanation for why she could not have included proposed allegations in her original complaint or her first amended complaint).

Even were an amendment to be permitted, the new pleading would still be subject to dismissal, since there is no possibility of any factual allegation being set forth that cure the legal deficiencies in the Second Amended Complaint. *Panther Partners Inc. v. Ikanos Comm'ns, Inc.,* 681 F.3d 114,119(2nd Cir. 2012); also, *Burger King Corp. v. Weaver,* 169 F.3d 1310,1320(11th Cir. 1999); *IBEW Loc. Union No. 58 Pens.Fund v. Royal Bank of Scotland Grp, PLC,* 783 F.3d 383,

16

389(2nd Cir. 2015). And, see, *In re Lifetrade Litig.*, 1:17-cv-2987(JPO)(S.D.N.Y. 5/9/22)(affirming denial of leave to amend to add new factual allegations to complaint).

III.   THIS MATTER SHOULD BE DISMISSED AS TO SALZMAN FOR LACK OF SERVICE AND/OR INSUFFICIENCY OF SERVICE AND JURISDICTION IF NOT DISMISSED UNDER RULES 8, 9 OR 12(B)(6). [6]

PROCEDURE AND SERVICE ISSUES

The Complaint was filed on July 8, 2022 (EDF 1). On August 3, 2022, Plaintiffs filed an Amended Complaint adding Salzman as an 'individual defendant' (EDF 26). The Court Clerk's Electronic Docket does not reflect any Summons being requested by Plaintiffs or issued by the Clerk against Salzman. Plaintiffs allege Salzman "resides in Long Beach, New York" (SAC, ¶ 43). Salzman is a citizen and resident of Florida.[7] See Salzman *Affidavit* ("S.Aff." ¶¶ 2-3).

**Salzman was never personally served with any Summons, Complaint, or Amended Complaint despite the requirements of Rule 4, F.R.Civ.P (S.Aff. ¶ 4).**

Nor did Salzman authorize anyone to accept service (S.Aff. ¶ 5). No attorney filed an appearance for Salzman (S.Aff. ¶ 6). On October 24, 2022, Plaintiffs filed a Second Amended Complaint (EDF 92). This, also, was never served upon Salzman (S.Aff. ¶ 7). But attorney Deserio timely filed a "Letter Motion to Dismiss" on behalf of Salzman and Wright (11/23/2022 EDF 112).

---

[6] The following section is included per the directive in F.R.Civ.P. 12(g)(2) for the court's consideration if and only if dismissal is not granted under Rules 8, 9 or 12(b)(6) based on the arguments in Sections I and/or II.

[7] Salzman resided at 13176 Wexford Hollow Rd N., Jacksonville, FL, acquired Dec. 21, 2021, Duval Official Records Book 20077, pg 1989. On November 4, 2022, Salzman acquired a principal residence / homestead at 12156 Cedar Trace Dr. N., Jacksonville, FL by Deed recorded in Duval County Official Records Book 20489 pg 1570. Judicial notice of this public record requested per F.R.E. 201.

On November 23, 2022, attorney Deserio filed an Answer on behalf of Recovco, Sprout and Strauss (EDF 109). Such 'Answer' was not served upon Salzman (S.Aff. ¶ 8). On December 5, 2022, attorney Wenger filed an appearance on behalf of Recovco, Sprout and Strauss, but not of Salzman (EDF 121). On February 7, 2023, attorney Krebs filed an appearance on behalf of Recovco, Sprout and Strauss, but not of Salzman (EDF 126). **<u>Salzman has never been served to his knowledge, nor does he know of any attempt by Plaintiff to do so, or reasons why they couldn't</u>** .

F.R.Civ.P. Rule 4(c) requires service of an initial pleading against a party, i.e. the First Amended Complaint, together with a Summons issued by the Clerk in the format prescribed by Rule 4(a) within the time set forth in F.R.Civ.P. Rule 4(m). An insufficient service of process defense challenges the lack of delivery of the summons and complaint. 5B Charles Alan Wright and Arthur R. Miller, *Fed. Practice & Procedure*, §1353 (3rd. ed. 2004).

Salzman's name was added to the First Amended Complaint as an 'individual defendant' (EDF 92). No Summons was requested by Plaintiffs as to Salzman and none was served upon him per the Clerk's docket. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97,104(1987). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of New York Mellon*, 580 F.App'x 690,694(11th Cir. 2014); *Allstate Ins.Co. v. Rosenberg*, 771 F.Supp.2d 254,260 (E.D.N.Y. 2011). If not properly made, the Court lacks personal jurisdiction. *Sartor v. Toussaint*, 70 F. App'x 11,13(2nd Cir. 2003); *Dickerson v. Napolitano,* 604 F.3d 732,752(2nd Cir. 2010).

Salzman is a citizen of Florida and did not receive any personal service. Service of process in Florida is required to be made on the person only by a sheriff or a person appointed by the court.

Fl.Gen.Stat. 48.021, 48.031. F.R.Civ.P. Rule 4(e)(2) prescribes that service must be made personally, or left at the person's usual place of abode with a person of suitable age and discretion who resides there. No evidence exists that such service was made, either in Florida, or in New York.[8] To Salzman's knowledge, no request for waiver of service pursuant to Rule 4(d) was made of him, nor did he ever issue such consent. The lack of compliance with F.R.Civ.P. Rule 4 deprives the court of personal jurisdiction. F.R.Civ.P. 12(b)(2), (4), (5); *Redd v. FNMA, et al.,* 2:19-cv-01045-PKC-RML(E.D.N.Y. 3/31/2020).

