MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

**VIA ECF**                                                        February 9, 2024
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Agudelo et. al. v. Recovco Mortgage Management LLC et. al.*
        Case No. 22-cv-4004

Dear Judge Azrack:

    This law firm represents Plaintiffs in the above-captioned matter. We are in receipt of De-
fendant Christopher Wright's letter requesting a pre-motion conference, and we write to propose
a schedule for addressing all parties' pending motions. Defendants Wright and Salzman consent
to the portion of the letter pertaining to the proposed briefing schedule, but do not consent to the
portion of the letter pertaining to Plaintiffs' motion to amend the complaint.

    As Plaintiffs have previously apprised the Court, they intend to seek permission to file a
motion to amend the operative complaint to consolidate it with several class actions filed in Cali-
fornia state court which arise out of the same events underlying the Complaint in this case. Along
with amending to add the California actions, Plaintiffs will seek the Court's permission to add
factual allegations against Defendants Salzman and Wright that have come to light through Plain-
tiffs' continued factual investigation, including that (1) Defendant Salzman directly supervised
Holly Keith, Sprout's former Senior Vice President ("SVP") of Secondary Due Diligence, and
Christine Moore, Sprout's former SVP of Underwriting Credit, and his approval was required for
these employees to make any new hires; and (2) Defendant Wright continued working for Sprout
after the company shut down, taking on responsibility for winding up the company's financial
affairs and therefore for continuing to withhold wages from employees. Plaintiffs note that they
have obtained this information in the absence of any discovery as to the Individual Defendants'
employer status to date, and are confident that they will secure more evidence of Defendants
Wright and Salzman's liability under the FLSA and state labor laws once discovery proceeds.

    Should Plaintiffs be granted permission to amend the operative Complaint, Defendants
Wright and Salzman's motions to dismiss the currently operative complaint will be moot. Further,

Individual Defendant Michael Strauss is also in the process of seeking counsel, and is required to retain counsel on behalf of Recovco Mortgage Management LLC, of which he is the representative. *See* ECF No. 22; *see also* Order of December 18, 2023 (stating that "Defendant Recovco Mortgage Management LLC is notified that it must have counsel; it cannot proceed pro se."). Should Strauss make a similar (albeit patently baseless) motion to dismiss him as an individual Defendant, it will serve judicial economy to address all motions to dismiss together, and after a new amended Complaint is filed and Defendants have either renewed or amended their motions to dismiss in response.

Strauss has until March 8, 2024, to retain counsel under the Court's order of January 8, 2024. Plaintiffs anticipate that they will be able to file their motion to amend the Complaint within ten days of that date. The parties therefore propose that:

- Plaintiffs will submit a pre-motion letter seeking the Court's permission to file an amended Complaint by February 15, 2023;
- Should the Court grant leave to amend, Plaintiffs will submit their motion to amend by March 18, 2024;
- Defendants be given 30 days from the filing of the newly amended Complaint to answer, file revised motions to dismiss, or ask the Court to consider their currently pending motions to have been submitted against the new Complaint; and
- Plaintiffs be given ten days to reply to Defendants' oppositions.

In the alternative, if the Court is not inclined to postpone consideration of Defendants Wright and Salzman's motions, the parties request that the Court order a briefing schedule for both motions to be addressed together since they move to dismiss on the same grounds. Since Salzman has already been exempted from the pre-motion conference requirement as a *pro se* litigant, the parties respectfully request to dispense with the pre-motion conference for Wright as well and allow him to submit his motion by February 16, 2024. Plaintiffs request to be given 30 days from the date of Defendant Wright's filing to respond to both motions, and that Defendants Wright and Salzman each be given ten days to reply to Plaintiffs' opposition, with their reply briefs being limited to twelve pages combined.

Sincerely,

*/s/ Scott Simpson*
Scott Simpson
Bruce Menken
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, New York 10005
(212) 509-1616
bmenken@nyemployeelaw.com

cc: All parties (via electronic mail)

2