# MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

**Via ECF**　　　　　　　　　　　　　　　　　　　　　　　　April 19, 2024
Hon. Lee G. Dunst
Magistrate Judge
United States District Court
Eastern District of New York

      Re: *Agudelo v. Recovco Mortgage Management LLC et al.,* No. 22 Civ. 4004

Dear Judge Dunst:

     Plaintiffs seek permission to amend their complaint to (1) join the claims of two California state class actions[1] with the instant proceedings in the EDNY; (2) add the named Plaintiffs and Defendants of the California class actions, to the extent not already named in the above-captioned matter, as parties to this action, and remove Holly Keith as a named Plaintiff; and (3) add a handful of allegations as to individual Defendants Christopher Wright and Elliot Salzman. Defendant Wright consents to amendments (1) and (2). Defendant Salzman does not consent to any amendments, and Plaintiffs were unable to reach an agreement with him after several attempts. The proposed Third Amended Complaint is attached hereto as Exhibit 1 (clean version) and Exhibit 2 (redline version).

## History and Current Status of the Case

     The original Complaint in this matter was filed on July 8, 2022. *See* ECF No. 1. Plaintiffs filed an Amended Complaint as of right on August 3, 2022, and a Second Amended Complaint with the consent of Defendants on October 24, 2022. Defendants' purportedly limited assets[2] were an issue from the start, and the parties therefore engaged in settlement discussions and limited discovery into the assets of Defendants Strauss, Recovco, and Sprout from September 2022 through June 2023. *See* ECF Nos. 47, 95, 114, 131, 139, and 146. In March 2023, following private mediation, the parties reached a settlement in principle. ECF No. 172. Due to New York counsel's

---

[1] The two California actions are (1) *Karen Kelley, individually and on behalf of all other persons similarly situated, and on behalf of the general public v. Sprout Mortgage, LLC, a Delaware limited liability company, and Does 1 through 50, inclusive* (Santa Cruz County Superior Court, State of California, 30-2022-01246916-CU-OE-CXC) ("*Kelley*"); and (2) *Jared Sawyer and Scott Harvey v. Sprout Mortgage, LLC, et al.* (Orange County Superior Court, State of California, Case No. 30-2022-01271017-CU-OE-CXC) ("*Sawyer*").

[2] The forensic accountant Plaintiffs hired to review Strauss' and the Corporate Defendants' assets concluded that significant assets had been withdrawn from the companies by Strauss and could not be accounted for in the financial documents Strauss produced to Plaintiffs.

efforts, Plaintiffs were able to obtain a settlement of $3.5 million, $1.95 million of which was placed in escrow with a third-party class action administrator. On June 1, 2023, the parties sought preliminary approval of a class-wide settlement. ECF No. 201.

Before the Court could rule on the parties' preliminary approval motion, Defendants filed a Notice of Suggestion of Bankruptcy on July 12, 2023. ECF No. 211. On October 16, 2023, the Court terminated the motion for preliminary approval as moot. *See* J. Azrack Order of Oct. 16, 2023. On December 18, 2023, Judge Azrack ordered that the settlement stay be lifted and the case moved forward, with the exception of continuing the stay as against Defendant Sprout due to the ongoing bankruptcy proceedings. Since then, former defense counsel withdrew from the case, *see* M.J. Dunst Order of Jan. 9, 2024, and Defendants Wright and Salzman both moved to dismiss the operative Complaint, which motions were denied without prejudice to renew after the instant motion is decided. *See* J. Azrack Order of Feb. 12, 2024. Strauss and Recovco have failed to appear through counsel by the deadline of March 8, 2024, set by Judge Azrack, and have not responded to any of Plaintiffs' attempts to communicate with them. *See* M.J. Dunst Orders of Jan. 9, 2024, and Mar. 19, 2024. No scheduling order has yet been entered setting deadlines for amendment of pleadings, discovery, and other motion practice. *See* M.J. Dunst Order of Feb. 13, 2024.

## Legal Standard

### *Fed. R. Civ. P. 15(a)*

Fed. R. Civ. P. 15 (a) provides that a court "should freely give leave [to amend] when justice so requires." Leave to amend is routinely granted, due to Courts' preference for resolving cases on the merits rather than technicalities. *See Watt v. City of New York*, 2024 WL 1401300, at *3 (E.D.N.Y. 2024) (citations omitted). Leave to amend may be denied for, *inter alia*, undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party; or futility of amendment. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Mere delay, absent a showing of bad faith or undue prejudice, is not a basis for the district court to deny the right to amend, and prejudice to the opposing party is the most important factor in denying leave to amend. *See id.* (citation omitted). None of these factors are present in Plaintiffs' request to amend.

### *Fed. R. Civ. P. 20 and 21*

Because Plaintiffs seek leave to add new parties and remove one named Plaintiff, the Court must also consider the proposed amendment under Fed. R. Civ. P. 21, which provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. However, the "same standard of liberality applies under either Rule." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y., 2010) (collecting cases). Fed. R. Civ. P. 20 also governs when persons may be joined in an action as plaintiffs or defendants, and calls for a similarly lenient review when considered in the context of a motion to amend under Rule 15(a). *See Anzovino v. Wingate of Dutchess, Inc.*, 2022 WL 17076750, at *3 (S.D.N.Y. 2022) (citation omitted).

