Hon. Lee Dunst, U.S. Magistrate
District Court
100 Federal Plaza
Central Islip, NY 11722

**FILED
CLERK
Box.com**
5/18/2024
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

      Re:    Civ. Action 2:22-cv-04004-JMA-LGD
             Objection to DE #239
             Agudelo, et al. v. Recovco Mortgage Mgt, LLC, et al.

      ELLIOT SALZMAN, *pro se,* Objects to Plaintiffs' Motion for Leave to Amend the Second Amended Complaint ("SAC")—22+ months following the initiation of this case (DE #239).[1]

 **PROCEDURE:** Plaintiffs filed the Complaint on July 8, 2022 (DE #1).[2] Plaintiffs' Attorney Menken, in his Declaration to Court, claimed his large, 'extremely experienced' firm 'conducted extensive research into Sprout's employees' claims before and after filing the initial Complaint.' (DE #201-1, ¶34). Counsel admits he had 'information' concerning Salzman's alleged culpability prior to August 3, 2022 (DE #201-1, ¶28), presumably from his clients.  Plaintiffs filed a First Amended Complaint ("FAC" DE #26), adding Salzman as a defendant. The sole *factual* allegation concerning Salzman is in FAC ¶45.  Three months later, after more forensic and fact-based investigations, and after 40+ people 'joined' as potential class members (see, e.g., DE #51—91), Plaintiffs filed the SAC on October 24, 2022 (DE #92). Nothing was added *re* Salzman; FAC ¶45 became SAC ¶45.

      In November, 2022, attorney Deserio filed a Letter Motion to Dismiss (DE #112) per Rule 12(b)(6) purportedly on behalf of Salzman and Wright, contesting the legal sufficiency of the SAC under the 'economic reality' test. Plaintiffs did not respond.

      **On April 26, 2023, this Court entered Order *re* DE #180, giving Plaintiffs a firm Deadline of May 10, 2023, in which to file a Third Amended Complaint.  "No further extensions will be granted absent good cause."** (Order *Re* DE #180). **That 2023 deadline passed and no 3rd Amended Complaint was filed.[3]  One full year later, Plaintiffs seek to file a Third Amended Complaint and to add claims from two cases pending in state courts.**

---

[1] This pleading shall not constitute a consent to personal jurisdiction or a waiver of any objections under Rules 4, 8, 9, and/or 12(b)(1)-(6). Salzman preserves all motions and defenses. Nothing shall be construed as an admission of any liability by Salzman as to any matter in any court.
[2] Summonses were issued to Recovco, Sprout and Strauss (DE #17-19). None was issued to Salzman then, or any time after the First or Second Amended Complaints were filed.
[3] In January, 2024, Salzman filed his Motion to Dismiss the SAC.  (DE #224 updating DE #112).

1

## PLAINTIFFS' MOTION SHOULD BE TREATED AS 3 SEPARATE REQUESTS.

Plaintiffs seek 3 different forms of relief, which should be treated as 3 separate requests:

1) Add 'new' allegations to the Second Amended Complaint per Rules 15 and 16;
2) Dismiss Holly Keith from the case at her request per Rules 21 or 41 [4];
3) Join new Plaintiffs and 2 California state cases to this matter with new Causes.

By doing #2 and #3, attorney Menken attempts to backdoor his way into #1. Some or all should be denied. Salzman requests the court examine and rule on each of these independently.

