UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NATHANIEL AGUDELO, HELEN OWENS, AMANDA COOPER, LORI STEWARD, MIKE SHIRDEL, JARED SAWYER, SCOTT HARVEY, and KAREN KELLEY, on behalf of themselves and others similarly situated,

Docket No. 22-cv-4004 (JMA)(LGD)

Plaintiffs and Lead Plaintiffs for the Proposed Class,

-against-

RECOVO MORTGAGE MANAGEMENT LLC, SPROUT MORTGAGE LLC, MICHAEL STRAUSS, CHRISTOPHER WRIGHT, SHEA PALLANTE, and ELLIOT SALZMAN,

Defendants.

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PALLANTE'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

SOKOLOFF STERN LLP
*Attorneys for Defendant*
*Shea Pallante*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500
File No. 240144

Adam I. Kleinberg
Blair J. Hendricks
        *of Counsel*

# TABLE OF CONTENTS

Table Of Contents ................................................................................................................. i

Table Of Authorities .......................................................................................................... ii

Preliminary Statement ...................................................................................................... 1

Statement of Facts ............................................................................................................. 2

Standard of Review ............................................................................................................ 4

Argument ............................................................................................................................... 5

    I. Plaintiffs' Speculative Allegations Do Not Permit a Finding That Pallante Was An Employer or Behind the Shutdown ............................................................................ 5

        *A. Plaintiffs' allegations that Pallante was an "employer" are too speculative to maintain labor law claims against him* ............................................................................ 5

        *B.The allegations do not show Pallante plausibly engaged in any "wrongdoing"* ............... 6

    II.Pallante Is Not An Employer Within the Meaning of Any Applicable Statutes .................... 8

        *A.The NYLL and FLSA* ......................................................................................... 9

        *B.California Labor Law* ....................................................................................... 10

        *C.The California WARN Act* ................................................................................ 11

    III.There Is No Basis to Assert Personal Jurisdiction Over Pallante ......................................... 13

        *A.Pallante Did Not Transact Business in New York* ............................................. 14

        *B. There is No Articulable Nexus Between Pallante's Actions and Any Causes of Action* ... 15

    IV.The FLSA Preempts Multiple State Law Claims .............................................................. 16

Conclusion ............................................................................................................................ 18

# TABLE OF AUTHORITIES

Cases                                                                          Page(s)

*Abuladze v. Apple Commuter Inc.*,
  2024 WL 1073121 (S.D.N.Y. 2024) ........................................................ 17

*Alexander v. FedEx Ground Package Sys., Inc.*,
  765 F.3d 981 (9th Cir. 2014) ................................................................ 11

*Arista Recs., LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ................................................................... 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................... 4, 5

*Barfield v. N.Y.C. Health & Hosp. Corp.*,
  537 F.3d 132 (2d Cir. 2008) ................................................................... 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................. 4

*Best Van Lines, Inc. v. Walker*,
  490 F.3d 239 (2d Cir. 2007) ................................................................. 14

*Bethel v. BlueMercury, Inc.*,
  2022 WL 3594575 (S.D.N.Y. 2022) ...................................................... 13

*Brown v. N.Y.C. Dep't of Educ.*,
  755 F.3d 154 (2d Cir. 2014) ................................................................... 8

*Carter v. Dutchess Community College*,
  735 F.2d 8 (2d Cir. 1984) ...................................................................... 9

*Christen v. U.S. Bank Nat'l Ass'n as trustee for RCF Acquisition Tr.*,
  2024 WL 3443423 (E.D.N.Y. July 17, 2024) .......................................... 4

*Contrera v. Langer*,
  314 F. Supp. 3d 562 (S.D.N.Y. 2018) ................................................... 17

*Cortese v. Skanska USA Inc.*,
  2020 WL 2748438 (S.D.N.Y. 2020) ...................................................... 16

*Daou v. BLC Bank, S.A.L.*,
  42 F.4th 120 (2d Cir. 2022) ................................................................. 15

