UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
NATHANIEL AGUDELO, HELEN OWENS,
AMANDA COOPER, JARED SAWYER, SCOTT      Civil Action No. 22-cv-4004
HARVEY, and KAREN KELLEY, on behalf of
themselves and others similarly situated

                 *Plaintiffs, and Lead*
                 *Plaintiffs for the*
                 *Proposed Class,*

v.

RECOVCO MORTGAGE MANAGEMENT LLC,
SPROUT MORTGAGE LLC, MICHAEL
STRAUSS, CHRISTOPHER WRIGHT, SHEA
PALLANTE, and ELLIOT SALZMAN

                         *Defendants*
---------------------------------------------------------------- X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WRIGHT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Stagg Wabnik Law Group LLP
*Attorneys for Defendant*
*Christopher Wright*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4518

David R. Ehrlich
Claire J. Lippman
        *Of Counsel*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

ARGUMENT - STANDARD OF REVIEW ...................................................................... 6

POINT I

PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE WRIGHT WAS THEIR EMPLOYER PURSUANT TO THE FLSA OR NYLL .................................................................................. 7

POINT II

PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE THE CALIFORNIA CAUSES OF ACTION AGAINST WRIGHT ........................................................................................... 14

CONCLUSION…………………………………………………………………..…16

# TABLE OF AUTHORITIES

**Cases**

*Adamou v. Cnty. of Spotsylvania*, 2016 WL 1064608 (S.D.N.Y. Mar. 14, 2016). ......................... 14

*Alexander v. FedEx Ground Package Sys, Inc.*, 765 F.3d 981 (9th Cir. 2014) ............................. 15

*Ansoumana v. Gristede's Operation Corp.*, 255 F.Supp.2d 184 (S.D.N.Y. Jan. 28, 2003) ............. 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 6, 12, 14

*Atuahene v. City of Hartford*, 10 F. App'x. 33 (2d Cir. 2001) ............................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 6, 12

*Bravo v. Established Burger One LLC*, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ................ 7, 12

*Cui v. E. Palace One, Inc.*, 2019 WL4573226 (S.D.N.Y. Sept. 20, 2019) .................................... 9

*Farmer v. Cty. of Westchester*, 2021 WL 4199944 (S.D.N.Y. Sept. 15, 2021) ........................ 6, 14

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999) ................................................... 7

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ....................................................... 8

*Gill v. Acacia Network*, 2015 WL 1254774 (S.D.N.Y. Mar. 18, 2015) .............................. 7, 8, 12

*Martinez v. Combs*, 49 Cal.4th 35 (Cal. 2010) ............................................................ 15

*McCaffrey v. Brobeck, Phleger & Harrison, LLP.*, 2004 WL 345231 (N.D. Cal. 2004) .............. 15

*Morales-Garcia v. Better Produce, Inc.*, 70 F.4th 532 (9th Cir. 2023) ..................................... 15

*Peng Bai v. Fu Xing Zhou*, 2014 WL 2645119 (E.D.N.Y. June 13, 2014) .................................... 9

*Salazar v. McDonald's Corp.* 944 F.3d 1024 (9th Cir. 2019) ............................................. 15

*Tracy v. NVR, Inc.*, 667 F.Supp.2d 244 (W.D.N.Y. Nov. 5, 2009) ........................................... 7

*Vasto v. Credico (USA) LLC*, 2016 U.S. Dist. Lexis 101875 (S.D.N.Y. Aug. 3, 2016) .............. 8, 9

*Weng v. HungryPanda US, Inc.*, 2022 WL 292799 (S.D.N.Y. Jan. 21, 2022) ................................. 9

**Statutes**

29 U.S.C. § 203(d) ................................................................................................................ 7

Cal. Lab. Code § 1400.5 ..................................................................................................... 15

NYLL § 190(3) ..................................................................................................................... 7

Defendant Christopher Wright, by and through his attorneys Stagg Wabnik Law Group LLP, submits this Memorandum of Law in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure 8(a)(2) and 12(b)(6) and for such other and further relief this Court deems just and proper.

