UNITED STATES DISTRICT COURT :
EASTERN DISTRICT OF NEW YORK :  Civ. Action 2:22-cv-04004-JMA-LGD

_____

NATHANIEL AGUDELO, Et Al. :  REPLY BRIEF IN SUPPORT OF
    Plaintiffs :
v. :  MOTION FOR
 :
RECOVCO MORTGAGE MGT., LLC :  DISMISSAL WITH PREJUDICE
SPROUT MORTGAGE, LLC :
MICHAEL STRAUSS, SHEA PALLANTE :  Per Rules 8, 9, 12(b)(6)
CHRISTOPHER WRIGHT  AND :
ELLIOT SALZMAN. :  BY ELLIOT SALZMAN, *PRO SE*
    Defendants :

_____

**FILED**
**CLERK**
October 22, 2024 at 4:23 PM
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

## Contents

I.    DISMISSAL IS APPROPRIATE UNDER RULES 8 AND 9. .......................................................... 3

II.   DISMISSAL WITH PREJUDICE IS APPROPRIATE UNDER RULE 12(B)(6)............................. 5

III.   SALZMAN IS NOT AN EMPLOYER. ...................................................................................... 9

IV.   THE STATE LAW CLAIMS SHOULD BE DISMISSED. ........................................................ 13

Cases

*Abuladze v. Apple Commuter Inc.,* 2024 WL 1464761, at *2 (S.D.N.Y. Apr. 4, 2024) ............................... 6

*Aguilar v. New Dairy Del, Inc.,* 2023 WL 5835829, at *2(S.D.N.Y. 9/8/2023)......................................... 12

*Am. Sales Co. v. AstraZeneca AB*, 2011 WL 1465786, at *5 (S.D.N.Y. Apr.  14, 2011)............................ 4

*Bancorp Servs, LLC v. Am. Gen.Life Ins.Co.,* 2016 WL 491696, at *5(S.D.N.Y. 2016) ............................ 4

*Berrios v. Nicholas Zito Racing Stable, Inc.,* 849 F.Supp.2d 372, (E.D.N.Y.2012)..................................... 7

*Bravo v. Eastpoint International, Inc.,* 2001 WL 314622, at *2 (S.D.N.Y. March 30, 2001)...................... 7

*Bravo v. Established Burger One, LLC* , 2013 WL 5549495, at *7(S.D.N.Y. 10/8/2013)........................... 11

*Collison v. Wandrd, LLC and Cope,* 2024 WL 3106326, at *6 (S.D.N.Y. 6/20/2024) .............................. 12

*De Soto Soto v. Julio H. Baez Lolo Grocery Corp.,* 2023 WL 2731682, at *6(E.D.N.Y. 3/31/2023)......... 8

*Ding v. The Mask Pot*, 2022 WL 4647847, at *5(E.D.N.Y. 10/1/2022)......................................................... 8

*F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014).......................................................... 4

*Fallon v. 18 Greenwich Ave, LLC,* 2021 WL 1105066, at *3(S.D.N.Y. 3/23/2021) ................................. 8

*Hernandez v. Habana Room, Inc.,* 2012 WL 423355, at *3 (S.D.N.Y. Feb. 9, 2012)................................. 7

*Herrera v. Comme Des Garcons, Ltd.,* 84 F.4th 110 (2d Cir. 2023) ........................................................... 5

*Holmes*, 2012 WL 627238, at *25 ............................................................................................................... 4

*In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)................................................................... 4

*Kamiel v. Hai St. Kitchen Co.,* 1:19-cv-05336(PAE)(SDA)(S.D.N.Y. 8/11/2022) ................................... 11

*Leal v. Masonry Servs., Inc.*, 2013 WL 550668, at *3(E.D.N.Y. 2/12/2013)................................................8

*Lopez v. Fluxpace Design & Build, LLC,* 22-cv-07605(ALC)(S.D.N.Y. 3/11/2024)..............................11

*Mahoney v. Amekk Corp.*, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) .......................................6

*Miller v. Metro. Life Ins. Co.,* 979 F.3d 118, 121 (2d Cir. 2020) ...............................................................5

*Nationwide Mut.Ins.Co. v. Darden,* 503 U.S. 318(1992)...........................................................................7

