MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

**VIA ECF**                                                                      April 25, 2025

Hon. Lee G. Dunst
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Agudelo et. al. v. Recovco Mortgage Management LLC et. al.*
       Case No. 22-cv-4004

Dear Magistrate Judge Dunst:

        This law firm represents Plaintiffs in the above-captioned matter. We write in response to
Defendant Salzman's submission of April 17, 2025, ECF No. 266. Defendant Salzman's
arguments are meritless and add nothing to the repetitive, unpersuasive contentions in his previous
submissions in support of his Motion to Dismiss. *See generally* ECF Nos. 246 and 259.[1]

*Preemption*

        Defendant Salzman continues to cite nonbinding and unpersuasive decisions from Courts
in the Eleventh Circuit. Salzman, rehashing his unsuccessful attempts to argue that Plaintiffs' state
law claims are preempted by the FLSA, cites to *Toloza v. Ruiz*, 2024 WL 3649869, at *6 (S.D.Fla.
Aug. 5, 2024). However, the *Toloza* Court amended that opinion just four days after it was issued
in response to the plaintiffs' motion for reconsideration, which pointed out that Florida's state
minimum wage law provides for a higher minimum wage rate and longer statute of limitations
than the FLSA. *See Toloza v. Ruiz*, 24-cv-22033, ECF No. 53 at ¶ 2 and ECF No. 56, pp. 12-14.
And *Johnson v. WellPoint, Inc.*, 2009 WL 8753325, at *22 (N.D.Ga. 2009), cited in *Toloza* and
by Salzman for the proposition that the FLSA preempts state law claims "[w]here a state law claim
depends on the finding of a violation of the FLSA and requires the same proof as is required to
prove a violation of the FLSA, and the state law claim is only invoked to expand a plaintiff's
remedies," dealt with state common law claims, not the state statutory claims at issue here. In any
event, Courts in the Second Circuit have made abundantly clear that "The federal minimum [] does
not preempt the state minimum wage, [] and a plaintiff may recover under whatever statute
provides the highest measure of damages." *Feng v. Kelai Corp.*, 727 F.Supp.3d 423, 445 (S.D.N.Y.

---

[1] To any extent this submission does not explicitly address an argument made by Salzman in ECF No. 266, Plaintiffs
incorporate and rely upon their Memorandum of Law in Opposition to dismissal ("MOL in Opp."), ECF No. 258.

2024) (cleaned up and citations omitted); *see also Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 464 (E.D.N.Y. 2011) ("[T]he Second Circuit has found that the FLSA does not preempt state regulation of overtime wages, such as the Labor Law, that provide an additional, and even sometimes duplicative, source of substantive rights."). Having had three bites at the apple, Defendant Salzman remains unable to cite *any* precedent holding that the state law claims at issue in this case are preempted by the FLSA.

*Pleadings*

Salzman's submission similarly fails to revive his meritless arguments that Plaintiffs' pleadings are insufficient. He continues to complain that Plaintiffs' Third Amended Complaint ("TAC"), ECF No. 243, does not allege that he personally directed that employees be fired and/or not be paid. But, as Plaintiffs pointed out in their opposition to dismissal, he misapprehends the legal standard at issue: if the wages are unpaid, an employer is liable for paying them. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) ("Nothing in [the FLSA] requires an individual to have been personally complicit in FLSA violations."); *Fallon v. 18 Greenwich Avenue, LLC*, 2021 WL 1105066, at \*3 (S.D.N.Y. 2021) ("[O]nce a plaintiff shows that the defendants qualify as employers, the plaintiff need only establish the existence of FLSA or NYLL violations to subject all employer defendants to liability.").

As set out in Plaintiffs' MOL in Opp., pp. 4-17, each moving Defendant is an employer under the FLSA and New York and California state law, and to the extent Plaintiffs have included "group pleading" allegations, such allegations are permissible here because they sufficiently notify each Defendant of his alleged actions. *Yuyo's Towing, Inc. v. Best Towing, Inc.*, 2024 WL 5111693, at \*1 (M.D.Fla. 2024), cited by Salzman, does not alter this conclusion: that case involved fraud claims, which are the paradigmatic example of when individual allegations must be pleaded with exacting specificity. In contrast, the Second Circuit has expressed doubt as to whether the group pleading rule even applies to FLSA cases, explaining that "[u]nder [the group pleading] doctrine, historically confined to fraud cases, a complaint alleging fraud committed by multiple defendants should inform each defendant of the nature of his alleged participation in the fraud. [] Even assuming that the group pleading doctrine applies to FLSA claims, we are unpersuaded that it poses a problem here." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 117 (2d Cir. 2023).

Finally, Defendant Salzman's argument that he is not an employer under the relevant statutes because he is not named in Sprout's bankruptcy proceedings fails to hold water. First, just because he is not named in the bankruptcy proceedings does not mean he had no ownership interest in Defendants Sprout and/or Recovco. Second, the absence of an ownership interest does not preclude a finding that Salzman is an employer liable for failure to pay wages under the statutes at issue here. *See Jin Dong Wang v. LW Restaurant, Inc.*, 81 F.Supp.3d 241, 254–55 (E.D.N.Y. 2015) (denying summary judgment on plaintiffs' FLSA and NYLL claims against a cashier with no ownership in the defendant restaurant who was alleged to exercise control over hiring, firing, and scheduling). Plaintiffs allege Salzman held, and exercised, the authority to approve promotions, pay raises, and hires, as well as to supervise and train Sprout employees. See TAC at ¶¶ 50-60, 77, 79; MOL in Opp., pp. 12-14. These are classic hallmarks of employer status that are not invalidated by a lack of ownership interest in the company. The Court should deny all Defendants' Motions to Dismiss.

Sincerely,
*/s/ Bruce Menken*
Bruce Menken
Brenna Rabinowitz
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, New York 10005
(212) 509-1616
bmenken@nyemployeelaw.com
brabinowitz@nyemployeelaw.com