```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATHANIEL AGUDELO, HELEN OWENS,
AMANDA COOPER, LORI STEWARD,
MIKE SHIRDEL, JARED SAWYER, SCOTT HARVEY,
and KAREN KELLEY, on behalf of themselves and others
similarly situated,

                                Plaintiffs,

        -against-

RECOVO MORTGAGE MANAGEMENT LLC,
SPROUT MORTGAGE LLC,
MICHAEL STRAUSS, CHRISTOPHER WRIGHT,
SHEA PALLANTE, and ELLIOT SALZMAN,

                                Defendants.
------------------------------------------------------------------------X
```

FILED
CLERK

7/30/2025 12:58 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
22-cv-4004 (JMA) (LGD)

**AZRACK, United States District Judge:**

Plaintiffs are former employees of Defendants Recovco Mortgage Management LLC ("Recovco") and Sprout Mortgage LLC ("Sprout") (together, "Recovco and Sprout"), which abruptly ceased operations in 2022. Pursuant to the Third Amended Complaint ("TAC"), which was filed on June 12, 2024, Plaintiffs bring a wide variety of claims against Defendants, including causes of action under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), California Labor Code ("CALC"), Worker Adjustment and Retraining Notification Act ("Federal WARN Act"), New York State Worker Adjustment and Retraining Notification Act ("NY WARN Act"), California State Worker Adjustment and Retraining Notification Act ("CA WARN Act"), Employee Retirement Income Security Act ("ERISA"), Fair Credit Reporting Act ("FCRA"), and California's Investigative Consumer Reporting Agencies Act. (TAC, ECF No. 243.)

Presently before the Court are Defendants Christopher Wright, Shea Pallante, and Elliot Salzman's (the "Moving Defendants") motions to dismiss the claims against them. (See ECF No. 246; ECF No. 255; ECF No. 256.) Also before the Court is Magistrate Judge Lee G. Dunst's June 13, 2025, Report and Recommendation ("R&R"), which recommends that these motions be granted, and that the Court dismiss the claims against the Moving Defendants with prejudice. (See R&R at 35.) On July 8, 2025, Plaintiff filed objections to the R&R. (ECF No. 271.) Defendants Salzman and Wright separately responded to these objections.[1] (See ECF No. 272; ECF No. 273.) For the following reasons, the Court ADOPTS the R&R in its entirety and dismisses the claims against the Moving Defendants with prejudice.

## I. LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see Fed. R. Civ. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Additionally, "[w]here parties receive clear notice of

---

[1] Pallante did not respond.

2

the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted).

## II.     DISCUSSION

The Court presumes familiarity with the background of this case, which is set forth in detail in Judge Dunst's R&R. (See id. at 2-10.) Plaintiffs object to the R&R on three principal grounds: (1) Plaintiffs object to the R&R's conclusion that their claims fail under Rule 8(a); (2) Plaintiffs object to the R&R's purported recommendation that all federal claims should be dismissed against all Defendants; and (3) Plaintiffs argue that if the Court dismisses any causes of action, they should be dismissed without prejudice as opposed to with prejudice. Although Plaintiffs largely recapitulate the same arguments originally made to Judge Dunst, in an abundance of caution, the Court reviews the record de novo. But see Jeremy B. v. Comm'r of Soc. Sec., No. 621CV0903, 2023 WL 2386282, at *3 (N.D.N.Y. Mar. 7, 2023) ("Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Dunst's well-reasoned and thorough recommendations and rejects Plaintiff's objections for the reasons described below.

First, with respect to Plaintiffs argument against the R&R's conclusion, the Court finds that the R&R properly concluded that Plaintiffs claims fail under Rule 8(a)(2). The TAC is replete with impermissible group pleading and does not provide sufficient notice to the Moving Defendants. (See R&R 22-32.) As Plaintiffs admit in their objections, the "TAC may not be a 'model of clarity' in every instance." (ECF No. 271 a 12.) That is an understatement. The TAC is wholly inadequate and insufficient to put the Moving Defendants on notice of which claims are

asserted against them. As the R&R rightly concludes, "the TAC is 'a trackless forest of allegations reflecting an effort to throw everything against the wall and see what sticks.'" (R&R at 32) (quoting 31FO, LLC v. Inc. Vill. of Lloyd Harbor, No. 22-CV-3303, 2023 WL 6385187, at *10 (E.D.N.Y. Sept. 29, 2023)). Thus, the Court rejects Plaintiffs' objection to the conclusion of the R&R.

Second, Plaintiffs contend that the R&R improperly recommends dismissal of "all federal claims with prejudice" and takes issue with the R&R's further recommendation that the Court "decline to exercise supplemental jurisdiction over all remaining state-law claims" which would "kick the case to state court." (ECF No. 271 at 10, n.2 (quoting R&R at 33-34.)) To the extent that Plaintiffs argue that R&R recommends dismissal of federal claims against all Defendants, including the non-moving Defendants, they are mistaken. As the R&R clearly concludes, "the undersigned respectfully recommends that the Court grant <u>Moving Defendants' Motions to Dismiss and dismiss each of the federal claims asserted against them with prejudice</u>. The undersigned further recommends that the Court decline to exercise supplemental jurisdiction over all remaining state-law claims under 28 U.S.C. § 1367(c)(3)." (R&R at 35) (emphasis added). The Court therefore understands the clear language of the R&R to recommend dismissing all federal claims and refusing to exercise supplemental jurisdiction over state law claims <u>only as to the Moving Defendants</u>. The Court thus overrules Plaintiffs' objection on this ground.

Third and finally, Plaintiffs request that if the undersigned dismisses any causes of action, they should be dismissed without prejudice. (<u>See</u> ECF No. 271 at 13-16.) The crux of Plaintiffs' argument here is that, although the TAC represents the fourth attempt at crafting Plaintiffs' causes of action, "[b]ecause Plaintiffs' previous complaints have never been held deficient[,] Plaintiffs have never failed to correct previously identified defects." (<u>Id.</u> at 13.) This argument, however,

ignores the fact that Defendants have filed several pre-motion letters putting Plaintiffs on notice of defects in their complaints. (See, e.g., ECF No. 112; ECF No. 228.) For instance, in response to Defendant Wright's February 2, 2024 pre-motion letter seeking to dismiss the Second Amended Complaint, Plaintiffs stated that "they intend to seek permission to file a motion to amend the operative complaint . . ." which eventually lead to the TAC. (See ECF No. 230 at 1.) Thus, the argument that Plaintiffs were not on notice of alleged deficiencies in their complaint is unavailing. As the R&R aptly puts it, the TAC represents "Plaintiffs' fourth bite at the apple . . ." (R&R at 23) (emphasis in original). The Court sees no reason to provide Plaintiffs a fifth serving. Plaintiffs' third objection is therefore overruled.

### III. CONCLUSION

For the reasons provided above, the Court dismisses the federal claims in the TAC as to the Moving Defendants with prejudice. The Court declines to exercise supplemental jurisdiction as to the state law claims with respect to the Moving Defendants. Accordingly, the Clerk of the Court is respectfully directed to close ECF No. 255, ECF No. 256, and ECF No. 269, and dismiss Defendants Christoper Wright, Shea Pallante, and Elliot Salzman from this action.

**SO ORDERED.**
Dated:   July 30, 2025
        Central Islip, New York

                                                /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE