BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER*
RAYA F. SAKSOUK
BRENNA RABINOWITZᴬ
SAMUEL J. SALINGER



Menken
Simpson &
Rozger LLP

ALAN SERPINS
OF COUNSEL

*ALSO ADMITTED
IN NEW JERSEY

ᴬALSO ADMITTED
IN PENNSYLVANIA

80 PINE ST / 33ᴿᴰ FLOOR / NEW YORK, NY / 10005
(212) 509-1616
WWW.NYEMPLOYEELAW.COM

<u>**Via ECF**</u>                                                                                         April 3, 2026

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: <em>Agudelo v. Recovco Mortgage Management LLC et al.,</em> No. 22 Civ. 4004

Dear Judge Azrack:

Plaintiffs write to request a virtual or telephonic pre-motion conference regarding their contemplated motion for voluntary dismissal of the above-captioned action.[1] After almost four years of litigation, a thwarted settlement agreement, and research and bankruptcy filings showing that no active Defendant likely has assets of any value that Plaintiffs would be able to reach even if they were able to secure a default judgment, Plaintiffs have determined it is in the best interests of each of them, as well as judicial efficiency, to dismiss this case. Therefore, Plaintiffs seek permission to move for voluntary dismissal under FRCP 41(a)(2).

Given that over 150 individuals have filed consents to join this action under the Fair Labor Standards Act, Plaintiffs propose to establish a notice period during which opt-in Plaintiffs will be notified of Plaintiffs' intent to dismiss this action and given time to secure counsel to pursue their own claims if they wish.

**History and Current Status of the Case**

This case stems from the abrupt shutdown of corporate Defendants Recovco Mortgage Management LLC ("Recovco") and Sprout Mortgage LLC ("Sprout") on July 6, 2022. Plaintiffs are former employees of either or both companies who did not receive the last two paychecks they were owed for work completed prior to the shutdown.

The original Complaint in this matter was filed on July 8, 2022. *See* ECF No. 1. Plaintiffs filed an Amended Complaint as of right on August 3, 2022, and a Second Amended Complaint with the consent of Defendants on October 24, 2022. Defendants' purportedly limited assets were an issue from the start, and the parties therefore engaged in settlement discussions and limited discovery into the assets of Defendants Strauss, Recovco, and Sprout from September 2022 through June 2023. *See* ECF Nos. 47, 95, 114, 131, 139, and 146. In March 2023, following private

---

[1] In the alternative, given Defendants' years-long failure to appoint counsel or respond to any court orders or communication from Plaintiffs, Plaintiffs respectfully suggest that this may be an appropriate instance to forego a pre-motion conference and proceed directly to the motion as contemplated by your Honor's Individual Rule IV.B.

mediation, the parties reached a settlement in principle. ECF No. 172. Due to New York counsel's efforts, Plaintiffs were able to obtain a settlement of $3.5 million, $1.95 million of which was placed in escrow with a third-party class action administrator. On June 1, 2023, the parties sought preliminary approval of a class-wide settlement. ECF No. 201.

Before the Court could rule on the parties' preliminary approval motion, Defendants filed a Notice of Suggestion of Bankruptcy on July 12, 2023. ECF No. 211. On October 16, 2023, the Court terminated the motion for preliminary approval as moot. *See* J. Azrack Order of Oct. 16, 2023. On December 18, 2023, your Honor ordered that the settlement stay be lifted and the case moved forward, with the exception of continuing the stay as against Defendant Sprout due to the ongoing bankruptcy proceedings. Since then, former defense counsel has withdrawn from the case, *see* M.J. Dunst Order of Jan. 9, 2024.

On June 11, 2024, your Honor granted Plaintiffs' motion to amend the Complaint, and Plaintiffs filed the currently operative Third Amended Complaint on June 12, 2024. See ECF Nos. 243, 244. Plaintiffs' claims against Defendants Wright, Salzman, and Pallante were dismissed on July 30, 2025. *See* ECF No. 274. Therefore, the only remaining active Defendants in this matter are Michael Strauss and Recovco.

Following the withdrawal of their previous counsel on January 9, 2024, Defendants Strauss and Recovco have continued to fail to appear through counsel despite multiple orders to do so. *See* orders of Dec. 18, 2023, January 9, 2024, February 12, 2024, and March 19, 2024 (setting deadline of April 5, 2024, for Defendants Strauss and Recovco to appear by counsel). Notably, former counsel's letter motion to withdraw disclosed one reason for their withdrawal was that their firm had "received no payment for our services since well before the bankruptcy proceeding was initiated in July 2023. We have no basis to expect payment of the considerable outstanding balance, let alone any amounts incurred going forward." *See* ECF No. 222, p. 2.

Neither Strauss nor Recovco has responded to any of Plaintiffs' attempts to communicate with them, and neither defendant has filed an answer or otherwise responded in any way to the currently operative Third Amended Complaint, ECF No. 243. No scheduling order has ever been entered setting deadlines for amendment of pleadings, discovery, or other motion practice. *See* M.J. Dunst Order of Feb. 13, 2024 (noting your Honor's Feb. 12, 2024, Order staying discovery).