When Plaintiffs filed their First Amended Complaint, they were required to serve Salzman, as a newly named party, with a Summons, the original Complaint and any Amended Complaints. *Hall v. Robinson,* 618 F.App'x 759,762(5th Cir. 2015)(upholding dismissal where plaintiff did not serve a summons and amended complaint on a newly named defendant). F.R.Civ.P. Rule 5.

The First Amended Complaint was filed on August 3, 2022. Per Rule 4(m), F.R.Civ.P., plaintiffs had 120 days to personally serve Salzman. Failure to timely perfect service mandates dismissal. *Id.* Plaintiffs may obtain an extension if it demonstrates 'good cause' *Id.*, but the burden is on Plaintiffs to do so. *Wilson v. Prudential Financial,* 332 F.Supp. 2d 83, 87(D.D.C. 2004). Mistake by plaintiff is not good cause. *Horenkamp v. van Winkle & Co.,* 402 F.3d 1129,1130(11th Cir. 2005). Over 17 months has passed and no attempt to serve Salzman was ever made and no extension of time to obtain a Summons was requested. This Complaint must be dismissed as to Salzman. *Zapata v. City of New York,* 502 F.3d 192,195(2nd Cir. 2007) *cert*.den. 552 U.S.

---

[8] The SAC alleges Salzman resides in Long Beach, NY. Without admitting such, there is no evidence in the Court's record that plaintiffs made any attempt to serve Salzman at such address. Even if Salzman were somehow aware of the existence of this case, such is not sufficient to cure the absence of, or any insufficiency in, or defectively executed service. *Albra v. Advan, Inc.,* 490 F.3d 826,829(11th Cir. 2007). Dismissal is mandatory under F.R.Civ.P 12(b)(2),(4) and/or 12(b)(5); *Morrissey v. Mayorkas,* 333 F.R.D.1(D.C.Cir. 2020) *cert*.den. ___U.S.___(2023).

1243(2008); *Hawthorne v. Citicorp Data Sys., Inc.,* 219 F.R.D. 47,49(E.D.N.Y. 2003)("Without proper service a court has no personal jurisdiction over a defendant."); *Steinberg, Receiver v. Barclays Nominees,* 0:04-cv-60897-KAM(doc. 173) (S.D.Fla. 9/30/08)(dismissing Amended Complaint for failure to serve on new defendant PaineWebber, Inc. within 11 months of filing).

## CONCLUSION

Judgment and/or dismissal with prejudice should be granted at this time and discovery denied Plaintiffs under either Rule 12(b)(1)(2),(4)(5), or 12(b)(6).. The law is clear that a non-owner employee or any individual is not liable under the FLSA or the NYLL.

Amendment should be denied as futile.[9]

MOVANT

*Elliot Salzman*

Date:   January 13, 2024

ELLIOT SALZMAN, pro se
12156 Cedar Trace Dr. N.,
Jacksonville, FL 32226
Phone: 201-394-3500
Email: Esalzman@gmail.com

---

[9] The only federal jurisdiction in this action relating to Salzman is tied to the First Cause of Action under the FSLA. The Second and Third Causes are state law claims. If the First Cause is dismissed, this Court should exercise its discretion and dismiss the state law claims as to him. The exercise of supplemental jurisdiction is not overly favored in the Second Circuit. See, e.g., *Cohen v. Postal Holdings,* 873 F.3d 394(2nd Cir. 2017)(dismissal mandated if federal claim dismissed under 12(b)(1)). Salzman reserves all objections to Class Certification under Rule 23 and/or 29 U.S.C. Sec.216.

## AFFIRMATION OF SERVICE

I hereby certify under Rule 11, I have served a copy of the Notice of Motion,  Affidavit of Salzman and Memorandum of Law on this date when document is filed by the Clerk on plaintiffs in care of their attorneys or pro se person to the last known address:

Brenna Rabinowitz, Menken, Simpson & Rozger LLP, 80 Pine St., 33rd Fl., NY, NY 10005

Christopher Wright, 15 Paul St., Port Jefferson Sta, NY 11776

Michael Strauss, 367 Great Plains Rd., Southampton, NY 11968

Sprout Mortgage, LLC, 367 Great Plains Rd., Southampton, NY 11968

Recovco Mortgage Mgt, LLC, 367 Great Plains Rd., Southampton, NY 11968

Through regular mail electronic means, using the Electronic Filing of the U.S. District Court, to which all named attorneys have access as attorneys of the Eastern  District of New York per F.F.Civ.P. 5(b(2)(E) and by regular mail to the above address.   To all parties, Take Notice: I have not consented, nor do I consent to service by 'electronic' 'or other means' of any type or method. See F.R.Civ.P. 5(b)(2)(E),(F).   Service of any pleading or document must be made in strict compliance with F.R.Civ.P.5(b)(2)(C). See, *O'Neal Constructors, LLC v. DRT America, LLC*, 991 F.3d 1376(11th Cir. 2021).  This document mailed to Clerk of Court, Eastern District of New York on above date at Pro Se Clerk, 225 Cadman Plaza East, Brooklyn, NY 11201, attn. Pro Se Office.


January 13, 2024

*Elliot Salzman*
ELLIOT SALZMAN, PRO SE