## The California and New York Actions Should be Combined[3]

Amending the operative Complaint to add the allegations asserted in the *Sawyer* and *Kelly* cases to the instant proceedings is efficient, logical, and appropriate. All three lawsuits involve the same parties – employees of Sprout and Recovco, the corporate Defendants, and top executives of the companies who are alleged to be employers under the Fair Labor Standards Act ("FLSA"), California Labor Law ("CLC"), and New York Labor Law ("NYLL"). The claims in each lawsuit arise out of the same factual basis – the shutdown of corporate Defendants Sprout and Recovco and the resulting numerous violations of federal and state labor and WARN laws. *See Sawyer* and *Kelley* Complaints, attached hereto as Ex. 2 and 3. Moreover, the center of gravity of the case is in New York, where Sprout's headquarters were located, where multiple Defendants reside, and where significant assets are located which will likely be in dispute in the event of a judgment.

Plaintiffs have demonstrated no bad faith or dilatory motive in waiting until now to add these allegations to their Complaint: the settlement agreement reached between the parties in 2023 provided for the filing of an Amended Complaint that would combine the claims of all three actions for purposes of settlement, so there was no reason for Plaintiffs to make a separate motion to amend to add the claims before the present stage of the case. Further, Defendants are not prejudiced by litigating all claims arising out of the shutdown in one venue. On the contrary, litigating in three different courts on opposite coasts of the United States would be the antithesis of judicial efficiency, requiring all parties to waste time and money on duplicative discovery, motion practice, and trials, and would create the possibility of inconsistent outcomes if courts reach different conclusions as to Defendants' liability, or the amount thereof. Further, separate litigations would create a race to secure and enforce judgment because of the limited assets available from Defendants to satisfy a judgment in any given case. Rather than this hasty and haphazard approach to securing relief, it would work to the benefit of all parties to proceed in an orderly fashion and apportion any available funds obtained through a judgment according to a just system of compensation for each class member. Therefore, the cases should be joined in the EDNY.

## Plaintiffs Should be Permitted to Add and Remove Named Parties[4]

The caption of the case should be updated to reflect the combined Plaintiffs and Defendants of the instant matter and both California class actions. First, Shea Pallante was originally named as a Defendant in the California actions, but not in the above-captioned action. Pallante was based in California during his time as President of Sprout, and Plaintiffs' counsel in the instant matter primarily interviewed Sprout employees that had been located on the East coast or reported to the New York office. None of the employees interviewed at that time had knowledge of Pallante exercising the necessary hiring and firing or other authority to be considered an employer under the relevant employment statutes. As Plaintiffs' counsel was careful to name only those

---

[3] Only Defendant Salzman has refused to consent to combining the three actions to be litigated together in this Court. Plaintiffs' counsel repeatedly pointed out to Defendant Salzman that this approach would serve judicial economy as well as Defendant Salzman's own interest, as he resides on the East coast and is proceeding *pro se* in this litigation, and therefore is likely the party who stands to suffer the greatest prejudice by being required to litigate three separate cases, in three jurisdictions, roughly three thousand miles apart. However, since Defendant Salzman refuses to consent to joinder of the three class actions, Plaintiffs provide here a brief analysis of why the cases should be combined.

[4] Again, Defendant Salzman is the only one who opposes this amendment, despite having no discernible stake in the outcome of this issue other than arguably benefitting from the addition of another Defendant who is jointly and severally liable to Plaintiffs.

Defendants whom their investigation suggested possessed the necessary authority to render them employers under the FLSA and/or NYLL, Plaintiffs did not name Pallante in the operative Complaint. However, California counsel's investigation of their own claims revealed that Pallante does possess the requisite authority. As an alleged employer, Pallante would be jointly and severally liable to Plaintiffs, and the claims against him arise out of the same series of transactions or occurrences as the claims against the other Defendants. Therefore, he is appropriately named as a Defendant in the proposed combined lawsuit.

Second, Holly Keith has asked to be removed as a named Plaintiff, and there is no reason to force her to continue to take an active role in this litigation against her wishes. Therefore, Plaintiffs request that she be removed. *See* Fed. R. Civ. P. 21.

Finally, each of the named Plaintiffs in the California class actions wishes to proceed as a named Plaintiff in the proposed combined litigation. Adding class representatives is appropriate because Defendants are jointly and severally liable to the California class representatives, and the claims of the California plaintiffs arise from the same series of events as the claims of the New York plaintiffs. Amendment of pleadings to add parties is particularly warranted in the class action context given that courts seek to address any concerns with a class representative's adequacy as expeditiously as possible. *See Haley v. Teachers Insurance and Annuity Association of America*, 337 F.R.D. 462 (S.D.N.Y., 2020), *vacated on unrelated grounds by Haley v. Teachers Insurance and Annuity Association of America*, 54 F.4th 115, 124 (2d Cir. 2022). Therefore, the Complaint should be amended to include the named Plaintiffs from each of the three actions.