## ANY AMENDMENT SHOULD BE DENIED.

### A. Twenty-Two Months Is Too Long Without Any Real Justification.

To justify Plaintiffs' Motion, attorney Menken claims to 'suddenly' have information from his client which has "come to light through Plaintiffs' continued factual investigation." The only proposed allegations are conclusory statements without factual basis. The proposed Third Amended Complaint ("TAC") states: "¶53. Salzman was responsible for approving the salaries and promotions of all employees under the umbrella of credit and due diligence at Sprout."[5] There is no issue any department manager or sub-manager of any company would be in the chain for recommending a subordinate for employment or promotion. This does not make such person equivalent to the employer. By analogy, a U.S. Magistrate may recommend its legal assistant for promotion or a raise. That doesn't alter the fact the assistant is employed by the U.S. Government, not the Magistrate. Plaintiffs also add to "¶54 Further, when Cooper's direct supervisor Christine Moore was out of the office, Cooper reported directly to Salzman." Moore was Cooper's supervisor, and could unquestionably recommend Cooper be promoted (and, may have done so twice as set forth in such paragraph). So what? Salzman was a department manager, who, in turn, reported to his superior. Moore was the sub-manager; yet she isn't a defendant in the action.

¶55 is new: "Salzman also signed the offer letter received by Sprout employee Cedric Queen when he was hired, and was the manager of Queen's department at Sprout." Mr. Queen isn't a plaintiff, and no letter is annexed to the TAC. But again: so what? In ¶56, Plaintiffs concede that Keith and Moore could also hire new employees. But neither of them are Defendants. Then

---

[4] Keith seeks to withdraw from this matter. Upon information, she does so because she believes Plaintiffs' counsel deliberately misleads the court as to Salzman in his Amended Complaints. Salzman has no objection to Keith's dismissal of the action under F.R.Civ.P. 41(a), but such should be a dismissal of the entire controversy, not just of one plaintiff. See, *Baksh v. Captain*, 2000 WL 33177209 at *2(E.D.N.Y. 2000). Keith was not 'misjoined' per Rule 21. Also, upon information, Cooper has twice requested to be dismissed from this morass perpetuated by attorney Menken, for the same reasons as Keith, relating to Salzman. Menken failed to heed his client's request.

[5] All 'new allegations' are denied by Salzman to the extent any subject him to liability.

there is TAC ¶57: Salzman offered Keith 60% of the wages she was owed in exchange for continuing to work after the shutdown. (Keith denies the truth of this allegation.) The Queen allegation, the training program (not done by Salzman) and social media allegations are totally irrelevant to the only issue at hand: <u>Who fired plaintiffs without notice **and** failed to pay them?</u>

None of these additional allegations are 'new material' taking place following the filing of the SAC in October, 2022. All this information was known to Plaintiffs from the outset, or certainly could have been. As noted, Plaintiffs' counsel admits his firm 'conducted extensive research …before and after filing the initial Complaint'. He had 'information' concerning Salzman's alleged culpability prior to the August 3, 2022, FAC. Then, counsel had 84 more days before filing the SAC to interview Sprout's employees, perform in-depth forensic accounting with unhampered access to Sprout's records, and meet freely with their clients unimpeded by Defendants. (DE #201-1). But, the SAC contained nothing new. *Morency v. N.Y.U. Hosp. Cntr.,* 728 F.App'x. 75(2d Cir. 2018)(affirming denial of leave to amend "where nearly all of the relevant facts giving rise to [plaintiff's] claim were or should have been within her possession, Morency failed to provide a satisfactory explanation for her 13 month delay...there is no justification for Morency's counsel waiting for over a year to ask Morency why she believed she was terminated" *Id.* at 77-78). The proposed TAC contains nothing new of substance.

"The Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed…" *Lyondell-Citgo Refining LP v. Petroleos,* 2004 WL 2650884, at *2(S.D.N.Y. 11/22/2004) quoting *Berman v. Parco,* 986 F.Supp.195,217(S.D.N.Y. 1997). And, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326,340(2d Cir. 2000)(affirming denial of leave to amend "[w]hen he commenced this action…[plaintiff] had all the information necessary to support a breach of contract claim, and nothing he learned in discovery or otherwise altered that fact." *Id.*). [6]

The information was certainly available to Plaintiffs by May 10, 2023—the Court Ordered deadline for filing another Amended Complaint. Plaintiffs have not come forward with anything truly 'new' to justify yet another amendment. None of the alleged actions of Salzman took place after July 8, 2022. Plaintiffs could have included all of the *new* 'factual' allegations in the FAC, or certainly by the Second Amended Complaint. *Callahan v. County of Suffolk & Kirwan,* <u>22-969</u>(2d Cir. 3/19/2024)(affirming E.D.N.Y. denial of leave to amend when claim known at time