*DeSilva v. North Shore-Long Island Jewish Health System, Inc.*,
    770 F. Supp. 2d 497 (E.D.N.Y. 2011) ..................................................... 16

*Edwardo v. Roman Cath. Bishop of Providence*,
    66 F.4th 69 (2d Cir. 2023) .......................................................... 15, 16

*Goldberg v. Whitaker House Coop., Inc.*,
    366 U.S. 28 (1961) .................................................................. 8

*Greenawalt v. AT & T Mobility LLC*,
    642 F. App'x 36 (2d Cir. 2016) .................................................... 10

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013) ......................................................... 9

*Levine v. Fenstermaker*,
    2024 WL 3274727 (S.D.N.Y. 2024) ............................................. 4, 7

*Lipson v. Birch*,
    46 F. Supp. 3d 206 (E.D.N.Y. 2014) .......................................... 14, 15

*Martinez v. Combs*,
    49 Cal.4th 35, 109 Cal.Rptr.3d 514, 231 P.3d 259 (2010) ....................... 10

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013) ....................................................... 13

*McCaffrey v. Brobeck, Phleger & Harrison, L.L.P.*,
    2004 WL 345231 (N.D. Cal. 2004) ........................................... 11, 12

*Mednik v. Specialized Loan Servicing, LLC*,
    2021 WL 707285 (E.D.N.Y. 2021) ............................................... 13

*Morales-Garcia v. Better Produce, Inc.*,
    70 F.4th 532 (9th Cir. 2023) .................................................. 10, 11

*Moreira v. Société Générale, S.A.*,
    2023 WL 359446 (S.D.N.Y. 2023) ................................................. 6

*Pappas v. City of New York*,
    2024 WL 2093472 (S.D.N.Y. 2024) ............................................... 6

*Petras v. Johnson*,
    1993 WL 228014 (S.D.N.Y. 1993) ............................................... 16

*Pettenato v. Beacon Health Options, Inc.*,
    425 F. Supp. 3d 264 (S.D.N.Y. 2019) ................................................................. 13

*Rosenbaum v. Meir*,
    658 F. Supp. 3d 140 (E.D.N.Y. 2023) ................................................................. 16

*Ruixuan Cui v. E. Palace One, Inc.*,
    2019 WL 4573226 (S.D.N.Y. 2019) ..................................................................... 9

*Salazar v. McDonald's Corp.*,
    944 F.3d 1024 (9th Cir. 2019) ............................................................................ 11

*Snowbridge Advisors LLC v. ESO Cap. Partners UK LLP*,
    589 F. Supp. 3d 401 (S.D.N.Y. 2022) ................................................................. 14

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006) ............................................................................... 15

*Suarez v. Murray*,
    2021 WL 1240518 (S.D.N.Y. 2021) ..................................................................... 8

*Watson Laboratories, Inc. v. Forest Laboratories Inc.*,
    101 F.4th 223 (2d Cir. 2024) ........................................................................... 4, 5

*Wildman v. Deutsche Bank Aktiengesellschaft*,
    2022 WL 17993076 (E.D.N.Y. 2022) ................................................................... 4

*Yuan v. AA Forest, Inc.*,
    2022 WL 900614 (E.D.N.Y. 2022) ................................................................... 8, 9

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir. 2003) ................................................................................... 9

Statutes

Cal. Lab. Code § 1400.5 ............................................................................................ 11

Rules

CPLR § 301 .............................................................................................................. 15

CPLR § 302 ................................................................................................... 13, 14, 16

## PRELIMINARY STATEMENT

Defendant Shea Pallante's motion to dismiss can be summarized in one simple idiom – "Don't shoot the messenger." Plaintiffs' Third Amended Complaint—which exceeds three-hundred paragraphs—specifically mentions Pallante just five times. There is no reason to hold him liable for the actions of the other defendants. He is not an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), California labor laws, or the California Worker Adjustment and Retraining Notification Act ("California WARN Act"). The allegations made against him are general, sparse, and do not meet the bare minimum pleading standards to survive a motion to dismiss. Additionally, Pallante is a non-domiciliary, and the Court should not exercise personal jurisdiction over him pursuant to the New York long-arm statute.