**PRELIMINARY STATEMENT**

Plaintiffs' Third Amended Complaint (hereinafter "TAC") alleges violations for failure to pay wages and related claims, and names the employer companies Recovco Mortgage Management LLC and Sprout Mortgage LLC ("Corporate Defendants"), as well as their domineering leader Michael Strauss. This motion is about Plaintiffs wrongly roping in Christopher Wright as an individual defendant when he had no power, authority, or control over the employees or the decisions of the Corporate Defendants.

Plaintiffs' desperate stretch to keep Wright in the action is obvious when the TAC is examined. The TAC contains 314 paragraphs, but the overwhelming majority have nothing to do with Mr. Wright. Indeed, Plaintiffs only mention Mr. Wright in four conclusory paragraphs in the "Parties" section of the TAC. Mr. Wright is alleged to be the former CFO, and in a transparent attempt to keep him in the case, Plaintiffs simply recite in a formulaic fashion a few of the bare elements of the economic realities test and plug in Mr. Wright's name without any details or specifics. These allegations are not, and cannot be, the basis for a claim against Mr. Wright. Nothing in the TAC alleges that Wright engaged in any actions giving rise to the purported wage violations. Further, there is no description of Wright's supposed control over the Corporate Defendants' operations or employees. The inadequacies are glaringly obvious, especially when comparing the allegations against Mr. Wright with the allegations against Michael Strauss and the other individual defendants. For instance, Plaintiffs allege that Strauss decided to close the

1

company, withhold payment from employees, cancel the health insurance plans, and subsequently make deductions from employees' pay after the health plans were canceled. Those allegations demonstrate affirmative actions that support the purported violations, and establish Strauss's power and control over the Corporate Defendants' decisions and employees. Nothing in the TAC regarding Wright comes close to that level of control.

Unlike the first two Complaints, the TAC now includes a plethora of alleged violations of California labor laws. However, similar to the first two, the TAC again fails to demonstrate that Mr. Wright was an employer and that he should be held individually liable for the actions of the Corporate Defendants under the California laws.

Thus, Mr. Wright's motion to dismiss Plaintiffs' Third Amended Complaint should be granted in its entirety and all claims against him be dismissed with prejudice.

## STATEMENT OF FACTS[1]

Mr. Wright was the former Chief Financial Officer ("CFO") of Sprout Mortgage LLC.[2] (TAC at ¶ 43). At all relevant times, individual Defendant Michael Strauss served as Chief Executive Officer ("CEO") of Sprout, individual Defendant Shea Pallante served as President and Chief Production Officer, and individual Defendant Elliot Salzman served as Executive Vice President and Chief Credit Officer. (*Id.* at ¶¶ 38, 47, 50).

This case arises from Plaintiffs' claim that employees of Sprout and Recovco did not receive their paychecks for the June 16, 2022–July 6, 2022 pay periods and that deductions made

---

[1] The Statement of Facts is based off of the allegations of the TAC and are assumed true only for the purposes of the motion. Mr. Wright vehemently denies the allegations that are attempting to assert that he had power, control or authority to make any material decisions that could possibly result in individual liability.
[2] Plaintiffs refer to Corporate Defendants Sprout Mortgage LLC and Recovco Mortgage Management LLC interchangeably, *see, e.g.*, TAC ¶ 46.

from May and June 2022 paychecks were for illusory benefits, *i.e.*, deductions were made from paychecks when the health plan was purportedly canceled. Plaintiffs are former employees of Sprout and Recovco Mortgage Management LLC. (*Id.* at ¶ 1). On July 6, 2022, Plaintiffs joined a videoconference wherein Defendant Pallante told them "that the company would be shut down, everyone's employment was terminated immediately, and they should not return to work tomorrow." (*Id.* at ¶ 128). Plaintiffs allege that Defendant Strauss "instructed other individuals not to issue the paychecks that were due to be sent out to all Sprout employees on July 7, 2022, and July 22, 2022." (*Id.* at ¶ 64). Defendant Strauss directed the closure of the businesses, and canceled the Companies' health insurance plans in May 2022, yet continued to collect deductions for premiums from the employees. (*Id.* at ¶¶ 40, 42, 104, 136, 183, 188). Plaintiffs allege nothing about Mr. Wright's involvement in any decision relating to the closure of the business, decisions relating to the payment of wages, the canceling of health insurance plans, or anything else related to Plaintiffs' claims. (*Id.* at ¶¶ 1–314).