*Peng Bai v. Fu Xing Zhou*, 2014 WL 2645119, at *4(E.D.N.Y. 6/13/2014)...............................................11

*Perez Perez v. Escobar Construction, Inc.*, 2024 WL 3594325, at *2 (2d Cir. 2024)................................6

*Shi Ming Chen v. Human Manor Enter, Inc.*, 2018 WL 1166626, at *9(S.D.N.Y. 2/15/2018)...................5

*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) ..................................................3

*Yeh v. Han Dynasty, Inc.,* 2019 WL 633355, at *6(S.D.N.Y. 2/14/2019) ....................................................7

## Rules

F.R.Civ.P. Rule 12(b)(6)..........................................................................................................................4, 9

F.R.Civ.P. Rules 8 and 9...............................................................................................................................3

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SALZMAN'S MOTION TO DISMISS[1]**

Elliot Salzman, *pro se,* replies to Plaintiffs' Memorandum of Law (ECF #258) in Opposition to his Motion to Dismiss (ECF #246). Salzman believes Plaintiffs' counsel may have deliberately miscited cases in order to lead this Court astray, as amply demonstrated below.

## I.      DISMISSAL IS APPROPRIATE UNDER RULES 8 AND 9.

Salzman contends the Third Amended Complaint ("TAC") fails under the *Iqbal* and *Twombly* tests per F.R.Civ.P. Rules 8 and 9. The TAC employs shotgun pleading techniques. Shotgun pleadings contribute to unnecessary litigation costs, inexorably broaden the scope of discovery, and deplete limited judicial resources. There are four rough categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of the preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate each cause of action or claim for relief; and (4) a complaint asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). Plaintiffs hit almost every shotgun barrel in the TAC. The 'factual' allegations are conclusory and largely immaterial or intentionally inflammatory. All 24 Causes of Action refer to 'defendants' without detailing which defendant performed what allegedly wrongful act and to whom. But Plaintiffs assert the Court should overlook these shortcomings.

---

[1] See Salzman's Motion to Dismiss and Memorandum of Law (ECF #246), all of which are incorporated here by reference as if fully set forth. Salzman also relies on the legal arguments in Wright's and Pallante's Motions (ECF #252 and #255). Salzman contests any allegations of factual liability set forth in Plaintiff's Third Amended Complaint, Memorandum (ECF #258) or in the Wright/Pallante Memo's as the same may imply employer or similar status as to Salzman.

Instead, Plaintiffs' counsel points this Court to case law it contends supports its position. When put to close scrutiny, it turns out this is definitely not correct. Counsel seems to have relied on the headnotes rather than reading the actual cases in their entirety, as demonstrated below.

Plaintiffs, on page 3 of their Memo (ECF #258), cite *Bancorp Servs, LLC v. Am. Gen.Life Ins.Co.,* 2016 WL 491696, at *5(S.D.N.Y. 2016), claiming the court denied dismissal under Rules 8 and 9. While true, Plaintiffs' counsel neglected to inform this Court <u>dismissal was granted</u> under F.R.Civ.P. Rule 12(b)(6). The court explained since there was only a single individual defendant, it could deduce 'which defendant did what'-- distinguishing it from this case:

> Moreover, because AGL is the only defendant, there is no confusion as to which defendant allegedly committed which wrongful act, which is the usual concern under Rule 8(a). See, e.g., … *F.T.C. v. Tax Club, Inc*., 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014) ("As a general matter, pleadings are required to specify 'which defendant is alleged to have committed a particular . . . act.'" (citation omitted)); *Holmes*, 2012 WL 627238, at *25 (although plaintiffs group-pled their injuries, it was their failure to differentiate among defendants so as to allege each particular defendant's misconduct that warranted dismissal under Rule 8(a)); *Am. Sales Co. v. AstraZeneca AB*, 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011) ("A complaint should offer 'specification' as to the 'particular activities by any particular defendant'" (quoting *In re Elevator Antitrust Litig*., 502 F.3d 47, 50 (2d Cir. 2007))).