**There are Likely no Assets Available to Satisfy Plaintiffs' Claims**

Plaintiffs have conducted extensive research over the past several years into what assets may be available to satisfy their claims and have finally concluded that there are no assets they can reach to do so. Plaintiffs have interviewed numerous former employees of Sprout and Recovco, conducted repeated and extensive online searches, and even hired a forensic accountant, all to identify assets that could possibly be reached to satisfy their claims. However, each potential asset identified has ultimately turned out to be subject to liens and/or judgments that exceed their value. For example, Defendant Strauss owned an over-7,000 square foot Park Avenue penthouse that was originally listed for sale at approximately $26 million and later reduced to $19 million. However, filings in the related bankruptcy case of *In re Sprout Mortgage LLC*, Chapter 11, Case No. 23-72433-reg, confirmed the penthouse was subject to liens held by creditors in an aggregate amount of roughly $18 million. *See In re Sprout*, ECF No. 379 (attached hereto as Ex. 1). On October 6, 2025, following foreclosure and a public auction, the property was sold for $625,000, leaving no

surplus proceeds to pay any junior creditors or Strauss. *See In re 16EF Apartment, LLC*, Case No. 25-10159 (MEW), ECF No. 26, p. 1 and Ex. A (attached hereto as Ex. 2).

Following the shutdown, Recovco has never been found to have assets of any value. As alleged by Plaintiffs in the operative Third Amended Complaint, Sprout and Recovco operated as a single integrated enterprise, with paychecks coming from Sprout. See ECF No. 243 at ¶¶ 28-29. As noted above, Recovco has failed to pay its counsel "since well before the bankruptcy proceeding was initiated in July 2023." *See* ECF No. 222, p. 2.

Finally, the most recent available operating report filed by the bankruptcy trustee in *In re Sprout* indicates that Sprout's assets are currently valued at $-62,265,384. *See* ECF No. 425, attached hereto as Ex. 3. Needless to say, following completion of the bankruptcy proceedings against Sprout, Plaintiffs have no expectation of recovery beyond whatever they are able to recover through those proceedings.

**Plaintiffs Propose a Notice Period to Allow Plaintiffs to Secure New Counsel if Desired**

This case has eight named Plaintiffs, and over 150 former employees of Sprout and Recovco (the "opt-in Plaintiffs") have filed consents to join this action. Opt-in Plaintiffs are treated as parties to the case with the right to be informed of case developments and to make decisions regarding their own case. *See Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-08333 ALC SN, 2014 WL 4852063, at *3 (S.D.N.Y. Sept. 29, 2014) ("Once the employee opts in, an attorney-client relationship is created with class counsel."); *Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 96 (W.D.N.Y. 2010) ("Defendants do not seek to restrict Plaintiffs' access to those employees who elected to opt in to Plaintiffs' FLSA meal-break claims conditionally certified as those employees have thereby established an attorney-client relationship with Plaintiffs' counsel.").

Plaintiffs' counsel has not been able to identify any judicial opinion that provides guidance directly on point regarding how opt-in plaintiffs should be treated in a case with the procedural posture of this matter, but the language of Rule 41, which governs voluntary dismissals, suggests that courts may wish to provide some form of due process to allow plaintiffs to seek alternate counsel and pursue their claims if they wish. *See* Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request [] on terms that the court considers proper"). In the informative case of *Scott v. Chipotle Mexican Grill, Inc.*, No. 12-cv-08333 (ALC)(SN0, 2015 WL 13745760, at *4 (S.D.N.Y. July 31, 2015), *report and recommendation adopted as modified*, No. 12-CV-8333 (ALC), 2016 WL 397677 (S.D.N.Y. Feb. 1, 2016), the Court granted dismissal with prejudice under Rule 41(b) of the claims of "nonresponsive plaintiffs" who had failed to respond to four separate court orders notifying them of the potential dismissal of their claims if they did not participate in the case. *See* 2015 WL 13745760 at *7. However, the Court granted only dismissal *without* prejudice to eleven "withdrawing plaintiffs" who requested voluntary dismissal of their claims under Rule 41(a)(2). Here, opt-in Plaintiffs should similarly be given notice and an opportunity to determine how they would like to proceed.

**Conclusion**

Therefore, Plaintiffs request a virtual or telephonic pre-motion conference to discuss their contemplated motion for voluntary dismissal. Plaintiffs propose that the Court order a notice period during which counsel will notify each Plaintiff of their intent to move for voluntary

dismissal of this case, and allow individuals 60 days to secure their own counsel if they so desire. After this period has closed, Plaintiffs respectfully request permission to move for voluntary dismissal under Fed. R. Civ. P. 41(a)(2).

Respectfully submitted,
/s/*Jason Rozger*
Jason Rozger
Brenna Rabinowitz
Bruce Menken
Scott Simpson
Menken Simpson & Rozger LLP
80 Pine Street, 33rd Floor
New York, NY 10005
(212) 509-1616
jrozger@nyemployeelaw.com

cc: All counsel (by ECF)