### **Plaintiffs Should be Permitted to Add Factual Allegations Against Defendants Wright and Salzman**

The interests of justice would be served by granting leave to amend to add factual allegations against Defendants Wright and Salzman. Although Plaintiffs have already alleged sufficient facts supporting employer liability for Defendants Wright and Salzman to withstand a Rule 12(b)(6) motion to dismiss, Plaintiffs seek to amend their Complaint to add additional factual allegations detailing Wright's and Salzman's individual liability under the FLSA, CLC, and NYLL. *See* Ex. 2, ¶¶ 43-46; 50-60. Justice will be thwarted if Wright and Salzman are allowed to escape liability prior to any discovery into their roles at the Defendant corporations.

First, the proposed amendment would not cause prejudice or delay to Wright or Salzman. In *In Re Carlotz, Inc. Sec. Litig.*, 2024 WL 1348749, at *3 (S.D.N.Y. 2024), the Court, applying a Rule 15(a) analysis, denied defendants' motion to strike new allegations in an amended complaint because "[t]hese allegations do not materially change the scope of this litigation. And though this case has been pending for several years, it is still in its early stages… Discovery is stayed [and] there has been no schedule set beyond the motion to dismiss." This case is in precisely the same position as the *Carlotz* case, and the proposed additional allegations do not change the scope of the instant litigation at all. *See* Ex. 2, ¶¶ 43-46; 50-60. Far from causing delay, adding details regarding Wright's and Salzman's roles may avert or narrow the scope of their anticipated 12(b)(6) motions. Further, because of the long delay caused by the parties' ardent attempts to resolve the case, Wright and Salzman have not been required to undertake substantial motion practice, request or provide any discovery, or solidify a legal strategy based on the operative complaint, and therefore they will not be prejudiced by the addition of a handful of relevant details as to their employer status.

Moreover, Plaintiffs have acted in good faith in seeking to amend their Complaint. As discussed *supra*, the bulk of time spent on this case to date has involved discovery into the assets of the Defendants other than Wright and Salzman, and a nearly successful attempt to settle this case and avoid litigation altogether. While attempting to resolve the case out of court, there was no reason for Plaintiffs to seek to add allegations against Defendants Wright and Salzman prior to the current juncture, when litigation against these Defendants is now moving forward. Nothing in Plaintiffs' decision to concentrate on the potential resolution of the case suggests deception, misdirection, or any other factors indicating bad faith. On the contrary, Plaintiffs have done their best since the inception of this case to proceed in the most efficient manner possible, conserving judicial resources as well as the time and finances of all parties.

Lastly, the proposed amendment would not be futile. Leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim. *See Milanese v. Rust-Oleum Corp.*, 244 F. 3d 104, 110 (2d Cir. 2001). A complaint is legally sufficient under Rule 12(b)(6) if its allegations are "enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, numerous statutes entitle Plaintiffs to relief on the allegations included in the proposed Amended Complaint. The FLSA, CLC, and NYLL all allow individuals to be held liable as employers for various wage and hour violations. Under the FLSA, an employer includes, "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C §203(d). The CLC and NYLL contain similar definitions of who may be considered an "employer" for individual liability purposes. *See* CLC § 558(a); NYLL § 190. Factors determining individual employer liability include (1) the power to fire and hire employees, (2) supervision and control of employee schedules or working conditions, (3) authority over the rate and method of compensation and/or (4) maintenance of employment records. *See Irizarry v. Catsimatidis* 722 F.3d 99, 114-17 (2d Cir. 2013) (quotation omitted).

As both the original and proposed allegations against Defendants Wright and Salzman make clear, both held the necessary authority and control over Sprout employees to qualify as employers under the FLSA, CLC, and NYLL. *See* Ex. 1, ¶¶ 43-46; 50-60. The proposed Amended Complaint specifies *inter alia* that Defendant Salzman directly supervised multiple high-level employees at Sprout, his approval was required for man agerial staff under him to make hires or receive raises, and he was responsible for approving the salaries and promotions of all employees under the umbrella of Credit and Due Diligence at Sprout. *See id*. The proposed Amended Complaint also alleges that Defendant Wright continued to work for the corporate Defendants following the shutdown, taking responsibility for wrapping up the companies' business, and therefore for continuing to withhold wages from the terminated employees. *See id*. Taken as true, these allegations clearly support employer liability for Defendants Wright and Strauss and would withstand a 12(b)(6) motion to dismiss for failure to state a claim. *See Milanese*, 244 F. 3d at 110; *Twombly*, 550 U.S. at 555. Therefore, the proposed amendments would not be futile.

Accordingly, Plaintiffs respectfully request that they be permitted to amend their Complaint as described above.

Respectfully submitted,

*Brenna Rabinowitz*
Brenna Rabinowitz
Bruce Menken
Scott Simpson
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, NY 10005
(212) 509-1616
brabinowitz@nyemployeelaw.com

cc: All counsel (by ECF)