---

[6] Also, *Grace v. Rosenstock,* 228 F.3d 40(2d Cir. 2000)(affirming denial of leave to file a 2nd amended complaint after delay when facts were available to plaintiffs near the outset of case and one amendment had already been granted). And, *Bank v. GoHealth, LLC,* 2022 WL 1132503, at *1(2d Cir. 4/18/2022)(affirming E.D.N.Y., Brodie, J.'s denial of leave to file Third Amended Complaint based on undue delay and futility). Here, Plaintiffs had 3 bites at the apple already.

of filing of initial Complaint—no good cause for delay).[7] To permit Plaintiffs to file a 4th (!) Complaint 22+ months after filing the initial Complaint, would be grossly unjust.

A district court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice ..." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184(2d Cir. 2007)(affirming denial of leave where "[p]laintiffs sought to amend their complaint after an inordinate delay" of "more than seven months" and where "…nearly two years had passed since the filing of the original complaint" *Id.* at 201-202); *Broidy Cap.Mgt. LLC v. Benomar,* 944 F.3d 436,447(2d Cir. 2019)(same). A court "plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay...The burden is on the party who wishes to amend to provide a satisfactory explanation for any delay." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

If the "moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial pleading, then the party has not acted diligently..." *Faulconer v. Centra Health, Inc.,* 808 F.App'x 148,152(4th Cir. 2020)(leave denied).[8]

**Plaintiffs cannot even claim this 'new information' was obtained in discovery. It was information counsel admits he obtained from his clients, which could easily have been learned prior to the SAC had counsel truly been as exhaustive and diligent as attorney Menken declared.** Amendment adding all *new* allegations should be denied.

### B. Plaintiffs Repeatedly Failed To Cure Known Deficiencies For 17 Months.

Recognizing the FAC was deficient, Plaintiffs filed a Second Amended Complaint. The allegations relating to Salzman remained unchanged. (Compare FAC ¶¶43-45 with SAC ¶¶43-45). When the Letter Motion to Dismiss was filed in November, 2022, (DE #112), Plaintiffs were put on notice of deficiencies in the SAC. It would have been prudent to immediately perform such

---

[7] *Priestley v. Amer. Airlines, Inc.*, 1991 WL 64459 at *2(S.D.N.Y. 4/12/1991)(denying leave when facts were known to Plaintiffs prior to filing Complaint); *U.S. Bank Nat'l Ass'n ND v. Elender Escrow, Inc.*, 4:11-cv00123-JMM(E.D. Ark. 1/10/12)(leave to file 2nd amended complaint denied when "all of these documents were available when it filed its First Amended Complaint").

[8] See, *Jackson v. Bank of Haw.*, 902 F.2d 1385,1388(9th Cir. 1990)(undue delay when plaintiffs "knew or should have known the facts and theories raised by the amendment [at the time of] the original pleading".) And, *Compton v. Rent-A-Center, Inc.,* 350 F.App'x 216,221(10th Cir. 2009)(leave to amend FLSA claim denied when information was available at time of original complaint citing *"McKnight v. Kimberly Clark Corp*., 149 F.3d 1125,1130(10th Cir. 1998) (affirming order denying leave, "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint [and] offered no explanation for the undue delay")). cf., *In re Understanding Corp.*, 2009 WL 4059047, at *3(Bankr.M.D.N.C. 11/19/2009)(motion denied when substantially all information available when case was filed; the instant case is similar to a Rule 16 situation with a May, 2023 deadline.)

investigation as Plaintiffs deemed necessary to provide enough 'factual allegations' to meet the tests required by *Bell Atlantic v. Twombly*, 550 U.S. 544(2007), and *Ashcroft v. Iqbal.* 129 S.Ct. 1937(2009) in order to overcome attorney Deserio's 'economic reality test' argument.  But, Plaintiffs didn't amend at that time.  Now, it is far too late.