At most, plaintiffs' allegations show that Pallante worked for the corporate defendants and delivered the corporate message of a mass layoff and shutdown of the company. Delivering such an announcement is simply not actionable. Accordingly, plaintiffs' allegations, even taken as true, do not show that Pallante was anything more than the "bearer of bad news," which does not impute liability to him.

Corporate defendant Recovco Mortgage Management LLC ("Recovco") is a foreign limited liability company incorporated in Delaware and registered in New York, with some offices in New York. (Third Amended Complaint "TAC" ¶ 26.) Corporate defendant Sprout Mortgage LLC ("Sprout") is a foreign limited liability company incorporated in Delaware and registered in New York, with some offices in New York. (TAC ¶ 27.) The Corporate Defendants (Recovco and Sprout) employed many individuals in New York and California. (TAC ¶¶ 13-23.) Plaintiffs believe Sprout and Recovco operated as a single entity. (TAC ¶ 28.)

Defendant Michael Strauss served as Sprout's Chief Executive Officer ("CEO"). (TAC ¶ 38.) As Sprout's CEO, Strauss had the ability to hire and fire employees, as well as control over employees' rates of pay and health insurance. (TAC ¶¶ 41-42.)

Defendant Christopher Wright served as Sprout's Chief Financial Officer ("CFO"). As CFO, Wright approved employee raises and promotions and hired employees who worked under him in the financial department. (TAC ¶¶ 44-45.)

Defendant Elliot Salzman served as Sprout's Executive Vice President and Chief Credit Officer. (TAC ¶ 50.) Salzman had the authority to hire and fire employees, was responsible for developing and/or running company training programs, set employee rates of pay, and approved certain employee salaries and promotions. (TAC ¶¶ 52-54, 58.) Salzman also directly supervised certain employees, including the former Sprout Senior Vice President of Secondary Due Diligence and the Senior Vice President of Underwriting Credit. (TAC ¶ 56.)

Defendant Shea Pallante served as Sprout's President and Chief Production Officer. (TAC ¶ 47.) At all relevant times, Pallante was a resident of California or Tennessee. (TAC ¶ 48.) Pallante

---

[1] The "facts" are taken directly from plaintiffs' Third Amended Complaint, and their recitation here is not an admission of truth.

is alleged to have acted as "a managing agent, officer, director, and/or employee" of the Corporate Defendants. (TAC ¶ 49.)

On the afternoon of July 6, 2022, all Sprout and Recovco employees received a videoconference invite. (TAC ¶ 126.) Over three hundred employees attended the videoconference, including some employed through the New York offices. (TAC ¶ 127.) Over the videoconference, Pallante announced that the company would be shut down, everyone's employment would be terminated immediately, and they should not return to work the next day. (TAC ¶ 128.) Pallante also notified employees their health benefits would continue through the end of the month but did not confirm whether employees would receive paychecks the next day. (TAC ¶ 129.)

On July 6, 2022, Strauss instructed other unnamed individuals not to issue paychecks due to employees on July 7, 2022, and July 22, 2022. (TAC ¶ 64.) He also instructed employees' health insurance plans be canceled retroactively through May 1, 2022. (TAC ¶ 42.)

Plaintiffs' initial complaint (Dkt. No. 1), amended complaint (Dkt. No. 26), and second amended complaint (Dkt. No. 92) did not name Pallante as a defendant. As recently as June 1, 2023, plaintiffs' counsel advised the Court that there was not enough evidence to assert viable legal claims against Pallante. (Dkt. No. 201-1.) In an attorney declaration seeking approval of the now-vacated settlement, plaintiffs' counsel stated:

> We also decided not to name several other potential Defendants, including Pallante, after determining through these interviews that there was not enough evidence to assert viable legal claims against them.

(Dkt. No. 201-1 at ¶ 29.)

In over three hundred paragraphs of allegations, Pallante's name only appears a total of five times in the Third Amended Complaint. (*See gen.* TAC; TAC ¶¶ 47-49, 128-29.)