Plaintiffs attempt to rope Mr. Wright into this case as an individual defendant solely based on his (misplaced and incorrect) title of CFO. (*Id.* at ¶ 43). Beyond simply alleging that Mr. Wright had this title, all Plaintiffs can assert about Mr. Wright is contained in paragraphs 44 to 46 of the TAC in the "Parties" section, and such allegations are wholly conclusory. (*Id.* at ¶¶ 44–46). All Plaintiffs could muster is: (a) Wright "exercised authority and control over employees' rates of pay and conditions of employment because his approval was required for raises and promotions;" (b) "Wright was responsible for hiring employees who worked under him in the company's financial department;" and (c) "*[u]pon information and belief*, Wright continued working for Sprout and Recovco following the shutdown, and was responsible for winding down the companies' financial affairs, including making payments to vendors, creditors and the handful

of employees who were kept on following the shutdown." (*Id.* at ¶¶ 43–46) (emphasis added). In the 57-page, 314-paragraph TAC, the above is the *only* mention of Wright.

It is telling that as Plaintiffs set forth their narrative in support of their claims, they include detailed actions of individual defendant Strauss making decisions and engaging in actions about closing the company, not paying employees, canceling the health insurance plans, and making deductions from paychecks that were not used for the health plan premiums. (*Id.* at ¶¶ 38, 40, 42, 64, 104, 136, 180–83, 187–89). The entire tenor of the TAC points to Strauss as the leader of the Corporate Defendants, in full control of Corporate Defendants' decisions. There is a stark contrast between the allegations and details pertaining to Strauss as compared to Wright—there is no reference to Wright with respect to any of the actions that form the basis of Plaintiffs' claims. (*Id.* at ¶¶ 1–314).

In addition, the total absence of Wright having any power or authority to warrant individual liability is further shown by contrasting the allegations about Wright with the other non-Strauss individual defendants, *i.e.*, Pallante and Salzman. As for Pallante, Plaintiffs assert that he, as President, informed the employees that the businesses were being shut down and employees discharged. (*Id.* at ¶ 128). As for Salzman, Plaintiffs spend 11 paragraphs attempting to describe his authority and control of employees. (*Id.* at ¶¶ 50-60). This is not to say that Plaintiffs' allegations against Pallante and Salzman warrant individual liability, as Plaintiffs well know and admit it that Strauss wholly dominated the Corporate Defendants and their every decision. (*Id.* at ¶¶ 38, 40, 42, 64, 104, 136, 180–83, 187–89). Rather, it shows that Plaintiffs tried mightily to find anything and everything they could allege to keep these individuals in the case, and in doing so, failed to assert anything beyond conclusory statements about Wright. (*Id.*, compare ¶¶ 47–49, 50–60, 128–29 with ¶¶ 43–46). Plaintiffs are silent when it comes to alleging any specific actions

4

against or about Wright relating to their claims or the corporate decisions that are the basis of their claims.

Accordingly, the claims in the TAC against Wright as an individual defendant should be dismissed.

Plaintiffs' TAC sets forth twenty-four claims alleging violations of New York, California, and federal laws, against a mix and combination of "all Defendants", "corporate defendants" and "Strauss." There is no cause of action against Wright alone, unlike Strauss. The following claims are against Wright as "all Defendants" with nothing specifically alleged about Wright: violations of (1) FLSA minimum wage; (2) NYLL minimum wage; (3) unlawful withholding of wages under NYLL § 193; (4) Warn Act (CA); (5) unlawful business practices (CA); (6) unlawful deductions from paychecks (CA); (7) failure to reimburse or indemnify employees for required expenses (CA); (8) failure to pay wages when due (CA); (9) failure to pay vacation wages (CA); (10) Private Attorneys General Act (CA); (11) failure to pay CA minimum wage; (12) failure to pay overtime wages (CA); (13) failure to provide compliant meal periods or pay premium wages (CA); (14) failure to provide compliant rest breaks or pay premium wages (CA); (15) violations of CA labor code § 204; (16) violations of CA labor code §§ 432.5, 432.6, and 925; (17) violations of CA labor code § 2751; (18) failure to make proper disclosure in violation of the Fair Credit Reporting Act ("FCRA"); (19) failure to obtain proper authorization in violation of the FCRA; and finally (20) violations of CA's Investigative Consumer Reporting Agencies Act. For the reasons set forth below, Mr. Wright's motion to dismiss should be granted and Plaintiffs' claims against Wright in the Third Amended Complaint should be dismissed.