Here, Plaintiffs sued: 2 corporations; its Owner/CEO Strauss; its non-owner President Pallante; its non-owner CFO Wright; and its non-owner Vice-President Salzman. Although Plaintiffs tell the court Salzman apparently supervised two, or three, people—only 1 of whom remains a plaintiff--they fail to actually state <u>anything</u> Salzman did wrong, or delineate any of his alleged actions in any of the 24 Causes of Action. Plaintiffs use the tactic: 'Throw it against the wall and see what sticks'. They had 4 throws, and still don't have a single allegation that Salzman fired anyone or intentionally violated the FLSA or state labor laws!

On page 3 of their Memo, Plaintiffs cite *Herrera v. Comme Des Garcons, Ltd.,* 84 F.4th 110 (2d Cir. 2023) in support of their Rules 8, and 9 arguments. That was a:

> …putative collective action brought by fourteen individuals against two fashion companies and their principals primarily for unpaid overtime compensation. In a nutshell, Plaintiffs' primary complaint is that they were … not paid an overtime premium for hours worked in excess of forty hours a week in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that the failure to pay them overtime also violated the New York Labor Law ("NYLL"). Defendants move to dismiss the Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ….**Defendants' motion to dismiss is GRANTED.**

On page 4 of their Memo, in further support of *Herrera*, they cite *Miller v. Metro. Life Ins. Co.,* 979 F.3d 118, 121 (2d Cir. 2020). But, the Second Circuit affirmed the dismissal of the case on Rule 12 grounds, which counsel neglected to mention. See, also, *Shi Ming Chen v. Human Manor Enter, Inc.*, 2018 WL 1166626, at *9(S.D.N.Y. 2/15/2018), ("Plaintiffs' attempt to simply lump all seventeen Defendants together into one allegation—without any accompanying facts to support the inference that Moving Defendants had the power to control Plaintiff—is insufficient to satisfy the *Twombly/Iqbal* pleading standard.")

Plaintiffs then move on to the crux of the matter F.R.Civ.P. 12. If the law cited in support of their position isn't germane, they should lose and dismissal with prejudice should enter.

## II.     DISMISSAL WITH PREJUDICE IS APPROPRIATE UNDER RULE 12(B)(6).

Salzman argued in-depth in his Motion to Dismiss (ECF #246) he was not an 'employer' as a matter of law and refers the Court to such argument in <u>Section I</u> of his *Memorandum*. For brevity, it will not be repeated.  Plaintiffs offer nothing other than the same conclusory statements to refute such arguments.  The 'Cedric Queen' letter is still not provided to the court, nor do we even know who he is.  Plaintiffs acknowledge the employment records were kept by Sprout's

Human Resources Department and personnel decisions, hiring, firing and pay rates emanated from H.R. after being determined solely by CEO/owner Michael Strauss. To refute Salzman's arguments, Plaintiffs' counsel cites a host of cases. Again, they don't actually support her position.

Counsel starts on page 4 of the Memo with *Mahoney v. Amekk Corp.*, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) adopted 2016 U.S.Dist.LEXIS 154286 (E.D.N.Y. 10/28/2016). The court entered a default judgment against the corporate and one individual non-appearing defendants. Although it awarded damages against the corporation under the FLSA claim, it refused to do so against the individual. The 'collected cases' were in aid of determining 'who is an employee', and not 'who is an employer' as Plaintiffs' counsel wrongly asserts.

Moving on to page 4 of ECF #258, to *Perez Perez v. Escobar Construction, Inc.*, 2024 WL 3594325, at *2 (2d Cir. 2024), the Second Circuit did reverse the dismissal against the individual defendants because they were the undisputed owners of the Corporate Defendants: "Palacios and Alvarez are relatives of Escobar and the owners of Corporate Defendants JRS Services and Nations Construction, respectively" *Id.* (slip op. pg. 7). Not the case here; no TAC allegation of ownership.