"A motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." *New Amsterdam Cap. Partners, LL v. Wilson*, 11-cv-9716(RLE)(S.D.N.Y. 3/12/2015)(leave to amend denied); *Deasy v. Hill,* 833 F.2d 38,41(4th Cir. 1987)(same). When a party "had an opportunity to assert [an] amendment earlier" in a case but failed to do so, "a court may exercise its discretion more exactingly" in deciding whether to grant leave to amend. *Ruotolo v. City of New York*, 514 F.3d 184,192(2d Cir. 2008).

Plaintiffs' prior amendments failed to cure the obvious legal deficiencies; such is sufficient grounds to deny leave to amend. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052,1065(8th Cir. 2005). "When a party is granted leave to amend but fails to address the problem, that party should not be surprised when the court does not give it a third or fourth chance." *Walker v. Trans Union, LLC,* 2017 WL 4786625, at *3(D.Md. 10/24/17).  There is no valid excuse for Plaintiffs' failure to timely assert all of the claims with sufficient specificity in any of the three (3) earlier pleadings.[9]

U.S.M.J. Dunst gave Plaintiffs until May 10, 2023 to file a Third Amended Complaint and they willfully ignored that deadline (Order 4/26/23 *re* DE #180).  The Order clearly stated "no further extensions will be granted absent good cause."  That constraint is akin to a Scheduling Order and elevates this analysis beyond the 'liberal' standard of Rule 15(a), which Plaintiffs seek to invoke. It is indicative of bad faith that Plaintiffs did not advance these 'new' factual allegations in any of their 3 prior Complaints, or even when given a chance by this Court to do so in May, 2023. *Blank v. Ganieva,* 2023 WL 2317173, at *3(2d Cir. 3/2/2023)(affirming denial where plaintiff "failed to follow the District Court's guidance that he would forego further opportunity to amend…"); also, *Horton v. Vinson,* 2015 WL 4774276, at *49(N.D.W.Va. 8/12/15) (finding plaintiff acted in bad faith where he did not "introduce at the earliest stage of the litigation as possible, the matters upon which he wanted to rely in supporting his claims").

---

[9] See, e.g., *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213,1217(11th Cir. 2004)(affirming denial of leave to amend where plaintiff had no viable explanation for why she could not have included proposed allegations in her original complaint or her first amended complaint). And, *Gum v. G.E. Co.*, 5 F.Supp.2d 412,415(S.D.W.Va. 1998)(denying motion to amend, with little intervening discovery, "Gum was aware of the facts underlying the proposed allegations such that he could have included them *ab initio*, or sought an amendment earlier…[this] suggests the motions were filed as tactical maneuvers, rather than the result of newly discovered facts". *Id.*)

Plaintiffs attempt to use the inchoate settlement as a shield for their unexplained delays. It was apparent to all parties such settlement was 'dead' no later than October 16, 2023, when the Court mooted the Motion for Settlement (DE #201). That was seven (7) months ago. Plaintiffs' counsel did nothing, and such inaction is imputed to Plaintiffs. *McCulloch v. Town of Milan,* 07-cv-9780(LAP)(RLE)(S.D.N.Y. 10/14/2009)(leave denied when motion made 22 months after initial complaint and 18 months after settlement failed); *Davis v. United Fruit Co.,* 402 F.2d 328,331(2d Cir. 1968), *cert.den.* 393 U.S. 1085(1969); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664,666(2d Cir. 1980)("the client is not excused from the consequences of his attorney's nonfeasance")(six month delay resulted in dismissal). [10]

Plaintiffs did not act diligently to demonstrate good cause to justify this extension of time from May, 2023, to April, 2024. *Holmes v. Grubman,* 568 F.3d 329(2d Cir. 2009). It was only when Salzman pursued his well-founded Motion to Dismiss (DE #224), that the idea of a Third Amended Complaint was raised by Counsel in order to forestall the Court's likely dismissal with prejudice as to Salzman. *Ong v. Deloitte Consulting LLLP,* 21-cv-2644(MKV)(S.D.N.Y. 9/22/2023) (denying leave after 18 month delay, yet before any discovery). [11]