**STANDARD OF REVIEW**

To survive a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown that the pleader is entitled to relief." *Levine v. Fenstermaker*, 2024 WL 3274727, at *2 (S.D.N.Y. 2024) (quoting *Iqbal*, 556 U.S. at 679).

"While the Court must draw all reasonable inferences in favor of the non-moving party, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to state a plausible claim." *Wildman v. Deutsche Bank Aktiengesellschaft*, 2022 WL 17993076, at *5 (E.D.N.Y. 2022) (quoting *Iqbal*, 556 U.S. at 678.) The plaintiff's allegations, at a minimum, must "raise a right to relief above the speculative level." *Watson Laboratories, Inc. v. Forest Laboratories Inc.*, 101 F.4th 223, 235 (2d Cir. 2024) (quoting *Twombly*, 550 U.S. at 555.)

If a plaintiff's complaint does not meet these minimum pleading standards, the complaint must be dismissed. *See Watson Laboratories, Inc*. 101 F.4th at *250; *Christen v. U.S. Bank Nat'l Ass'n as trustee for RCF Acquisition Tr.*, No. 23-CV-2122 (JMA) (SIL), 2024 WL 3443423, at *10 (E.D.N.Y. July 17, 2024).

**ARGUMENT**

# I. Plaintiffs' Speculative Allegations Do Not Permit a Finding That Pallante Was An Employer or Behind the Shutdown.

Plaintiffs' allegations concerning Pallante are too speculative to meet the minimum pleading standard. As to Pallante, beyond delivering the message of the Corporate Defendants, plaintiffs offer only conclusory statements about his involvement in the shutdown. They generally lump him in with other individual defendants and the Corporate Defendants without showing any specific involvement. Such allegations are insufficient to survive a motion to dismiss. *See Watson Laboratories, Inc.*, 101 F.4th at 235 (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)) ("Mere labels and conclusions are insufficient, and absent further factual enhancement, naked assertions will not salvage a complaint otherwise subject to dismissal.")

## A. Plaintiffs' allegations that Pallante was an "employer" are too speculative to maintain labor law claims against him

The allegations about Pallante's role as an "employer" are entirely speculative and conclusory. Plaintiffs allege, "upon information and belief" Pallante "acted as a managing agent, officer, director, and/or employee of the Corporate Defendants, and caused and directed the activities alleged in this action." (TAC ¶ 49.) They essentially throw the kitchen sink at Pallante and hope that one of these roles—managing agent, officer, director, or mere employee—captures his actual role. By contrast, plaintiffs give specific factual details over the control that Strauss, Wright, and Salzman had over employees, such as hiring and firing, approving salaries and promotions, setting rates of pay, control over health benefits, and supervisory responsibilities. (TAC ¶¶ 41-42, 44-45, 52-54, 56, 58.)

Such general pleading will not suffice. Generally, a plaintiff may plead facts upon information and belief only where "where the facts are particularly within the possession and control of the defendant," or "where the belief is based on the factual information that makes the

inference of culpability plausible." See *Pappas v. City of New York*, 2024 WL 2093472, at \*14 (S.D.N.Y. 2024) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Pallante's role as an employer would not be exclusively within defendants' knowledge, and the absolute lack of any factual detail does not make it plausible that Pallante was, in fact, an employer. As such, allegations about Pallante's role as an employer are purely speculative. *See id.* (quoting *Moreira v. Société Générale, S.A.*, 2023 WL 359446, at \*2 (S.D.N.Y. 2023)) ("Where neither condition is fulfilled, the allegation is no more than 'pure speculation.") Because plaintiffs have not established Pallante was an employer, as set forth below in Point II, they cannot maintain their labor law claims against him.

### B. The allegations do not show Pallante plausibly engaged in any "wrongdoing"

Similarly, Pallante's "wrongdoing" is never made clear. The only inference that can be drawn from the allegations is that Pallante worked for the Corporate Defendants and notified their employees of the shutdown.