# ARGUMENT

## STANDARD OF REVIEW

To sufficiently plead a claim and withstand a Rule 12(b)(6) motion, a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Specifically, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (internal citation and quotation marks omitted). Plaintiffs resort to formulaic recitations of elements in their attempt to allege individual liability against Wright and do not meet their burden of providing more than labels and conclusions as against Wright.

Moreover, Rule 8(a)(2) requires that a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." In cases with multiple defendants, the complaint must "give each defendant fair notice of what the plaintiff's claim is and the group upon which it rests." *Farmer v. Cty. of Westchester*, 2021 WL 4199944 at *20 (S.D.N.Y. Sept. 15, 2021) (quoting *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001)). Accordingly, "[p]leadings fail to meet that minimum requirement where allegations 'lump[] all the defendants together in each claim and provide no factual basis to distinguish their conduct.'" *Ibid.* (quoting *Atuahene*, 10 F. App'x. at 34.). Here, Plaintiffs fail to satisfy that requirement, even after receiving two additional opportunities to amend their complaint. There are no allegations in the 314 paragraph TAC that state that Wright did anything that contributed to the violations described by Plaintiffs—Plaintiffs simply lumped Wright in with all "Defendants." This fact further warrants dismissal of the claims against Wright in their entirety.

# POINT I

## PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE WRIGHT WAS THEIR EMPLOYER PURSUANT TO THE FLSA OR NYLL
### (First, Second, and Third Causes of Action)

"To be liable under the FLSA and NYLL, a person must be an employer." *Bravo v. Established Burger One LLC*, 2013 WL 5549495 at *15 (S.D.N.Y. Oct. 8, 2013) (internal citation and quotation marks omitted). The FLSA and NYLL both define an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d); NYLL § 190(3). To determine if an individual is an employer, Courts in the Second Circuit use an "economic reality test" to analyze if the individual "exercised formal control over an employee." *Bravo*, 2013 WL 5549495 at *16 (internal citation and quotation marks omitted).

The economic reality test analyzes four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Ibid.* (quoting *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999)). Mere recitation of the test is insufficient to classify an individual defendant as an employer. *Gill v. Acacia Network*, 2015 WL 1254774, at *17 (S.D.N.Y. Mar. 18, 2015). Bare or conclusory allegations from the elements of the test, absent specific facts, warrant dismissal against individual defendants. *Bravo*, 2013 WL 5549495 at *13, 17–18. "[B]oilerplate allegations that an individual meets the various prongs . . . stated solely upon information and belief without any supporting details . . . are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA." *Tracy v. NVR, Inc.*, 667 F.Supp.2d 244, 247 (W.D.N.Y. Nov. 5, 2009).

In determining "employer" status for individual defendants, this Court must also consider the individual defendant's (1) "operational control" and (2) "potential power[.]" *Irizarry v. Catsimatidis*, 722 F.3d 99, 106 (2d Cir. 2013). Operational control considers "at what level of a corporate hierarchy, and in what relationship with plaintiff employees, must an individual possess power in order to be covered by the FLSA?" *Id.* at *106. Potential power "concerns hypothetical versus actual power: to what extent and with what frequency must an individual actually use the power he or she possesses over employees to be considered an employer?" *Ibid.*