Immediately after, Plaintiffs cite an earlier decision in *Abuladze v. Apple Commuter Inc.,* 2024 WL 1464761, at *2 (S.D.N.Y. Apr. 4, 2024). In the most recent, the District Court held:

> Plaintiffs brought this action against multiple companies and individuals, including Defendant S&G Hotel Corp. …as well as against Defendants Apple Commuter Inc. ("Apple"), a staffing agency that sent Plaintiffs to work as concierges at hotels owned and operated by the Hotel Defendants and Biren J. Shah ("Shah"), Apple's owner (collectively, "Defendants"). …Plaintiffs alleged claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for, among other things, failure to be compensated properly …. **Defendants' motion to dismiss Plaintiffs' second amended complaint ("SAC") [is] granted …**

Counsel states at the top of page 5 "noting that 'the definition of employer under the FLSA is one of striking breath'" citing *Nationwide Mut.Ins.Co. v. Darden,* 503 U.S. 318(1992). In Justice Souter's opinion, we find the issue was not: who is an employer? Rather, it was: who is an employee? And, it was the verb 'employ' which was of 'striking breath' not the noun 'employer'.[2] The Court remanded to determine if Darden was an employee. *Darden,* 503 U.S. at 328.

Next up on page 5 is *Hernandez v. Habana Room, Inc.,* 2012 WL 423355, at *3 (S.D.N.Y. Feb. 9, 2012), where the court permitted plaintiffs to file an Amended Complaint citing the liberal policy of Rule 15, yet cautioned, " it is true that merely having an ownership interest in the employer entity is insufficient to establish individual FLSA liability, *Bravo v. Eastpoint International, Inc.,* 2001 WL 314622, at *2 (S.D.N.Y. March 30, 2001)…") In *Bravo,* the court also dismissed all claims finding that conclusory allegations an individual is a 'principle and chairperson' is insufficient to overcome the economic reality test. (See, also, *Yeh v. Han Dynasty, Inc.,* 2019 WL 633355, at *6(S.D.N.Y. 2/14/2019) (dismissal granted to individuals).

And then on page 5: *Berrios v. Nicholas Zito Racing Stable, Inc*., 849 F.Supp.2d 372, (E.D.N.Y.2012)(denying summary judgment to defendant)("It is undisputed that Zito was not only the president of Zito Racing but was also the sole shareholder. Looking at the totality of the circumstances … it is the Court's view that a reasonable jury could find that Zito was an "employer" under the FLSA.") In the instant case, the TAC alleges Strauss was CEO and sole owner. Salzman wasn't even President. This is not a disputed fact needing a jury to decide.

---

[2] "While the FLSA, like ERISA, defines an "employee" to include "any individual employed by an employer," it defines the verb "employ" expansively to mean "suffer or permit to work." 52 Stat. 1060, § 3, codified at 29 U. S. C. §§ 203(e), (g). This latter definition, whose striking breadth we have previously noted, …, stretches the meaning of "employee" to cover some parties who might not qualify as such." *Darden, supra,* 503 U.S. at 326. This was either a major oversight by counsel, or possibly a deliberate attempt by them to mislead the Court.

Plaintiffs cite *Leal v. Masonry Servs., Inc.*, 2013 WL 550668, at *3(E.D.N.Y. 2/12/2013). The court in *Leal* did permit the Complaint to survive when the corporation was of 'modest size and scope' and defendants were 'owners and directors' of the small masonry company. That decision is against the great weight of more recent authority from the Eastern District. See, e.g., *Ayala v. Looks Great Servs., Inc. and Agoglia*, 2016 WL 3541548, at *7 (E.D.N.Y. 6/23/2016) (granting motion to dismiss and distinguishing *Leal*)[3]; *Lambert v. CCC Builders Group, Inc.,* 22-cv-05605(HG)(E.D.N.Y. 12/29/2023)(dismissing against individual Bektic-Marrero)[4]; *De Soto Soto v. Julio H. Baez Lolo Grocery Corp.*, 2023 WL 2731682, at *6(E.D.N.Y. 3/31/2023)(court *sua sponte* dismissed complaint against individual who had a 'managerial title'); *Ding v. The Mask Pot*, 2022 WL 4647847, at *5(E.D.N.Y. 10/1/2022)(dismissing FLSA and NYLL claims against individual who did not have 'the ability to affect their pay').

On page 10, Plaintiffs cite *Fallon v. 18 Greenwich Ave, LLC,* 2021 WL 1105066, at *3(S.D.N.Y. 3/23/2021). Once again, the individual defendants were dismissed per Rule 12. "The motion is GRANTED with respect to Plaintiff Edgar Rolando Gutierrez Lopez's FLSA claims, and such claims are dismissed WITH PREJUDICE." *Id.,* slip op. at pg. 18.