**No good cause exists to permit Plaintiffs to come back a full year later to do what should have been done by this court's firm May, 2023, deadline, or at least immediately after the settlement attempt failed 7 months ago-- through no fault of Salzman.**

### C. Salzman Has Been Prejudiced By The Lengthy Delay.

Permitting plaintiffs an opportunity to amend a third time 22+ months after this case was filed would be highly prejudicial to Salzman. *Steamfitters Indus.Pension Fund v. Endo Int'l PLC,* 771 F.App'x 494 (2d Cir. 2019)(denial affirmed). Sprout Mortgage has been shut since July, 2022. It

---

[10] Also, *City of Framingham v. Durham Sch.Servs.,* 23-cv-10460-RGS(D.Mass. 3/7/2024)(denied when party knew settlement attempt had failed and waited over 1 month to seek leave to amend) citing *Hum. Res. Dev. Press, Inc. v. IKON Office Sols., Inc.*, 246 F.R.D. 82,86(D.Mass. 2007)("a motion should be made as soon as the necessity for altering the pleading becomes apparent.").

[11] "Ong's proposed amendments are futile, since the threadbare … new allegations are insufficient to state an equal pay claim. …Ong fails to offer a justification for waiting nearly two years after filing the Original Complaint and more than eighteen months after filing the First Amended Complaint to seek leave to further amend her pleading." *Id.,* slip op. at 5-6. Also, *Conti v. Doe*, 17-cv-9268(VEC)(S.D.N.Y. 8/20/2019)(leave to amend denied), and, *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 314 F.Supp.3d 497,510 (S.D.N.Y. 2018), *aff'd,* 771 F.App'x. 498(2d Cir. 2019)(same). E.g., *Hemphill v. ARAMARK Corp.*, 2014 WL 1248296 at *14(D.Md. 3/25/14) *aff'd* 582 F.App'x 151(4th Cir. 2014)(leave denied after only 3 months).

is under the control of a U.S. Trustee. Salzman has no way to access its records to assist in his defense. Had Plaintiffs acted swiftly after Deserio put them on notice of deficiencies in his Letter Motion to Dismiss in November, 2022 (DE #112), Salzman could have obtained material for his defense at that time. But they didn't. Now Salzman can't and is unduly prejudiced. [12]

"Prejudice to defendants resulting from unreasonable delays may be presumed…delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. GE,* 186 F.3d 186,195(2d Cir. 1999)(affirming denial of leave to amend after Plaintiff's counsel ignored the initial leave to amend for 1 year). Prejudice herein is irrevocable. Even dismissal is warranted in this situation. See, e.g., *Dubose v. Wendland*, 9:21-cv-1091(AMN/CFH)(N.D.N.Y. 8/3/2023) (collecting cases with delays under 1 year). And, allowing this case to suddenly incorporate two pending state court actions will intensely complicate matters for Salzman. The court in California lacked jurisdiction over Salzman and Salzman had other pertinent defenses peculiar to those actions. Yet, if the California cases become part of this matter, Salzman's objections to California jurisdiction disappear and he is prejudiced as a direct result. Plaintiffs' counsel argues this 'joinder' will be better for Salzman. That is disingenuous and presumes attorney Menken knows Salzman's defense strategy for California.[13] **If this were going to have been done, it should have been accomplished at the outset of this matter, or immediately following the demise of the proposed settlement. Salzman will suffer great prejudice if: a) any amendment is permitted; and/or b) the California claims are added to the Amended Complaint 22 months after initiation of the case. Plaintiffs lack sufficient 'good cause' to overcome the prejudice to *pro se* defendant Salzman.**