The two paragraphs that allege Pallante announced the shutdown to employees over videoconference (TAC ¶¶128-29) are the only ones that give any factual detail as to Pallante's involvement. Nothing in the Third Amended Complaint shows that Pallante had any decision-making role or authority concerning the shutdown, such as when the shutdown would happen, how it would be conducted, how employees were to be notified, how employees were to be paid post-shutdown, or anything beyond delivering the message. (*See gen.* TAC.) By contrast again, plaintiffs allege that defendant Strauss directed others not to pay plaintiffs after the shutdown. (TAC ¶ 64.)

Plaintiffs do not establish that Pallante was anything more than the messenger. Such allegations are not enough to even show a mere possibility of liability. The fact that plaintiffs

originally omitted Pallante as a defendant in the first two amended complaints, expressly stated in an attorney declaration that there were insufficient allegations against him, and fail to provide any newly discovered details, demonstrates they cannot maintain claims against him.

As plaintiffs do not plausibly show that Pallante was sufficiently involved in the shutdown, the claims against him should be dismissed. *See Levine*, 2024 WL 3274727, at *2.

## II.     Pallante Is Not An Employer Within the Meaning of Any Applicable Statutes

### A.   *The NYLL and FLSA*

To begin with, plaintiffs do not allege that Pallante was an employer within the meaning of the FLSA. Indeed, they allege that he "acted as a managing agent, officer, director, and/or employee of the Corporate Defendants, and caused and directed the activities alleged in this action." (TAC ¶ 49.) This allegation is incredibly general. They further allege that Pallante told employees via videoconference that the company would be shut down, everyone's employment would be terminated immediately, and they should not return to work the next day. (TAC ¶ 128.) Plaintiffs do not allege that Pallante had any control over this decision or participated in it beyond delivering the announcement to other employees. Such conduct is not enough to make him an employer to lump him in with any of the other defendants.

"Only an employer may be held liable for violations of the FLSA and NYLL." *Yuan v. AA Forest, Inc.*, 2022 WL 900614, at *2 (E.D.N.Y. 2022). "Accordingly, 'the determination of whether an employer-employee relationship exists for purposes of the FLSA [and NYLL] should be grounded in "economic reality rather than technical concepts."' *Id.* at *3 (quoting *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)) (modifications in original). However, courts have applied various tests depending on the context and nature of the FLSA issue. *See id.* (citing *Brown v. N.Y.C. Dep't of Educ.*, 755 F.3d 154, 167 (2d Cir. 2014); *Barfield*, 537 F.3d at 142-43); *see also Suarez v. Murray*, 2021 WL 1240518, at *5–6 (S.D.N.Y. 2021). Here, Pallante is not an employer under multiple economic reality tests.

### i. Pallante is not an employer under the *Carter* test

Under the *Carter* test, the courts consider various factors to determine whether an alleged employer exercises "formal control" over a worker. *Yuan*, 2022 WL 900614, at *3 (citing *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984)). Under the *Carter* test, courts consider whether the defendant: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment; and (4) maintained employment records. *Id.* (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)).

Here, plaintiffs offer no specific facts about Pallante to establish him as an employer under the FLSA or the NYLL. They offer no facts about his involvement with the company, employees, or decision making. While plaintiffs (albeit nonspecifically) allege that defendants Wright and Strauss had control over their conditions of employment, pay and benefits, and had the ability to hire and fire employees (TAC ¶¶ 42-45), they do not allege the same for Pallante. In fact, they do not specifically allege that Pallante was more than an employee of the Corporate Defendants. (TAC ¶ 49.) Their extremely general allegation that Pallante "caused and directed the activities alleged in this action" (TAC ¶ 49), without any other specific facts, falls far below the bar to show that he is an employer. *See Ruixuan Cui v. E. Palace One, Inc.*, 2019 WL 4573226, at *7 (S.D.N.Y. 2019) (holding that conclusory allegations without any facts about the individual's alleged management, interactions with others, or observations about conduct were insufficient to establish the individual as an employer under the FLSA and NYLL.)