An individual defendant's title is insufficient to demonstrate operational control. Rather, the individual defendant (an owner, president, stockholder, officer, etc.) "must have at least some degree of involvement in the way the company interacts with employees to be a FLSA 'employer.'" *Id.* at *107. Corporate decision-making authority is also insufficient to establish operational control. *Id.* at *109. An individual defendant is only an employer if they "possess control over a company's actual 'operations' in a manner the relates to a plaintiff's employment." *Ibid.* An individual defendant successfully exercises operational control when their decisions "directly affect the nature and condition of the employees' employment." *Id.* at 110. The relationship between operational control and the employee's employment must be stronger than but-for causation. *Ibid.*

As for potential power, "the manifestation of, or, at the least, a clear delineation of an individual's power over employees is an important and telling factor in the 'economic reality' test. Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without some involvement in the company's employment of the employees." *Id.* at *111. Potential power need not be continuous monitoring of employees or absolute control—this power can be restricted or exercised only occasionally. *Vasto v. Credico (USA) LLC*, 2016 U.S. Dist. Lexis

101875, at *12 (S.D.N.Y. Aug. 3, 2016). Similar to operational control, potential power cannot be inferred simply by virtue of an individual defendant's status and role. *Id.* at *19. Courts reject inferring status-based control where structural considerations "cast doubt on the premise that senior corporate officials enjoy authority over employment-related matters." *Ibid. See Weng v. HungryPanda US, Inc.*, 2022 WL 292799, at *14 (S.D.N.Y. Jan. 21, 2022) ("the fact that the Individual Defendants occupied elevated positions, standing alone, does little to advance Plaintiff's claims.").

*Cui v. E. Palace One, Inc.* addressed a complaint's recitation of the economic realities test coupled with conclusory assertions regarding the individual defendants' management of operations. 2019 WL 4573226, at *21–22 (S.D.N.Y. Sept. 20, 2019). In that case, the plaintiff failed to describe any interactions he had with individual defendants or even any observations he made of their conduct. *Ibid.* Absent any extrapolation of alleged management, an individual's title—even the title of CEO—is not sufficient to establish the individual defendant as an "employer" for FLSA and NYLL purposes. *Id.* at *22. Rather, the corporate officer as an individual defendant may be an "employer" "if th[at] individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of business, or determines the employees' salaries and makes hiring decisions." *Peng Bai v. Fu Xing Zhou*, 2014 WL 2645119, at *8 (E.D.N.Y. June 13, 2014) (quoting *Ansoumana v. Gristede's Operation Corp.*, 255 F.Supp.2d 184, 192–93 (S.D.N.Y. Jan. 28, 2003)).

Here, Mr. Wright is mentioned in only four of the 314 paragraphs in the TAC, and in those four paragraphs there is nothing beyond conclusory assertions of the elements to warrant individual liability. First, "[i]ndividual Defendant Christopher Wright is an adult individual who at all

9

relevant times was Sprout's Chief Financial Officer ('CFO')." (TAC ¶ 43). As discussed *supra*, an individual defendant's title alone does not establish their liability as an employer.

Second, "[a]s CFO, Wright exercised authority and control over employees' rates of pay and conditions of employment because his approval was required for raises and promotions." (*Id.* at ¶ 44). Third, "[f]urther, Wright was responsible for hiring employees who worked under him in the company's financial department." (*Id.* at ¶ 45). Finally,

> [u]pon information and belief, Wright continued working for Sprout and Recovco following the shutdown, and was responsible for winding down the companies' financial affairs, including making payments to vendors, creditors, and the handful of employees who were kept on following the shutdown. Wright was therefore at least in part responsible for the companies' continued failure to pay any wages to employees following the shutdown.
>
> (*Id.* at ¶ 46).

Those allegations fail to establish Mr. Wright as an employer for FLSA and NYLL purposes. As a threshold matter, Mr. Wright vehemently denies he had power or authority to hire employees or approve raises and promotions. Rather, Mr. Wright had no power or authority, as Defendant Strauss operated a dictatorial regime wherein he made every material decision for Sprout and Recovco. Even accepting Plaintiffs' allegations as true for the motion to dismiss, the incredibly strained allegations are insufficient to state a claim that Mr. Wright was an employer. The allegations in paragraphs 44 and 45 simply reiterate two elements from the economic reality test with no specifics or details. The allegations in paragraph 46 are made "upon information and belief," and, even if accepted as true, assert the functions of an accounts payable clerk, not someone who had operational control over the company or employees.