---

[3] "…the court agrees with the line of cases which hold that the allegation that Agoglia satisfies the elements of the economic reality test is, without more, conclusory and thus, fails to establish that Agoglia is an "employer" within the meaning of the FLSA or the NYLL. In addition, even if true, the mere fact that Agoglia had a managerial title at Looks Great is insufficient, without more information about his role at Looks Great, to plausibly subject him to liability under the FLSA and the NYLL for the allegedly illegal payroll practices at issue in this case." *Id.* slip op. at 14-15.

[4] "…the complaint does not support a finding that Bektic-Marrero was Plaintiff's employer and should be held liable under the FLSA and the NYLL. Plaintiff alleges that Bektic-Marrero was a Project Manager at CCC, that he directly reported to Bektic-Marrero, that Bektic-Marrero had the authority to change the quality and terms of his employment, and that Bektic-Marrero told him he would be paid $1,000 per week by check. ECF No. 1 ¶¶ 18-20, 27, 36. Plaintiff does not, however, allege that Bektic-Marrero was an owner or executive at CCC, that Bektic-Marrero herself determined the rate at which Plaintiff was paid and the manner in which he was paid, or that Bektic-Marrero herself was involved in actually hiring or firing him." *Id.*, slip op. pgs. 6-7

In sum, virtually ALL of the cases cited by attorney Rabinowitz were inapposite, miscited, or support Salzman.  His motion to dismiss under F.R.Civ.P. 12(b)(6) should be granted.

III.    SALZMAN IS NOT AN EMPLOYER.

Plaintiffs, on pages 12-14, merely repeat the allegations in the TAC, but these are obviously insufficient to impose Millions of Dollars of liability upon a mid-level, non-owner executive, when nobody else on Salzman's level is included as a defendant.  Plaintiff Cooper is also a Vice-President. Why wasn't she made a defendant?  Undoubtedly, she possessed many, if not all, of the same *powers* as Salzman is alleged to have.  But, Salzman's *powers* were illusory, as demonstrated by the TAC, which really, and rightly, lays all blame on Sprout's owner Strauss, who has ignored this action leaving his impotent subordinates to take the heat.

Salzman convincingly argued why he is not an 'employer' and why Plaintiffs' allegations are insufficient.  Plaintiffs claim on page 13, Salzman ignored "allegations he approved Amanda Cooper's pay raises".  Yet, that is NOT what the TAC alleges.  It merely states he signed a letter congratulating her on her promotion.  It does NOT allege he promoted her or that he determined her new, if any, rate of pay.  But the letter is not annexed to the TAC and is hearsay.

In Footnote 7, Plaintiffs' counsel repeats her attempt to get this court to leap from 'a business I own' to conclude Salzman meant he owned Sprout.  'Quoting' a Facebook post is so flawed it is almost laughable: a) it's at least double hearsay; b) it isn't in context and counsel deliberately omits the original poster's comment which elicited Salzman's response—and which may have referred to the O.P.'s business, not any Salzman 'owned'; c) there is no reason to believe anyone posting either an original post or a response thereto is telling the truth on Facebook, ever.

Footnote 8 attempts to deflect the court from former plaintiff Holly Keith's disavowal of Plaintiffs' allegation concerning Salzman's role in the company. Counsel asserts it is not relevant at this stage. Sure it is. Counsel signed the TAC under Rule 11, AFTER Keith had ceased being a plaintiff and informed attorneys Rabinowitz and Menken that such allegation in the SAC was false. Salzman pointed this out in his Opposition to Plaintiffs' Motion to Amend. Yet, despite this knowledge from both Keith and Salzman, counsel willfully repeated the allegation in the TAC. Keith's motivation for repudiating the allegation is irrelevant. It should have been sufficient that she did timely repudiate it and it was wrong of counsel to repeat such statements in the TAC.