### D.  The Amendment Would Be Futile; Dismissal Will Still Be Warranted.

"A court may properly deny a motion as futile when the proposed amended complaint would be subject to dismissal for any reason." *E.SPIRE Comm., Inc. v. N.M. Pub. Reg. Comm'n*, 392 F.3d 1204(10th Cir. 2004) (motion denied). *Jackson v. Wells Fargo Home Mtg.,* 811 F.App'x. 27,30(2d Cir. 2020)(denying leave to file Second Amended when allegations would not cause it

---

[12] Also, *Antonios A. Alevizopolous & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, 2000 WL 1677984, at *3(S.D.N.Y. 11/8/2000)(defendant's inability to obtain evidence resulting from the delay "makes it difficult, if not impossible to defend the lawsuit."). And, *McMillan v. Bowers,* 2022 WL 19405935 at *4(N.D.N.Y. 11/28/2022) ("Even if prejudice were not presumed, defendants have still been prejudiced by plaintiff's delays as the amount of time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence.")
[13] And, apparently, Deserio—without Salzman's knowledge or consent—filed an Answer in California. Will Salzman be bound by that pleading? If so, he is greatly prejudiced in this case, or does that pleading now disappear?

to survive a Motion and cure the deficiencies) citing *Cuoco v. Moritsugu,* 222 F.3d 99,112(2d Cir. 2000)(affirming denial on futility grounds).

      The proposed amendments are futile. There is no possibility of any factual allegations being set forth, which cure the legal deficiencies in the Second Amended Complaint. A person allegedly requiring the consent of her immediate superior to hire or promote a new employee does not imply such superior could or did exercise such 'authority' on a company-wide basis, and certainly not in California. [14]  Assume, *arguendo,* the Credit department consisted of 55 employees out of the 600 referred to in the TAC. Plaintiffs wish this court to engage in the logical fallacy of assuming the ability to supervise 55 meant Salzman could supervise all 600, or, more importantly, fire them. Signing a promotion letter does not imply the ability to fire an employee or that one is an owner of the Company, despite the social media nonsense in TAC ¶59-60.[15]

      The economic reality test has 4 prongs in the Second Circuit.[16] Plaintiffs fail to overcome any of those in their allegations. Salzman allegedly could hire persons within his department. Although inaccurate, it would be 'admitted' for purposes of testing the legal sufficiency of the TAC. But, such does not imply he had the ability to <u>fire</u> any employee. Plaintiffs concede Sprout had a Human Resources department. Hiring, promoting, pay rates, maintenance of employee records, compliance with Labor Laws, and firing are all within the purview of any corporation's Human Resources department, a fact so well-known this court may take judicial notice of it.[17]

**Plaintiffs concede it was President Shea Pallante who 'fired' them (SAC ¶¶92--94) on the direction of Strauss (SAC ¶¶36-38, 49, 101,105).** It is not seriously alleged Salzman was an owner of Sprout or Recovco or participated in the 'firing' episodes described in the SAC. Even

---

[14] *Panther Partners Inc. v. Ikanos Comm'ns, Inc.,* 681 F.3d 114,119(2d Cir. 2012); *IBEW Loc. Union No. 58 Pens.Fund v. Royal Bank of Scotland Grp, PLC,* 783 F.3d 383, 389(2d Cir. 2015); *In re Lifetrade Litig.,* 1:17-cv-2987(JPO)(S.D.N.Y. 5/9/22)(affirming denial of leave to add new factual allegations to complaint).

[15] Attorney Menken wants the court and a jury to translate "a company I own" into "I own the company". Shame on him. This allegation was included primarily as an *ad hominem* attack on Salzman meant to prejudice a jury. Nobody could seriously jump to the conclusion Salzman owned Sprout from this diatribe about the Second Amendment. Salzman requests Paragraphs 59 and 60 be struck as irrelevant, scandalous and inflammatory were amendment permitted. F.R.Civ.P. Rule 12(f); 5C,Wright & Miller, Fed.Practice & Procedure(Civ) 2d §1382 at 465(2004).