### ii. Pallante is not an employer under the *Zheng* test

The test set forth in *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003) is relevant in cases alleging joint employment by multiple defendants. *Yuan*, 2022 WL 900614, at *3.

The *Zheng* test sets forth six factors to determine whether an alleged joint employer exercises "functional control" over workers, including: (1) whether the putative joint employer's premises and equipment were used for the employees' work; (2) whether the employees were part of a business organization that could or did shift as a unit from one putative joint employer to another; (3) the extent to which the employees performed a discrete line-job integral to the alleged joint employer's process of production; (4) whether responsibility under contracts could pass from one subcontractor to another without material changes; (5) the degree to which the putative joint employer supervised the employees' work; and (6) whether the employees worked exclusively or predominantly for the putative joint employer. *See Greenawalt v. AT & T Mobility LLC*, 642 F. App'x 36, 38 (2d Cir. 2016).

These factors would appear to link the Corporate Defendants to one another. However, Pallante had no such control over plaintiffs. As stated above, plaintiffs do not allege that he had any specific supervisory role over plaintiffs, their work assignments, schedules, pay, working conditions, or anything else. The extremely general allegation that he "caused and directed the activities alleged in this action" does not show that he had the requisite authority and control to make him plaintiffs' employer. Accordingly, Pallante is not an employer under the *Zheng* test and is not plaintiffs' employer to sustain FLSA and NYLL claims against him.

**B.  *California Labor Law***

The California Supreme Court articulated a test in *Martinez v. Combs*, 49 Cal.4th 35, 109 Cal.Rptr.3d 514, 231 P.3d 259 (2010) to determine whether a person or entity was an "employer" within the meaning of the California Labor Law. *See Morales-Garcia v. Better Produce, Inc.*, 70 F.4th 532, 539 (9th Cir. 2023). Since then, Courts in the Ninth Circuit have applied similar tests.

*See id.* (citing *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1029-30 (9th Cir. 2019); *Alexander v. FedEx Ground Package Sys., Inc.*, 765 F.3d 981, 988-994 (9th Cir. 2014)).

California courts look to whether an employer had control over the plaintiffs' working conditions, such as the ability to hire and fire, training and supervision, determining rate and manner of pay, and setting hours. *See Morales-Garcia* 70 F.4[th] at 540; *see also Salazar*, 944 F.3d at 1029–30.

As stated above, Pallante did not have any control over plaintiffs' rate or manner of pay, hours or schedules, or assignments. He did not hire or fire them, approve their raises or promotions, supervise them, train them, or work with them directly. Accordingly, plaintiffs cannot maintain their California Labor Law claims against Pallante as he does not meet California law's definition of an "employer."

### C. The California WARN Act

Plaintiffs' eighth cause of action alleges a violation of the California WARN Act against all defendants. However, Pallante is not an employer within the meaning of the statute.

Under the California WARN Act, an "employer" is defined as "any person, as defined by Section 18, who directly or indirectly owns and operates a covered establishment." Cal. Lab. Code § 1400.5. Moreover, "[t]he common legal understanding of the term 'employer' is an entity that is paying a wage or salary to an employee for the employee to perform work on the employer's behalf where the entity has the power or right to control and direct the work-related activities of the employee." *McCaffrey v. Brobeck, Phleger & Harrison, L.L.P.*, 2004 WL 345231, at *4 (N.D. Cal. 2004).

Plaintiffs have not alleged that Pallante had any control over the employees' work-related activities. By contrast, they allege Strauss, Wright, and Salzman had control over employees'

health insurance plans, rates of pay, conditions of employment, approving the salaries and promotions of employees, supervising employees, developing and running training programs, and the ability to hire and fire employees. (TAC ¶¶ 42-45, 52-58.) Without any detail to show meaningful control or power over the employees' work activities or conditions of employment, Plaintiffs have not established Pallante as an "employer" within the meaning of the California WARN Act, and the claim should be dismissed against him. *See McCaffrey*, 2004 WL 345231, at *4 (dismissing California WARN Act claim against an individual defendant where there was no evidence he had power or right to control plaintiffs' work-related activities.)