The bare allegations in paragraphs 43–46 are in stark contrast to Plaintiffs' allegations about Strauss in that he made every consequential decision relating to the Corporate Defendants

and their alleged violations. Even with regard to Pallante, where Plaintiffs allege barebones allegations in the "Parties" section about him, Plaintiffs try to tie him into the operational control and decision making by alleging: "[w]hen the employees joined the [July 6, 2022] videoconference, they were told by Shea Pallante who was at all relevant times the President of Sprout Mortgage, that the company would be shut down, everyone's employment was terminated immediately, and they should not return to work tomorrow." (*Id.* at ¶ 128). Plaintiffs did not (and cannot) do anything of the sort with respect to Wright because Wright had no control or authority over operations or the employees.

The second economic reality test factor, supervision and control of employee work schedules or conditions of employment, cannot be satisfied by the threadbare assertions from the TAC. Plaintiffs allege that Mr. Wright controlled conditions of employment, but are unable to cite a single instance of such control beyond purported approval for raises and promotions. Comparing the TAC's allegations regarding Mr. Wright with those focusing on Defendant Salzman is particularly illuminating. For Salzman, Plaintiff allege that "Plaintiff Amanda Cooper was promoted twice, with attendant pay raises, while working for Defendants. Each time she received an offer letter confirming her new position and pay, it was signed by Defendant Salzman." (*Id.* at ¶ 54). Additionally, "Salzman also signed the offer letter received by Sprout employee Cedrick Queen when he was hired, and was the manager of Queen's department at Sprout." (*Id.* at ¶ 55). Even more, Salzman's "approval was required for [SVPs] to receive raises or make any new hires." (*Id.* at ¶ 56). This is not to say that the TAC's allegations about Salzman are sufficient to demonstrate control and authority warranting individual liability, but nothing like those allegations—allegations with specific facts and details—were made with respect to Wright.

Like the first two factors, Plaintiffs' TAC fails to satisfy the third factor of determining the rate and method of payment. As discussed *supra*, mere recitation of an economic reality test factor cannot survive a motion to dismiss. The allegations against Defendant Strauss have more facial plausibility: "Strauss directed various other individuals not to pay the outstanding wages owed to the terminated employees" and "directed the closure of Defendants' business and the non-payment of all employees' paychecks from New York." (*Id.* at ¶ ¶ 38, 40). The allegations against Defendant Salzman also provide some details: "after the shutdown, Defendant Salzman offered Keith [former SVP of secondary Due Diligence] 60% of the wages she was owed in exchange for her continuing to work to wind down Sprout's business." (*Id.* at ¶ 57).

The allegation pertaining to Wright about pay is wholly formulaic and provides no specifics or details. Those thread-bare recitations smack of pure speculation, which is why the United States Supreme Court requires more to state a claim. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, because Plaintiffs' claims against Wright are mere recitations of the legal tests, all claims against Wright must be dismissed. *See Gill v. Acacia Network*, 2015 WL 1254774 at *15–18 (dismissing complaint against individual defendants who were members of the corporate employer's executive staff where plaintiffs merely restated the test); *Tracy*, 667 F.Supp.2d at 247 (boilerplate allegations satisfying the prongs of the economic reality test, "stated solely upon information and belief without any supporting details—essentially a 'formulaic recitation of the elements of a cause of action'—are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA"). The TAC's insufficient claims against Wright cannot survive a motion to dismiss. *See Bravo*, 2013 WL 5549495 at *17–18 (allegations from elements of economic reality test without specific facts warranted dismissal against individual defendant).

Plaintiffs' TAC does not even attempt to satisfy the fourth factor of the economic reality test. There is no mention of Mr. Wright maintaining employment records, or any of the other individual defendants for that matter.

Unsurprisingly, the TAC fails to assert any allegations against Wright relating to the two additional factors to be considered in determining operational control and potential power over the Corporate Defendants. This is expected, because as Plaintiffs asserted in the TAC, Defendant Strauss totally dominated the Corporate Defendants. The allegations against Strauss include directing non-payment of outstanding wages to employees and directing the closures of the companies. Further, Strauss "exercised authority and control over employees' health insurance plans, including by instructing that the plans be canceled retroactively to May 1, 2022." (TAC at ¶ 42).