Plaintiffs concede Human Resources kept employment records for the employees and further concede H.R. determined hiring, firing, promotions, and pay raises under the direction of Strauss. On page 14, counsel states "Applying his logic, this would mean that the mid-level HR representatives who process hires, raises, and promotions should commonly be named as individual defendants in FLSA cases." EXACTLY. Isn't that absurd? Salzman's point was Congress never intended the FLSA to be abused in this fashion. Congress wanted individuals who were the real owners of the 'sham' corporations/LLCs to not be able to escape liability by hiding behind those corporate fronts. That is not the case here. Neither Salzman, Pallante, nor Wright had any hidden ownership interest in the LLCs Sprout or Recovco and none is alleged in the TAC, despite the attempt made in Footnote 7 to imply they do. **None benefitted from the shutdown.**

Plaintiffs wish the court to extrapolate and impose ownership/employer status on Salzman over a company spanning two coasts with numerous departments, a host of Vice-Presidents of various tiers, and tons of employees who worked from their homes, onto Salzman, who was in charge of the small Credit Department in New York. Case law simply does not support that extrapolation.

See, *Bravo v. Established Burger One, LLC* , 2013 WL 5549495, at *7(S.D.N.Y. 10/8/2013)(motion to dismiss granted, insufficient facts to show individuals controlled entire company, only a basic recitation of the elements without sufficient facts to plausibly believe an employee oversaw entire company):

> a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ...Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.*; *Iqbal*, 556 U.S. at 680....Plaintiffs allege that, prior to July 2012, each of the Good Burger Individual Defendants exercised control over the terms and conditions of Plaintiffs' employment by exercising power to fire and hire, determining rate and method of pay, determining employee work schedules, maintaining employee records, and otherwise affecting the quality of employment...Because these conclusory allegations alone are insufficient to satisfy the "economic reality test," the claims against the Established Burger Individual Defendants and Defendants Mohammad and Tsoulous are dismissed.

Similarly, *Peng Bai v. Fu Xing Zhou*, 2014 WL 2645119, at *4(E.D.N.Y. 6/13/2014), (Motion to Dismiss Individuals Granted)("[Plaintiff's] allegations that [defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records are ... inadequate to establish that [defendant] was an employer, as several courts in this circuit have held."). Also, *Lopez v. Fluxpace Design & Build, LLC,* 22-cv-07605(ALC)(S.D.N.Y. 3/11/2024)(dismissal of owner/operator Victor Sierra granted under 12(b)(6) even though "The Complaint alleges ... the Individual Defendant, Mr. Sierra was the "owner, officer, and/or agent of the Corporate Defendants," and that Mr. Sierra retained the power inter alia to making hiring decisions, determine work schedules and determine pay rates.").[5]

---

[5] And, *Kamiel v. Hai St. Kitchen Co.*, 1:19-cv-05336(PAE)(SDA)(S.D.N.Y. 8/11/2022)(same): "Defendant Kawauchi is alleged to be the President for the corporate Defendants, to have control to hire and fire Plaintiff, supervised Plaintiff, was responsible for processing certain human resources documents, that he threatened Plaintiff relating to her schedule, and further threatening that if she did not immediately perform work for which she was not being paid that he would

Virtually on point with allegations the individual did control job duties, and set responsibilities is *Aguilar v. New Dairy Del, Inc*., 2023 WL 5835829, at *2(S.D.N.Y. 9/8/2023). The court granted Rule 12(b)(6) dismissal: (Motion to Dismiss Individuals Granted)("MYEONG GU KIM would instruct the employees of Corporate Defendants including Plaintiffs how to perform their jobs; directing Plaintiffs where, when and how to perform their job duties responsibilities and functions each day. SAC ¶¶ 35-36, 38-41, 43. Such threadbare recitals of the elements to establish employer liability do not suffice to state a plausible claim for relief.")

And, just recently, *Collison v. Wandrd, LLC and Cope*, 2024 WL 3106326, at *6 (S.D.N.Y. 6/20/2024) (Motion to Dismiss Individual Defendant Cope granted):

> Plaintiff's sole allegations of Cope's role are in paragraphs 6 and 22 of the complaint. See Dkt. No. 1 ¶¶ 6, 22. In paragraph 6, Plaintiff alleges: "Upon information and belief, individual Defendant Austin Cope serves or served as owner, manager, principal, president and/or Agent of WANDRD. Defendant Cope has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff." Id. ¶ 6. In paragraph 22, Plaintiff alleges: "Plaintiff's primary manager and supervisor was Defendant Cope." Id. ¶ 22.