[16] None of the 4 factors is dispositive. *Barfield v. N.Y. City Health & Hosps. Corp.,*537 F.3d 132,142(2d Cir. 2008). The U.S. Department of Labor instituted a 6 factor test in January, 2024. The Eleventh Circuit employs a more stringent 8 factor test. *Blanco v. Samuel & Finch,* 22-13699(11th Cir. 1/24/24)(slip op. at 35-36). Salzman 'passes' none of those test factors. As a Florida citizen, he should be examined against the 8 factors, not just the 4.

[17] See, e.g., *Key Functions of a Human Resources Department,* Indeed Editorial Team, 3/10/2023. Yet, strangely, the head of H.R. is not a defendant in this matter.

the proposed TAC allegations would still not let Plaintiffs survive a Motion to Dismiss or Summary Judgment. They are futile and amendment should be denied. *Dougherty v. Town of N. Hempstead B'd of Zon. App.*, 282 F.3d 83,88(2d Cir. 2002); accord, *AEP Energy Svs. Gas Hldg. Co. v. Bank of Am., N.A.,* 626 F.3d 699 (2d Cir. 2010)(leave denied when apparent amended complaint will not survive 12(b)(6) motion).

In short, Salzman will undoubtedly succeed on any future Motion to Dismiss (where each prong of the economic reality test will be examined in detail) or for Summary Judgment (where *Affidavits* from some of these Plaintiffs will be produced to directly contradict these 'new' allegations). *Liau v. Weee! Inc.*, 23-cv-1177(PAE)(S.D.N.Y. 2/22/2024)(leave denied). [18]

There is no reason to permit amendment now and force Salzman to undergo such burden or to waste valuable judicial resources, especially when Plaintiffs' counsel conceded neither Wright nor Salzman has any significant assets to contribute to any possible judgment.

### MERGER OF THE CALIFORNIA CASES INTO THE TAC SHOULD BE DENIED.

Plaintiffs seek to merge two different California state civil cases with this case and add totally new Causes of Action into a Third Amended Complaint, claiming the right to do so under F.R.Civ.P. 20. Yet, to satisfy Rule 20(a)(1)(B), the questions of law must be common to all plaintiffs. They aren't. Plaintiffs freely concede the alleged violations of California Labor Law pertain solely to those persons employed in California. Part (B) of Rule 20(a)(1) is mandatory; the word "and" is used after sub-part (A). The state cases cannot be made part of the New York federal case since the only persons adversely affected by alleged violations of California law are those persons employed in California. Neither state case would be removable to federal court.

Such persons might be joined within a proposed Class if the court were to someday approve a Class Action under Rule 23 (all objection reserved). Salzman objects to incorporating the California Labor Law claims within the TAC, and depriving Salzman of potential objections to jurisdiction in California, and his defenses of those state actions, thereby prejudicing him. It also complicates the claims herein. Will the court base the trial and jury instructions on federal, New York or California labor law? They are not the same presenting a conflict of laws problem. Will a Rule 12 motion be judged solely on the federal claim? Will the California cases be dismissed

---

[18] Also, *Stanley v. C.U.N.Y.*, 18-cv-4844(PAE)(S.D.N.Y. 3/30/2023)(leave denied—plaintiff had multiple opportunities to amend and new allegations will not cure the deficiencies); *Abdulaziz v. McKinsey & Co.*, 2022 WL 2444925, at *1(2d Cir. 7/5/2022)(unpub.)(same).

with prejudice if joined? Or, if the federal claim herein is dismissed will there be a remand of the supplemental claims? [19] [20]

"The benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.,* 995 F.2d 346,350(2d Cir. 1993). The standard was articulated in *Johnson v. Celotex Corp.*, 899 F.2d 1281,1285(2d Cir. 1990). Given the very confusing posture of these different cases, it is not even clear to Salzman if they are at different stages such that judicial economy might not be served and consolidation would not be appropriate, even if it were legally permitted under Rule 42(a). See, e.g., *Kamden-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130,136-137(S.D.N.Y. 2016); *Ruane v. Cnty of Suffolk,* 923 F.Supp.2d 454(E.D.N.Y. 2013)(holding judicial economy would not be served by consolidation where the actions were at different stages of litigation). Nor is the request to relate the cases timely. See Local Rule 50.3.1(d). *Numa v. IC System, Inc.,* 2:15-cv-05661-DRH-AYS(E.D.N.Y. 12/21/16)(denying consolidation).