### III.     There Is No Basis to Assert Personal Jurisdiction Over Pallante

Pallante, who is not a New York resident, has no meaningful contacts with New York to warrant this Court asserting personal jurisdiction over him in this action. At most, he gave the announcement about the shutdown to a group of the Corporate Defendants' employees, which included (but was not exclusively intended for) New York employees. This is not sufficient to confer personal jurisdiction over him under the New York long-arm statute.

Plaintiffs assert FLSA claims, Fair Credit Reporting Act ("FCRA") claims, and state labor law claims against Pallante. Initially, the FLSA does not provide for nationwide service of process, and so the Court must look to New York State Law to determine whether it may exercise personal jurisdiction over Pallante. *Bethel v. BlueMercury, Inc.*, 2022 WL 3594575, at *9 (S.D.N.Y. 2022) (citing *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 273 (S.D.N.Y. 2019); *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013)). Courts also look at New York's long-arm statute to determine personal jurisdiction over a defendant for FCRA claims. *See Mednik v. Specialized Loan Servicing, LLC*, 2021 WL 707285, at *3 (E.D.N.Y. 2021) (analyzing personal jurisdiction of the defendant under CPLR § 302.)

Under the New York long-arm statute, a court may exercise personal jurisdiction over a non-domiciliary who transacts business in New York or commits a tortious act in New York, except for defamation. C.P.L.R. § 302(a)(1-2). Additionally, a court may exercise personal jurisdiction over a non-domiciliary who commits a tort outside New York if the person regularly does business or "engages in any other persistent course of conduct," or expects or should reasonably expect the act to have consequences in New York and derives substantial revenue from interstate/international commerce. C.P.L.R. § 302(a)(3). Finally, a court may exercise personal jurisdiction over a person who owns, uses, or possesses real property in New York. C.P.L.R. § 302(a)(4). Pallante does not meet any of these criteria.

Initially, Pallante is not a New York domiciliary. At all relevant times, he was a resident of California or Tennessee, but never New York. (TAC ¶ 48.) He does not own, use, or possess any real property in New York, nor do Plaintiffs allege that he does so. (*See gen.* TAC.) As such, plaintiffs cannot satisfy those prongs of CPLR § 302. As shown below, he has not transacted any business or committed a tort that would satisfy the remaining provisions of the long-arm statute, and this Court must dismiss all claims against him.

## A. *Pallante Did Not Transact Business in New York*

Under § 302(a), a plaintiff must establish personal jurisdiction over a defendant by showing (1) that the defendant "transacted business within the state," and (2) "the claim asserted must arise from that business activity." S*nowbridge Advisors LLC v. ESO Cap. Partners UK LLP*, 589 F. Supp. 3d 401, 411 (S.D.N.Y. 2022), *appeal dismissed as moot sub nom.,* 2023 WL 8368630 (2d Cir. 2023) (internal citations omitted).

In determining whether a defendant transacted business in New York, courts look to the "'totality of the defendant's activities within the forum' to determine whether it has engaged in 'purposeful activity' there." *Lipson v. Birch*, 46 F. Supp. 3d 206, 217 (E.D.N.Y. 2014) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)).

The totality of circumstances here does not show that Pallante engaged in any purposeful activity in New York. He did not work in the New York office with any of the Corporate Defendants' New York employees. (*See gen.* TAC.) He did not manage or supervise any of Corporate Defendants' New York employees. (*See gen.* TAC.) He did not attend meetings or other Company events in New York. (*See gen.* TAC.) When he delivered the announcement of the shutdown to the Corporate Defendants' employees over the Zoom call, it was not directed at only the New York employees, but rather all employees in all states. (TAC ¶¶ 127-29.) This does not

show that Pallante purposefully engaged in with New York in any way or had a continuing relationship with the Corporate Defendants' New York offices or employees. Without showing that Pallante "projected himself" into New York, plaintiffs have not established personal jurisdiction under CPLR § 301(a)(1). See *Lipson*, 46 F. Supp. 3d at 218.