Plaintiffs cannot establish that Mr. Wright was an employer. The allegations against Defendant Strauss exemplify what is required for an individual defendant to be considered an employer for FLSA and NYLL purposes, and those allegations are notably absent against Mr. Wright. The affirmative allegations detailing Strauss's dominance over the companies demonstrate that Mr. Wright did not, and could not, have had power or control over the operations to warrant individual liability. Indeed, Plaintiffs could not even proffer allegations against Wright that rival the paltry allegations against Pallante and Salzman.

Roping Mr. Wright into this case and forcing him to defend against this collective/class action is an injustice, as Plaintiffs' TAC depicts the reality that Mr. Wright was no more than a subordinate of Strauss and subject to his dictates and full control over the companies. Mr. Wright does not count as an employer and he was not involved in any of the alleged improper acts. All claims against Mr. Wright should be dismissed with prejudice for failure to state a claim.

## POINT II

**PLAINTIFFS DO NOT SUFFICIENTLY ALLEGE THE CALIFORNIA CAUSES OF ACTION AGAINST WRIGHT**
(Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth[3], Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-third, and Twenty-fourth Causes of Action)

Rule 8 is violated when plaintiffs engage in group pleading and fail to provide each defendant fair notice of the claims asserted against them. The causes of action alleging violations of California laws must be dismissed against Mr. Wright as they impermissibly lump all defendants together without providing a factual basis upon which to distinguish their conduct or even role. *See Farmer*, 2021 WL 4199944, at *20. Accordingly, "[p]leadings that fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." *Adamou v. Cnty. of Spotsylvania*, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016). While Rule 8(a)(2) "does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Mr. Wright's name does not appear once in any of the claims under California law, and does not appear in any other allegation that could potentially support any of the claims under the California law. Each California claim impermissibly alleges violations against "Defendants" without any further specificity. Plaintiffs' TAC does not provide proper notice to Mr. Wright of the claims asserted against him. Plaintiffs' California claims must be dismissed against Mr. Wright.

---

[3] Plaintiffs allege two Fifteenth causes of action in the TAC. For purposes of this motion, the second Fifteenth Cause of Action will be referred to as the Twenty-fourth Cause of Action.

As a final note, even if Plaintiffs' TAC properly alleged the California claims, Mr. Wright would still not be liable as an employer. California's courts and the Ninth Circuit apply a test similar to the economic realities analysis in determining liability for an individual defendant as an employer. *See Martinez v. Combs*, 49 Cal.4th 35 (Cal. 2010); *Morales-Garcia v. Better Produce, Inc.*, 70 F.4th 532, 539 (9th Cir. 2023); *Salazar v. McDonald's Corp.* 944 F.3d 1024 (9th Cir. 2019); *Alexander v. FedEx Ground Package Sys, Inc.*, 765 F.3d 981, 988–94 (9th Cir. 2014). The California WARN Act defines "employer" with recognition of operational control and potential power. *See* Cal. Lab. Code § 1400.5; *McCaffrey v. Brobeck, Phleger & Harrison, LLP.*, 2004 WL 345231, at *4 (N.D. Cal. 2004). As such, and for the reasons stated in Point I above, Plaintiffs' California claims against Mr. Wright as "all Defendants" must be dismissed.

**CONCLUSION**

For the foregoing reasons, Mr. Wright respectfully requests that the Court issue an order pursuant to Federal Rule of Civil Procedure 8(a)(2) and 12(b)(6) dismissing Plaintiff's Third Amended Complaint in its entirety against Mr. Wright with prejudice, awarding Wright all costs and fees in relation to this motion, and granting Mr. Wright such other and further relief as this Court deems proper.

Dated: Garden City, New York
September 13, 2024

Stagg Wabnik Law Group LLP

_____
David R. Ehrlich
Claire J. Lippman
*Attorneys for Defendant*
*Christopher Wright*
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4518