Plaintiffs want this court to be sympathetic to the plight of the Sprout employees who were terminated without notice and without pay even though such sympathy isn't enough to justify letting this move forward against persons who weren't the cause of the situation, and suffered in similar fashion. Plaintiffs' counsel admitted in their Declaration to this court that Salzman has no significant assets to pay any judgment or with which to defend himself.  It needs to end here.

---

terminate her employment." Am. Compl. ¶¶ 9, 10, 45, 49, 51).) The Court finds that these allegations are insufficient to plausibly plead that Kawauchi was her employer for purposes of the FLSA and NYLL. For example, Plaintiff fails to allege that Kawauchi supervised and controlled Plaintiff's work schedule or conditions of employment or that he determined the rate and method of payment. …  Plaintiff's FLSA and NYLL claims against Kawauchi be dismissed." *Id.*

## IV.     THE STATE LAW CLAIMS SHOULD BE DISMISSED.

Salzman never set foot in California and there is not a single factual allegation in the TAC, or in the original California complaint (no longer operative) tying him to the employees in California.  The California court lacked both personal and subject matter jurisdiction over Salzman and both objections are asserted here. There is no nexus tying him to California based Sprout employees.  Certainly, he cannot have violated any California Labor Laws.

And the State laws are pre-empted by the FLSA.  The Supreme Court case cited by Plaintiffs is inapposite as Justice Gorsuch succinctly explains in the actual section excised by Plaintiffs in *Virginia Uranium, Inc. v. Warren,* 587 U.S.761(2019).   Unlike the regulation promulgated by the AEA, Congress was very clear the FLSA was a federal right to be enforced under federal, not state laws. When the state laws merely address the same alleged wrong, they are pre-empted.   Plaintiffs might, conceivably argue, New York law should apply even though it is the same remedy for the same exact alleged wrong. But California?   Again, Salzman has never been in California and nothing in the TAC ties him to it.

For the foregoing reasons, and those set forth in his Motion to Dismiss, Salzman requests the Court disregard the very weak arguments propounded by Plaintiffs, which are clearly not supported by the cases upon which they relied, and dismiss this matter with prejudice now, sparing him the burden and expense of discovery, pleadings and trial.

RESPECTFULLY SUBMITTED

MOVANT

*Elliot Salzman*

Date:   October 22, 2024

ELLIOT SALZMAN, pro se
12156 Cedar Trace Drive, N
Jacksonville, FL 32246
Phone:  201-394-3500
email:  Elliot.salzman @gmail.com

## AFFIRMATION OF SERVICE

I hereby certify under Rule 11, I have served a copy of the Notice of Motion, and Memorandum of Law on this date when document is filed by the Clerk on plaintiffs in care of their attorneys or pro se person to the last known address:

Brenna Rabinowitz, Menken, Simpson & Rozger LLP, 80 Pine St., 33rd Fl., NY, NY 10005

Christopher Wright, by Stagg, Wabnik Law Group, 401 Franklin Ave., Garden City, NY 11530

Shea Pallante, byAdam Kleinberg, 77 Conklin St., Farmingdale, NY 11735

Michael Strauss c/o Revcoco Mortgage Mgt, LLC,

367 Great Plains Rd., Southampton, NY 11968

Sprout Mortgage, LLC, 367 Great Plains Rd., Southampton, NY 11968

Recovco Mortgage Mgt, LLC, 367 Great Plains Rd., Southampton, NY 11968

Through regular mail electronic means, using the Electronic Filing of the U.S. District Court, to which all named attorneys have access as attorneys of the Eastern District of New York per F.F.Civ.P. 5(b(2)(E) and by regular mail to the above address. This document mailed to Clerk of Court, Eastern District of New York on above date at Pro Se Clerk, 225 Cadman Plaza East, Brooklyn, NY 11201, attn. Pro Se Office.

*Elliot Salzman*

Date: October 22, 2024                    ELLIOT SALZMAN, PRO SE