**For the foregoing reasons, Salzman asks the Court consider each of Plaintiffs' requests separately and deny—some, or all of-- the belated relief sought by Plaintiffs and strike proposed paragraphs 59 and 60 from any permitted amendment.**

Date: May 18, 2024

Respectfully,

*Elliot Salzman*
Elliot Salzman, *pro se*
12156 Cedar Trace Dr. N.,
Jacksonville, FL 32246
Phone: 201-394-3500
Email: elliot.salzman@gmail.com

---

[19] Salzman has never lived nor worked in California; it is difficult to comprehend how he could be a defendant in such action. See, *Garber v. Randell,* 477 F.2d 711(2d Cir. 1973)(consolidation of complaint reversed). Salzman denies being personally served in the California action, which falsely alleges he has a residence in that state. Salzman did not authorize any person to accept service on his behalf in any action or file any pleading(s) in the California case. Will the California claims be tried in a separate proceeding as provided for in Rule 42(b)? Or, will the court hold one trial and the outcome will be preclusive on all plaintiffs regardless of original jurisdiction? See, *Dunson v. Cordis Corp.*, 854 F.3d 551(9th Cir. 2017)(affirming denial of removal jurisdiction; remanding all actions to state courts). No case law could be found permitting such *joinder*.

[20] Consolidation is not permissible under F.R.Civ.P. Rule 42(a), which provides "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing…" Although it is conceded the underlying claims originate with the closure of Sprout by Strauss, the actions are not pending in the Eastern District, so are not "before the court". "Consolidation does not merge the suits into a single cause or change the rights of the parties or make those who are parties in one suit parties in another." *In re Lottery.com Sec.Litig.,* 1:22-cv-07111(JLR)(S.D.N.Y. 2/6/24). Class certification should also be denied in this matter.

## AFFIRMATION OF SERVICE

I hereby certify under Rule 11, I served a copy of the Letter Objection/ Memorandum of Law on this date when document is filed by the Clerk on parties in care of their attorneys, or entity, to the last known address:

Brenna Rabinowitz, Menken, Simpson & Rozger LLP, 80 Pine St., 33rd Fl., NY, NY 10005

David R. Ehrlich, Esq. for Wright, 401 Franklin Ave., Garden City, NY 11530

Michael Strauss c/o Revcoco Mortgage Mgt, LLC,

   367 Great Plains Rd., Southampton, NY 11968

Sprout Mortgage, LLC, 367 Great Plains Rd., Southampton, NY 11968

Recovco Mortgage Mgt, LLC, 367 Great Plains Rd., Southampton, NY 11968

Through regular mail electronic means, using the Electronic Filing of the U.S. District Court, to which all named attorneys have access as attorneys of the Eastern District of New York per F.F.Civ.P. 5(b)(2)(E) and by regular mail to the above address. To all parties, Take Notice: I have not consented, nor do I consent to service by 'electronic' 'or other means' of any type or method. See F.R.Civ.P. 5(b)(2)(E),(F). Service of any pleading or document must be made in strict compliance with F.R.Civ.P.5(b)(2)(C). See, *O'Neal Constructors, LLC v. DRT America, LLC*, 991 F.3d 1376(11th Cir. 2021). This document mailed to Clerk of Court, Eastern District of New York on above date at Pro Se Clerk, 225 Cadman Plaza East, Brooklyn, NY 11201, attn. Pro Se Office.

Date: May 18, 2024

*Elliot Salzman*
ELLIOT SALZMAN, PRO SE
12156 Cedar Trace Dr. N
Jacksonville, FL 32246
Phone: 201-394-3500
Email: elliot.salzman@gmail.com