### B. There is No Articulable Nexus Between Pallante's Actions and Any Causes of Action

Even assuming *arguendo* that Pallante did somehow transact business in New York, there is no articulable nexus between his acts and the causes of action, as Pallante was not involved in the Corporate Defendants' shutdown beyond announcing it.

"A claim arises from a particular transaction when there is some articulable nexus between the business transaction and the cause of action being sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 75–76 (2d Cir. 2023) (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (cleaned up)). "[N]ot every conceivable connection to a New York transaction is substantial enough to confer jurisdiction." *Id.* (quoting *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 130 (2d Cir. 2022)).

Plaintiffs' causes of action stem from the shutdown, their failure to receive notice of the shutdown, and the failure to receive paychecks after. (*See gen.* TAC.) Pallante only announced the shutdown. He had no input or control over deciding whether to shut down the company; how the shutdown would be conducted; when the shutdown would take place; or whether to make payment to employees after the shutdown. (*See gen.* TAC.) Although plaintiffs nakedly assert that Pallante "caused and directed the activities alleged in this action," they give no specifics as to how or what exactly he did beyond delivering the announcement. Pallante's announcement and the conclusions

about his involvement beyond that are not enough to establish an articulable nexus for personal jurisdiction under § 302(a)(1).

As set forth *supra* in Point I(B), plaintiffs have not plausibly established that Pallante engaged in any wrongdoing. As such, he has not committed a tort that could confer personal jurisdiction over him under CPLR § 302(a)(3). Even so, plaintiffs have also not established that he regularly transacts business, "engages in any other persistent course of conduct" in New York, or derives substantial revenue from interstate or international commerce to satisfy CPLR § 302(a)(3)(i) or (ii).

Accordingly, this Court should not exercise personal jurisdiction over Pallante pursuant to any prong of the long-arm statute. Because Pallante is not subject to personal jurisdiction in New York, all claims against him should be dismissed. *See Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 76 (2d Cir. 2023).

## IV. The FLSA Preempts Multiple State Law Claims

Plaintiffs' FLSA preempts the state law claims that seek "vindication of the same rights that the FLSA protects." *See Cortese v. Skanska USA Inc.*, 2020 WL 2748438, at *6 (S.D.N.Y. 2020) (citing *DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 770 F. Supp. 2d 497, 530 (E.D.N.Y. 2011); *Petras v. Johnson*, 1993 WL 228014 (S.D.N.Y. 1993)).

Plaintiffs' twelfth, fifteenth,[2] and eighteenth causes of action seek recovery for untimely wage payments and overtime violations. Overtime violations and late payment issues are covered by the FLSA. *See Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 148 (E.D.N.Y. 2023) (acknowledging that the FLSA covers both overtime and issues of prompt payment). Because these rights may be vindicated under the FLSA, and these claims are based on the same facts underlying the FLSA

---

[2] Plaintiffs' Third Amended Complaint contains two causes of action titled "Fifteenth Cause of Action." Defendant Pallante refers to paragraphs "248" through "252" for purposes of this argument.

claim, they are preempted, and the Court should dismiss the state law claims. *See Abuladze v. Apple Commuter Inc.*, 2024 WL 1073121, at *19 (S.D.N.Y. 2024), *report and recommendation adopted*, 2024 WL 1073155 (S.D.N.Y. 2024) (dismissing state law claims based on same facts as FLSA claims); *Contrera v. Langer*, 314 F. Supp. 3d 562, 572 (S.D.N.Y. 2018) (dismissing state law breach of contract claim for unpaid overtime as preempted by FLSA).

**CONCLUSION**

For all the foregoing reasons, defendant Shea Pallante respectfully requests the Court grant this motion and dismiss this action in its entirety with prejudice, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: Carle Place, New York
September 12, 2024

SOKOLOFF STERN LLP
*Attorneys for Defendant*
*Shea Pallante*

By:    Adam I. Kleinberg
Blair J. Hendricks
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 240144